1  TRINETTE G. KENT (State Bar No. 222020)
2  Lemberg Law, LLC
   1333 Stradella Road
3  Los Angeles, CA 90077
4  Telephone: (480) 247-9644
   Facsimile: (480) 717-4781
5  E-mail: tkent@lemberglaw.com
6

7              UNITED STATES DISTRICT COURT
8              CENTRAL DISTRICT OF CALIFORNIA
9

10 Kathleen A. Cadena, Mukeshbhai Patel,      Case No.:
   and Steven Geiger, *on behalf of*
11 *themselves and all others similarly*      **CLASS ACTION COMPLAINT FOR:**
   *situated,*
12                                            **(1) Breach of Express Warranty under
                                              the Magnuson-Moss Warranty Act**
13              Plaintiffs,                    **(2) Breach of Express Warranty
                                              pursuant to Song-Beverly Consumer
14 vs.                                        Warranty Act**
                                              **(3) Violations of California Consumers
15                                            Legal Remedies Act**
   American Honda Motor Co., Inc.,            **(4) Violations of Unfair Competition
16                                            Law**
17              Defendant.
                                              **DEMAND FOR JURY TRIAL**
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs, Kathleen A. Cadena, Mukeshbhai Patel, and Steven Geiger, by undersigned counsel, bring the following complaint against American Honda Motor Co., Inc., and allege, on their own behalf and on behalf of all those similarly situated, as follows:

## INTRODUCTION

1.    Plaintiffs Kathleen A. Cadena ("Cadena"), Mukeshbhai Patel ("Patel"), and Steven Geiger ("Geiger," and together with Cadena and Patel, "Plaintiffs") bring this lawsuit against American Honda Motor Co., Inc. (hereafter "Defendant" or "Honda") on their own behalf and on behalf of a proposed class of past and present owners and lessees of the following 2017 Honda CR-V models: the EX, EX-L and the Touring (the "Class Vehicles").

2.    Plaintiffs and the Class each paid more for the Class Vehicles, compared with the price of base-level 2017 Honda CR-Vs, because the Class Vehicles contain "Honda Sensing®," "an intelligent suite of safety and driver-assistive technologies designed to alert you to things you might miss while driving"[1] (hereafter "Honda Sensing").

3.    Specifically, Honda Sensing includes "Collision Mitigation Braking System™ (CMBS™)," "Road Departure Mitigation System (RDM)," "Adaptive

---

[1] https://automobiles.honda.com/cr-v#specifications (last visited May 10, 2018).

Cruise Control (ACC) with Low-Speed Follow," and "Lane Keeping Assist System (LKAS)."[2]

4.    Honda Sensing is standard equipment on the following Honda CR-V models: the EX, EX-L and the Touring.[3]

5.    These features are designed and promoted to avoid accidents or greatly minimize the effects of a collision:  the Collision Mitigation Braking System "alert[s] the driver of a potential collision and take[s] steps to help mitigate the severity of a frontal collision if the system determines it to be unavoidable"[4]; the Road Departure Mitigation "[a]lerts and helps to assist you when the system detects a possibility of your vehicle unintentionally crossing over detected lane markings and/or leaving the roadway altogether"[5];  Adaptive Cruise Control (ACC) with Low-Speed Follow "[h]elps maintain a constant vehicle speed and a set following interval behind a vehicle detected ahead of yours and, if the detected vehicle comes to a stop, can decelerate and stop your vehicle"[6]; and Lane Keeping Assist System, which

---

[2] *Id.*

[3] *Id.*

[4] http://owners.honda.com/vehicles/information/2018/CR-V/features/Collision-Mitigation-Braking-System (last visited Apr. 11, 2018).

[5] http://owners.honda.com/vehicles/information/2018/CR-V/features/Road-Departure-Mitigation-System (last visited Apr. 11, 2018).

[6] http://owners.honda.com/vehicles/information/2018/CR-V/features/Adaptive-Cruise-Control/2 (last visited Apr. 11, 2018).

CLASS ACTION COMPLAINT FOR DAMAGES

"[p]rovides steering input to help keep the vehicle in the middle of a detected lane and provides tactile and visual alerts if the vehicle is detected drifting out of its lane."[7]

6.      However, in practice, Honda Sensing makes the Class Vehicles *more dangerous*, not safer, because, due to a software defect, Honda Sensing regularly and systematically malfunctions, causing (1) numerous warning messages to intermittently appear on the Class Vehicles' instrument clusters alerting drivers to a problem with Honda Sensing safety and driver-assist system, (2) the Class Vehicles to fluctuate their highway speed without warning when adaptive cruise control is set, and (3) Class Vehicles alerting drivers to apply brakes immediately although no obstruction is present.

7.      Indeed, Plaintiff Cadena's 2017 Honda CR-V Touring repeatedly alerted her of problems with Honda Sensing safety and driver-assistive system, accelerated and slowed unprompted, even though there was no obstruction ahead, and instructed her to apply breaks, even though another vehicle was at least fifty (50) feet ahead.

8.      Likewise, Plaintiff Patel's 2017 Honda CR-V EX-L repeatedly alerted him of problems with Honda Sensing safety system or that the vehicle's radar was obstructed, even though in fact there was no obstruction of the radar, and Plaintiff Geiger's 2017 Honda CR-V EX-L repeatedly alerted him of problems with Honda

---

[7] http://owners.honda.com/vehicles/information/2018/CR-V/features/Lane-Keeping-Assist-System (last visited Apr. 11, 2018).

CLASS ACTION COMPLAINT FOR DAMAGES

Sensing safety and driver-assistive system by displaying numerous fault messages on the vehicle's instrument cluster.

9.      Moreover, Plaintiffs' experience is not unique; numerous other drivers have complained about these types of problem messages and unwarranted fluctuations in vehicle speed when set on cruise control, or unwarranted instructions to apply breaks.  For instance, on March 12, 2017, one driver posted on a CR-V enthusiast website that while driving his/her 2017 Honda CR-V EX "all of a sudden many systems started reporting problems on my dashboard, all at the same time" including the following:

- Brake System Problem
- All Wheel Drive System Problem
- Tire Pressure Monitor Problem
- Electric Parking Brake Problem
- Road Departure Mitigation System Problem
- Collision Mitigation System Problem
- Lane Keeping Assist Problem
- Adaptive Cruise Control Problem
- Hill Start Assist Problem
- Vehicle Stability Assist (VSA) Problem
- Anti-Lock Brake System Problem
- Power Steering System (EPS) Problem"[8]

---

[8] http://www.crvownersclub.com/forums/137-2017-present-official-specs-features-etc-gen-5/135513-2017-crv-reporting-problems-multiple-electrical-systems-while-driving.html (last visited May10, 2018).

5

CLASS ACTION COMPLAINT FOR DAMAGES

10.     Since that initial post, dozens of other 2017 and 2018 CR-V owners reported the same issue.[9]

11.     In addition, many drivers reported their complaints with Honda Sensing to the National Highway and Traffic Safety Administration ("NHTSA"):[10]

- "A SENSOR FAILURE DISPLAYS ON THE DASHBOARD SAYING THAT SOME DRIVER ASSIST SYSTEMS CANNOT OPERATE: RADAR OBSTRUCTED. HONDA OF FREDERICK TELLS ME IT'S A WEATHER RELATED ISSUE AND MANUFACTURING ISSUE THAT THEY CANNOT DO ANYMORE TO FIX THE PROBLEM. HAVE HAPPEED 4 TIMES; RECORDED 3 TIMES: DRIVING IN RAIN ON HIGHWAY, DRIVING IN SNOW IN TOWN, DRIVING NEXT DAY AFTER SNOW BUT NOTHING ON THE ROAD ON HIGHWAY. ALL STRAIGHT WAYS."

- "TRAVELING ON INTERSTATE AT THE SPEED LIMIT THE CAR SUDDENLY BRAKED. ALL SAFETY SYSTEMS WERE ACTIVATED AT THIS TIME. FORTUNATELY THERE WAS NO TRAFFIC IN FRONT, BEHIND OR BESIDE. I GOT THE CAR UNDER CONTROL , TURNED ALL SYSTEMS OFF AND PROCEEDED. MESSAGES ON DASH INDICATED FOUR SYSTEMS WERE INOPERATABLE."

- "THE ADVANCED SAFETY SYSTEMS THAT RELY ON RADAR (AUTO BRAKING, LANE DEPARTURE, ETC) ARE UNUSABLE IN VERY LIGHT SNOW. THERE WAS BARELY ANYTHING ON THE SENSOR COVER, YET THESE IMPORTANT SYSTEMS STOPPED WORKING. THIS HAPPENED REPEATEDLY THROUGHOUT THE DAY. WIPING THE SENSOR WOULD RESTORE FUNCTION, BUT ONLY FOR A COUPLE OF MINUTES, AT BOTH LOW SPEEDS AND ON THE HIGHWAY. THE VEHICLE HAS RECEIVED THE RECENT SOFTWARE UPDATE THAT WAS SUPPOSED TO FIX THIS. (TSB A17-064)"

---

[9] *See id.*

[10] https://www.nhtsa.gov/vehicle/2017/HONDA/CR-V/SUV/AWD (last visited May 10, 2018).

CLASS ACTION COMPLAINT FOR DAMAGES

- "I DROVE DOWN THE HIGHWAY 65 MILES PER HOUR WHEN SUDDENLY THE CAR COMPUTER GOT STUCK AND THEN STARTED AGAIN GIVING DIFFERENT ERRORS. DEACTIVATED BRAKE SYSTEM, FRAME MISSING GASOLINE, FRAME ROAD STABILIZATION SYSTEM DEACTIVATED AND FINALLY SPEED CONTROL FRAME SPEED A FAULT."

- "WHEN THE CRUISE CONTROL (ADAPTIVE CRUISE CONTROL) IS ENGAGED, THE ACC CAN SOMETIMES JAM ON THE BRAKES WITH NO OBSTACLE IN THE PATH."

- "WAS DRIVING NORMALLY WHEN ABS, ADAPTIVE CRUISE CONTROL, LANE KEEPING ASSIST, AUTOMATIC EMERGENCY BREAKING, AND BREAKING SYSTEM "PROBLEM" LIGHTS LIT UP ALL AT ONCE. LIMPED THE CAR HOME."

- "DRIVING HIGHWAY SUDDENLY CAR SLOWS AND DASH READS THAT ALL SYSTEMS- BRAKES, STEERING, AND, ETC FAILED. PULLED CAR OFF ROAD SAFETY. SHUT CAR OFF.RESTARTED. PROBLEM WENT AWAY. CHECKED ON HONDA OWNERS WEBSITE. THIS IS AN ONGOING PROBLEM WITH NO FIX. SCARY WHEN ALL SYSTEMS COULD BE COMPROMISED"

12.    Honda's conduct is in breach of its warranty, in breach of the Consumers Legal Remedies Act, California's Unfair Competition Law, and in violation of the Magnuson-Moss Warrant Act and state warranty laws.  Honda has and will continue to benefit from its unlawful conduct – by selling more vehicles, at a higher price, and avoiding warranty obligations – while consumers are harmed at the point of sale as their vehicles continue to suffer from unremedied defect with the Honda Sensing safety and driver-assistive system.  Had Plaintiffs and other proposed class members

7

known about the defect at the time of purchase or lease, they would not have bought or leased the Class Vehicles, or would have paid substantially less for them.

13.    To remedy Honda's unlawful conduct, Plaintiffs, on behalf of proposed class members, seek damages and restitution from Honda, as well as notification to class members about the defect.

## PARTIES

14.    Plaintiff Kathleen A. Cadena is, and at all times mentioned herein was, an adult individual residing in San Antonio, Texas.

15.    Plaintiff Mukeshbhai Patel is, and at all times mentioned herein was, an adult individual residing in Cleveland, Tennessee.

16.    Plaintiff Steven Geiger is, and at all times mentioned herein was, an adult individual residing in Canon City, Colorado.

17.    Defendant American Honda Motor Co., Inc. is headquartered at 1919 Torrance Boulevard, Torrance, California 90501-2746.

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Honda are citizens of different states.

CLASS ACTION COMPLAINT FOR DAMAGES

19.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Honda resides in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## SUBSTANTIVE ALLEGATIONS

20.    Defendant Honda is the manufacturer, distributor, and warrantor of all Class Vehicles sold and leased within the United States.

21.    Class Vehicles are sold with a 3-year / 36,000-mile New Vehicle Limited Warranty.[11]  The New Vehicle Limited Warranty covers original components found to be defective in material or workmanship under normal use and maintenance.

22.    Unbeknownst to Honda's consumers, Class Vehicles are also sold with defective millimeter wave radar software that causes repeat intermittent and unexpected failure of the Class Vehicle's Honda Sensing safety and driver-assistive system.

23.    Honda admitted this defect exists by alerting its authorized dealers through a Technical Service Bulletin ("TSB") No. 17-064 titled "MID Displays ACC, CMBS, LKAS, RDM, Brake Warnings and Other Listed Symptoms" that "an internal issue with the millimeter wave radar software […] may lead to one or more of the following symptoms:

---

[11]  ." See http://owners.honda.com/Documentum/Warranty/Handbooks/2018_Honda_Warranty_Basebook_AWL05251_FINAL.pdf (last visited May 11, 2018).

CLASS ACTION COMPLAINT FOR DAMAGES

- The millimeter wave radar is improperly calibrated, resulting in DTC P2583-76 (temporary stop of integrated driver support system [misalignment millimeter wave radar]).
- Front radar blindness due to severe weather conditions (rain, snow, fog, etc.) may trigger a sporadic false Radar Obstructed message on the MID.
- The vehicle speed fluctuates at highway speeds when adaptive cruise control is set.
- DTC C0051-54 (steering angle neutral position learning incomplete), U0416-68 (brake actuator malfunction), and U0416-92 (temporary stop of integrated driver support system [rejected control request by VSA system]) are set after the battery is replaced, disconnected, or jumped.
- During radar aiming, the Radar Obstructed message appears on the MID throughout the aiming procedure.
- During radar aiming, 4 and No Target are not displayed on the MID.
- DTC B2A60-98 (multipurpose camera unit temperature too high) is set."

24.    According to Honda, the millimeter wave radar software issues affect certain 2017 Honda CR-V vehicles in the following trim:  EX, EX-L, and Touring.

25.    As corrective action, Honda instructs its dealers to update the Class Vehicle's millimeter wave radar unit software.

26.    However, as evident from Plaintiffs' experiences and those of other consumers, the software update fails to correct the Honda Sensing defect or Honda's dealers failed or refused even to perform such corrective action.

CLASS ACTION COMPLAINT FOR DAMAGES

27.    But it is not only lack of repair that keeps owners of such Class Vehicles frustrated, but that when Honda Sensing system malfunctions, it does so abruptly, without warning, while the Class Vehicles are in motion on a public roadway.

28.    The very system that was designed to keep drivers safe is in fact making them *less safe* by detracting their attention.

29.    Indeed, Plaintiff Cadena's 2017 Honda CR-V Touring braked automatically, fluctuated its highway speed when adaptive cruise control was set, despite the fact that there was no reason for her vehicle to slow down.  As a result of this unprompted behavior and error message, Plaintiff Cadena was scared, concerned, and feared that her car might malfunction if she continued to drive it on the highway, and caused her to rent another vehicle when she undertook a road trip to another state.

30.    Honda is, of course, currently aware that the Honda Sensing safety and driver-assistive system in Class Vehicles is malfunctioning in record numbers.  But other than instructing its dealers to perform a software update, which does not cure the defect, Honda has no fix.

31.    To add insult to an injury, Honda dealers would even refuse a repair if the Honda Sensing defect did not manifest itself at the time the vehicle was presented to the dealer for repair.

32.    Honda has never disclosed the Honda Sensing system defect to consumers – through its dealerships or otherwise.  It has not even stopped selling CR-V vehicles with defective Honda Sensing safety and driver-assistive system; it

CLASS ACTION COMPLAINT FOR DAMAGES

continues to sell them – without including any warning – as both new vehicles and used vehicles.

## ALLEGATIONS APPLICABLE TO PLAINTIFF CADENA

33.    On or about August 24, 2017, Cadena purchased a new 2017 Honda CR-V Touring vehicle, Vehicle Identification Number 5J6RW1H95HL016505  (the "Cadena Vehicle") from Gillman Honda San Antonio in San Antonio, Texas, an authorized dealership of Honda (hereafter "Gillman Honda").

34.    The Cadena Vehicle came equipped with the Honda Sensing safety and driver-assistive system.

35.    At the time Cadena purchased the Cadena Vehicle, Gillman Honda made representations as to the Cadena Vehicle's performance and quality and assured Cadena that it was accompanied by Honda's New Vehicle Limited Warranty and was free from defects of workmanship.

36.    Thereafter, continuing malfunctions, defects, and problems have plagued the Cadena Vehicle.

37.    On December 27, 2017, Cadena presented the Cadena Vehicle for repair to Gillman Honda and complained that, as she was driving, the Cadena Vehicle instrument cluster suddenly displayed an alert:  "Road Departure Mitigation System Problem."  Cadena further complained that the Cadena Vehicle alerted her to a loss of radar signal and problems with other "Honda Sensing®" safety systems.

CLASS ACTION COMPLAINT FOR DAMAGES

38.     Gillman Honda advised Cadena that Honda is aware of such issues and such issues are under investigation, and that Honda instructed Gillman Honda not to attempt any repairs except to re-aim the radar.

39.     The Cadena Vehicle was ready for pick up on January 2, 2018.

40.     Despite such repair attempt by Gillman Honda, the Cadena Vehicle continues to suffer from the same nonconformity and intermittently alerts Cadena that Honda Sensing safety and driver-assistive system are experiencing a problem.

41.     In addition, on occasion, when set on cruise control, the Cadena Vehicle accelerated and slowed down without driver prompt, even though there was no obstruction ahead of the vehicle.

42.     Yet on another occasion, when driven on the highway, the Cadena Vehicle suddenly instructed Cadena to apply breaks, even though another vehicle was at least fifty (50) feet ahead of the Cadena Vehicle.

43.     The defects experienced by Cadena substantially impair the use, value, and safety of the Cadena Vehicle to her.

44.     Cadena could not reasonably have discovered said nonconformities prior to her acceptance of the Cadena Vehicle.

**ALLEGATIONS APPLICABLE TO PLAINTIFF PATEL**

45.     On or about June 16, 2017, Patel purchased a 2017 Honda CR-V EX-L vehicle, Vehicle Identification Number 5J6RW2H87HL041869 (the "Patel Vehicle")

CLASS ACTION COMPLAINT FOR DAMAGES

from Economy Honda Superstore in Chattanooga, Tennessee, an authorized dealership of Honda (hereafter "Economy Honda").

46.     Patel Vehicle came equipped with Honda Sensing safety and driver-assistive system.

47.     At the time Patel purchased the Patel Vehicle, Economy Honda made representations as to the Patel Vehicle's performance and quality and assured Patel that it was accompanied by Honda's New Vehicle Limited Warranty and was free from defects of workmanship.

48.     Thereafter, continuing malfunctions, defects, and problems have plagued the Patel Vehicle.

49.     Since Patel purchased the Patel Vehicle and over the course of the year 2017, Patel's Vehicle intermittently alerted Patel that various Honda Sensing safety and driver-assistive systems were experiencing a problem.

50.     Eventually, on February 24, 2018, Patel presented the Patel Vehicle for repair to Honda of Cleveland in Cleveland, Tennessee, an authorized dealership of Honda (hereafter "Cleveland Honda"), and complained that, as he was driving, the Patel Vehicle instrument cluster suddenly displayed an alert:  "Lane Keeping Assist System Problem."  Patel further complained that the Patel Vehicle alerted him on prior occasions of problems with other Honda Sensing safety and driver-assistive systems.

51.     Cleveland Honda failed to duplicate Patel's complaint, concluded that the Patel Vehicle was operating as designed, and attempted no repairs.

CLASS ACTION COMPLAINT FOR DAMAGES

52.     The Patel Vehicle was ready for pick up on February 24, 2018.

53.     Nevertheless, the Patel Vehicle continues to suffer from the same nonconformity and intermittently alerts Patel that the Honda Sensing safety and driver-assistive systems are experiencing a problem, or that Patel Vehicle radar is obstructed, even though there is no obstruction of the radar.

54.     The defects experienced by Patel substantially impair the use, value, and safety of the Patel Vehicle to him.

55.     Patel could not reasonably have discovered said nonconformities prior to his acceptance of the Patel Vehicle.

## ALLEGATIONS APPLICABLE TO PLAINTIFF GEIGER

56.     In October of 2017 Geiger purchased a 2017 Honda CR-V EX-L vehicle, Vehicle Identification Number 2HKRW2H89HH676134 (the "Geiger Vehicle") from Freedom Honda in Colorado Springs, Colorado, an authorized dealership of Honda (hereafter "Freedom Honda").

57.     The Geiger Vehicle came equipped with Honda Sensing safety and driver-assistive system.

58.     At the time Geiger purchased the Geiger Vehicle, Freedom Honda made representations as to the Geiger Vehicle's performance and quality and assured Geiger that it was accompanied by Honda's New Vehicle Limited Warranty and was free from defects of workmanship.

59.    Thereafter, continuing malfunctions, defects, and problems have plagued the Geiger Vehicle.

60.    On April 24, 2018, as Geiger's wife was driving the Geiger Vehicle, the vehicle's instrument cluster suddenly displayed the following alerts:

- Brake System Problem
- All Wheel Drive System Problem
- Tire Pressure Monitor Problem
- Electric Parking Brake Problem
- Road Departure Mitigation System Problem
- Collision Mitigation System Problem
- Lane Keeping Assist Problem
- Adaptive Cruise Control Problem
- Hill Start Assist Problem
- Vehicle Stability Assist (VSA) Problem
- Anti-Lock Brake System Problem
- Power Steering System (EPS) Problem

61.    The very next day, on April 25, 2018, Geiger brought the Geiger Vehicle to Freedom Honda and complained of the aforementioned faults.

62.    Freedom Honda attempted a repair by resetting all fault codes and concluded that the Geiger Vehicle system software was up to date.

63.    Further, Freedom Honda advised Geiger that it was not aware of any Technical Service Bulletins relating to the Honda Sensing safety and driver-assistive system.

CLASS ACTION COMPLAINT FOR DAMAGES

64.     The Geiger Vehicle was ready for pick up on the same day.

65.     However, several days later, the Geiger Vehicle again displayed the same faults with the Honda Sensing safety and driver-assistive system.

66.     The defects experienced by Geiger substantially impair the use, value, and safety of the Geiger Vehicle to him.

67.     Geiger could not reasonably have discovered said nonconformities prior to his acceptance of the Patel Vehicle.

## CLASS ACTION ALLEGATIONS

**A. The Class**

68.     Plaintiffs bring this case as a class action on behalf of a nationwide class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).

**Nationwide Class:** All persons or entities in the United States who bought or leased a Class Vehicle (the "Nationwide Class").

69.     Pursuant to Fed. R. Civ. P. 23(c)(5), Plaintiffs seek to represent the following state classes only in the event that the Court declines to certify the Nationwide Class:

**Texas Class:** All persons or entities in the state of Texas who bought or leased a Class Vehicle (the "Texas Class").

**Tennessee Class**: All persons or entities in the state of Tennessee who bought or leased a Class Vehicle (the "Tennessee Class").

**Colorado Class:** All persons or entities in the state of Colorado who bought or leased a Class Vehicle (the "Colorado Class").

70.     Defendant and its employees or agents are excluded from the Class.

CLASS ACTION COMPLAINT FOR DAMAGES

**B. <u>Numerosity</u>**

71.    Upon information and belief, each of the Classes are so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Classes are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe, and on that basis allege, that hundreds of thousands of Class Vehicles have been sold and leased in each of the States that are the subject of the Classes.

**C. <u>Common Questions of Law and Fact</u>**

72.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

    a.  Whether the Class Vehicles were sold with defective Honda Sensing safety and driver-assistive system that causes such systems to intermittently malfunction;

    b.  Whether the Class Vehicles were sold with defective Honda Sensing safety and driver-assistive system that causes such vehicles to fluctuate their speed when adaptive cruise control is set;

    c.  Whether Honda knew about the above-described defect but failed to disclose the problem and its consequences to its customers;

CLASS ACTION COMPLAINT FOR DAMAGES

d.  Whether Honda failed to repair the defect as required by its new

vehicle limited warranty;

e.  Whether Honda is liable for damages, and the amount of such

damages; and

f.  Whether Honda should be required to disclose the existence of the

defect.

**D. Typicality**

73.    The Plaintiffs' claims are typical of the claims of the Classes since each

Plaintiff purchased or leased a defective Class Vehicle, as did each member of the

Classes.  Furthermore, Plaintiffs and all members of the Classes sustained economic

injuries arising out of Defendant's wrongful conduct.  Plaintiffs are advancing the

same claims and legal theories on behalf of themselves and all absent Class members.

**E. Protecting the Interests of the Class Members**

74.    Plaintiffs will fairly and adequately protect the interests of the Class and

have retained counsel experienced in handling class actions and claims involving

unlawful business practices.  Neither Plaintiff nor their counsel has any interests

which might cause them not to vigorously pursue this action.

**F. Proceeding Via Class Action is Superior and Advisable**

75.    A class action is the superior method for the fair and efficient

adjudication of this controversy.  The injury suffered by each individual Class

member is relatively small in comparison to the burden and expense of individual

CLASS ACTION COMPLAINT FOR DAMAGES

prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Classes can be readily identified and notified based on, inter alia, Defendant's vehicle identification numbers, warranty claims, registration records, and database of complaints.

76.    Defendant has acted, and refused to act, on grounds generally applicable to the Classes, thereby making appropriate final equitable relief with respect to the Classes as a whole.

## CHOICE OF LAW ALLEGATIONS

77.    It is appropriate to apply California law to the nationwide claims because California's interest in this litigation exceeds that of any other state. Honda does substantial business in California, its principal offices are located in California, and it maintains over 100 authorized dealerships in California –more than any other state.

CLASS ACTION COMPLAINT FOR DAMAGES

78.    The conduct that forms the basis for each and every class member's claims against Honda emanated from Honda's headquarters in Torrance, California. Honda's marketing department, warranty department, customer affairs department, and engineering and design analysis groups are all located in Torrance, California, and it is those departments which were responsible for the decision to conceal the Honda Sensing safety and driver-assistive system defect from Honda's customers and to systematically deny or fail to repair resulting nonconformities with Honda Sensing safety and driver-assistive system.

79.    The State of California also has the greatest interest in applying its law to class members' claims. Its governmental interests include not only an interest in compensating resident consumers under its consumer protection laws, but also under the State's interest in using its laws to regulate a resident corporation and preserve a business climate free of deceptive practices.

80.    Based on the foregoing, such policies, practices, acts and omissions giving rise to this action were developed in, and emanated from, Defendant's headquarters in Torrance, California. As detailed above, Honda also came to know, or should have come to know, of the Honda Sensing safety and driver-assistive system defect through the activities of Honda divisions and affiliated entities located within California. Accordingly, the State of California has the most significant relationship to this litigation and its law should govern.

CLASS ACTION COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION
## (Breach of Warranty Pursuant to the Magnusson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.*)

81.    The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

82.    The Plaintiffs and each class member are a "consumer" as defined in 15 U.S.C. § 2301(3).

83.    Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

84.    The Class Vehicles are each a "consumer product" as defined in 15 U.S.C. § 2301(6).  15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with written warranty.

85.    15 U.S.C. § 2301(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the Class Vehicles within a reasonable time and without charge to the Plaintiffs and class members.

86.    The Defendant's failure and/or refusal to repair the Class Vehicles' Honda Sensing safety and driver-assistive systems within the applicable warranty period constituted a breach of the written warranty applicable to the Class Vehicles.

87.    Despite repeated demands, Defendant has failed to remedy the Class Vehicles' defects within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the Class Vehicles.

CLASS ACTION COMPLAINT FOR DAMAGES

88.   As a result of Defendant's breaches of written warranty, and Defendant's failure to remedy the same within a reasonable time, Plaintiffs and class members have suffered damages.

## SECOND CAUSE OF ACTION
### (Breach of Express Warranties Pursuant to Song-Beverly Consumer Warranty Act, Cal. Civ. Code§ 1791.2)

89.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

90.   The Plaintiffs and class members are each a "buyer" as defined in Cal. Civ. Code § 1791(b).

91.   Defendant is a "manufacturer" as defined in Cal. Civ. Code § 1791(j).

92.   The Class Vehicles are each a "consumer good" as defined in Cal. Civ. Code § 1791(a).

93.   Cal. Civ. Code § 1794 provides a cause of action for any consumer who is damaged by the failure of a manufacturer to comply with an express warranty.

94.   In connection with the sale of the Class Vehicles to the Plaintiffs and class members, Defendant and its authorized dealerships provided the Plaintiffs and class members with express warranties within the meaning of Cal. Civ. Code §§ 1791.2 and 1793.2.

95.   Defendant and its authorized dealerships provided Plaintiffs and class members with a New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal

CLASS ACTION COMPLAINT FOR DAMAGES

use and maintenance, including the Honda Sensing safety and driver-assistive systems.

96. In addition, in connection with the sale of the Class Vehicles, Defendant made the following express warranties to Plaintiffs and class members:

      a. The Class Vehicles were fit for the purposes of safe, reliable, and attractive transportation;

      b. The Class Vehicles were of good, sound, and merchantable quality;

      c. The Class Vehicles were free from defective parts and workmanship;

      d. The Class Vehicles were so engineered and designed as to function without requiring unreasonable maintenance and repairs;

      e. In the event the Class Vehicles were not free from defective parts or workmanship as set forth above, the Defendant would repair or replace same without cost to Plaintiffs; and

      f. That any defects or non-conformities would be cured within a reasonable time.

97. Plaintiffs and class members relied on Defendant's warranties when they agreed to purchase the Class Vehicles and Defendant's warranties were part of the basis of the bargain.

98. Defendant breached these express warranties in that the Class Vehicles suffer from the above-described defects with Honda Sensing safety and driver-

CLASS ACTION COMPLAINT FOR DAMAGES

assistive systems, which substantially impair the Class Vehicles' use, safety, and value to the Plaintiffs.

99.     Plaintiffs and class members have given Defendant reasonable opportunities to cure said defects, but Defendant has been unable and/or has refused to do so within a reasonable time.

100.   As a result of said nonconformities, Plaintiffs and class members cannot reasonably rely on the Class Vehicles for the ordinary purpose of safe, comfortable, and efficient transportation.

101.   The Plaintiffs and class members could not reasonably have discovered said nonconformities with the Class Vehicles prior to Plaintiffs' and class members' acceptance of the Class Vehicles.

102.   The Plaintiffs and class members would not have purchased the Class Vehicles, or would have paid less for the Class Vehicles, had they known, prior to their respective time of purchase or lease, that Honda Sensing components did not function as advertised and warranted.

103.   As a result of Defendant's breach of express warranties, Plaintiffs and class members have been damaged.

## THIRD CAUSE OF ACTION
### (Violation of the Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*)

104.   Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

CLASS ACTION COMPLAINT FOR DAMAGES

105.   The sale of the Class Vehicles to the Plaintiffs and class members under the guise that they were free from defects that would substantially impair the use, safety, or value of the Class Vehicles represents an unlawful, unfair, and deceptive business act or practice under the California Consumers Legal Remedies Act, California Civil Code § 1770(a)(5), (7), (14), and (16).

106.   The Defendant violated California Civil Code § 1770(a)(5), (7), (14), and (16) when it sold or leased Plaintiffs and class members the Class Vehicles with knowledge that they contained defects with their Honda Sensing safety and driver-assistive systems and knowingly concealed said defects from Plaintiffs and class members with the intent that Plaintiffs and class members rely upon its concealment.

107.   Moreover, as alleged above, Defendant continues to conceal said defects from the Plaintiffs and class members after Plaintiffs and class members purchased or leased their vehicles by claiming that Class Vehicles are operating as designed and therefore do not warrant a repair despite knowing they were not free of defects.

108.   Further, in connection with the sale or lease of Class Vehicles to the Plaintiffs and class members, Honda omitted material information about those vehicles which it was legally obligated to disclose.  Honda has never informed Plaintiffs or class members – at the point of sale or otherwise – that Honda Sensing safety and driver-assistive system in Class Vehicles is defective and can cause sudden fault messages to be displayed on the Class Vehicles' instrument cluster and for the

Class Vehicles to fluctuate their speed when set on cruise control, thereby making such vehicles not safe, but more dangerous.

109.    The Class Vehicle's faulty Honda Sensing safety and driver-assistive system poses an unreasonable safety risk to consumers and other members of the public with whom they share the road.  Honda had exclusive knowledge of the defect and has actively concealed it from consumers.

110.    As a result of Defendant's acts, Plaintiffs and class members have suffered damages.  Plaintiffs and class members would not have purchased or leased Class Vehicles had the defect and associated risks been disclosed to them.  They are left with vehicles of diminished value and utility because of such defect, which continues to pose a safety risk.

111.    Plaintiffs seek an order requiring Honda to immediately disclose the existence of the Honda Sensing defect and associated risks to all existing and prospective customers, to repair the defect and all resulting damage in Class Vehicles free of charge, and to cease selling new or certified pre-owned Class Vehicles through its dealerships until the defect is remedied.  In addition, Plaintiffs will serve Honda with a notice letter to provide Honda with the opportunity to correct its business practices pursuant to Civil Code § 1782.  If Honda does not thereafter correct its business practices, Plaintiffs will amend this action to add claims for monetary relief, including restitution and actual damages under the CLRA.

CLASS ACTION COMPLAINT FOR DAMAGES

# FOURTH CAUSE OF ACTION
## (Violation of California's Unfair Competition Law
## Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

112.   Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

113.   The sale and lease of the Class Vehicles to the Plaintiffs and class members under the guise that they were free from defects that would substantially impair the use, safety, or value of the Class Vehicles represents an unlawful, unfair, and deceptive business act or practice under California's Unfair Competition Law ("UCL"), California's Bus. & Prof. Code, § 17200.

114.   Defendant violated California Bus. & Prof. Code, § 17200, *et seq.* in one or more of the following ways:

g.  Making of fraudulent and/or negligent representations, as herein before alleged;

h.  Representing the Class Vehicles to be of good, merchantable quality, free of defects, when in fact they were not;

i.  Failing to reveal material facts including, but not limited to, the nature of the nonconformities and defects complained of herein; and

j.  Failing to offer a refund of the purchase price of the Class Vehicles in accordance with the applicable warranties.

115.   Defendant is in the business of selling private automobiles and therefore the violations are likely to affect the general public, now and in the future.

CLASS ACTION COMPLAINT FOR DAMAGES

116.   Defendant violated the law willfully and knowingly.

117.   As a result of Defendant's violations of the UCL, Plaintiffs have suffered injury in fact and have lost money or property.  Plaintiffs and class members purchased or leased vehicles they would not otherwise have purchased or leased, which continue to suffer from unremedied defects with Honda Sensing safety and driver-assistive system and are left with vehicles of diminished value.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as follows:

A. An order certifying the proposed Class and Sub-Classes, designating Plaintiffs as named representatives of the Class, and designating the undersigned as Class Counsel;

B. An order approving revocation of acceptance of the Class Vehicles;

C. Money damages, in the form of a refund of the full contract price, including, trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiffs and class members on the subject contracts;

D. Equitable relief including, but not limited to, replacement of the Class Vehicles with new vehicles, or repair of the defective Class Vehicles with an extension of the express warranties and service contracts which

CLASS ACTION COMPLAINT FOR DAMAGES

1  are or were applicable to the Class Vehicles, in the event that Plaintiffs

2  are not found to be entitled to revocation;

3

4  E.  Incidental and consequential damages;

5  F.  Punitive damages;

6

7  G.  Reasonable attorneys' fees and costs;

8  H.  Such other and further relief as this Court deems just and proper.

9  **TRIAL BY JURY DEMANDED ON ALL COUNTS**

10

11

12  DATED:  May 14, 2018                TRINETTE G. KENT

13                                      By:   /s/   Trinette G. Kent
14                                      Trinette G. Kent, Esq.
15                                      Lemberg Law, LLC
                                        Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES