Eric H. Gibbs (SBN 178658)
ehg@classlawgroup.com
David Stein (SBN 257465)
ds@classlawgroup.com
Steven Lopez (SBN 300540)
sal@classlawgroup.com
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Mark S. Greenstone (SBN 199606)
mgreenstone@greenstonelaw.com
**GREENSTONE LAW APC**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160

*Interim Class Counsel*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN CADENA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC. and HONDA MOTOR CO., LTD.,<br><br>Defendants. | Case No. 2:18-cv-04007-MWF-PJW<br><br>**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Franzetta Cheathon, Matthew Villanueva, Nestor Mosqueda, Todd Collras, Robert Morse, Daniel Varjan, James Adams, James Calvert, Larry Fain, Joseph Russell, Jimmy Smotherman, Steven Bienstock, Peter Watson, Martha Bustamante, Ann Hensley, Craig DuTremble, and Vincent Liem, on behalf of themselves and all others similarly situated, allege the following against Defendants American Honda Motor Company, Inc., and Honda Motor Co., Ltd, (collectively, "Honda"):

## SUMMARY OF THE CASE

1.      In the era of increasingly computerized and automatized vehicles, a number of automotive manufacturers now equip their vehicles with computerized driver-assisting safety systems. These systems perform a variety of functions, including adaptive cruise control (which operates automatically to maintain a set distance from a vehicle ahead), lane departure warnings and steering inputs, and autonomous braking. The autonomous braking works to avoid front-end collisions by detecting vehicle speed and the speed of other vehicles and objects on the road—and can automatically deploy the brakes to avoid a front-end collision.

2.      Honda provides these types of systems through a proprietary driver support suite it calls "Honda Sensing." Honda Sensing relies on a radar sensor (near the lower front bumper), an interior camera (near the rearview mirror), along with computers and other technology. The autonomous braking system within Honda Sensing is called Collision Mitigation Braking System (or CMBS). Computerized driver-assisting safety systems generally, and autonomous braking systems like CMBS in particular, must undergo careful testing and inspection to ensure they work properly. Otherwise, the systems put lives at risk.

3.      The Honda Sensing system in the vehicles at issue in this litigation suffers from a Defect that causes the various subsystems within it to malfunction dangerously while the vehicles are driven. This Defect impedes the systems' ability to reliably and accurately detect and appropriately respond to conditions on the

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

roadway, causing malfunctions of the adaptive cruise control, the lane-departure system, and – most severely – the CMBS.[1]

4.     Honda, as one of the first manufacturers to institute an autonomous braking system, has had a number of problems with false alarms—which is where the system brakes abruptly even though there is nothing around that risks a collision. Back in 2015, for instance, Honda issued a safety recall for various 2014-2015 Acura RLX and RLX Sport Hybrid vehicles that were having false alarms. Honda issued the recall because these false alarms "could increase the risk of a crash." Other manufacturers have likewise issued safety recalls when their vehicles' automated braking systems deployed because of false alarms.

5.     Despite its longstanding familiarity with the failures of the Honda Sensing system and the importance of functional driver-assisting safety systems, Honda continues selling and leasing vehicles equipped with Honda Sensing. Drivers have thus reported in droves that their vehicles' Honda Sensing warning lights display without explanation, brakes deploy seemingly randomly, and parts of the system like adaptive cruise control malfunction. As a result, drivers are brought to abrupt halts in traffic, and trailing vehicles have to slam on the brakes or swerve dangerously out of their lanes to avoid a crash. According to public records, at least five collisions have already occurred, and more are likely absent a quickly implemented solution. Meanwhile, many drivers report suffering whiplash and soreness from experiencing the sudden braking in their vehicles.

6.     Honda remains silent, however, and when asked by drivers and technicians trying to deal with the problem offers no solution, telling drivers and technicians that no repairs are available.

---

[1]  The defect that is the subject of this case is referred to as the "Honda Sensing Defect" or the "Defect."

2

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

7. Honda's conduct has needlessly endangered drivers, unjustly enriched Honda at consumers' expense, and violated consumer protection and warranty laws. On behalf of the classes they propose to represent, Plaintiffs seek awards of damages as well as injunctive and other equitable relief.

**PARTIES**

8. Plaintiff Franzetta Cheathon is a citizen and resident of Rancho Cordova, California.

9. Plaintiff Matthew Villanueva is a citizen and resident of Visalia, California.

10. Plaintiff Nestor Mosqueda is a citizen and resident of Santa Ana, California.

11. Plaintiff Todd Collras is a citizen and resident of Reseda, California.

12. Plaintiff Robert Morse is a citizen and resident of Maricopa County, Arizona.

13. Plaintiff Daniel Varjan is a citizen and resident of Maitland, Florida.

14. Plaintiff James Adams is a citizen and resident of Bradenton, Florida.

15. Plaintiff James Calvert is a citizen and resident of Pompano Beach, Florida.

16. Plaintiff Larry Fain is a citizen and resident of Venice, Florida.

17. Plaintiff Joseph Russell is a citizen and resident of Andover, Massachusetts.

18. Plaintiff Jimmy Smotherman is a citizen and resident of University City, Missouri.

19. Plaintiff Steven Bienstock is a citizen and resident of Woodmere, New York.

20. Plaintiff Peter Watson is a citizen and resident of Huntington Station, New York.

3

**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**
**CASE NO. 2:18-CV-04007-MWF-PJW**

21.    Plaintiff Martha Bustamante is a citizen and resident of West New York, New Jersey.

22.    Plaintiff Ann Hensley is citizen and resident of Fairview, North Carolina.

23.    Plaintiff Craig DuTremble is a citizen and resident of Troutman, North Carolina.

24.    Plaintiff Vincent Liem is a citizen and resident of Broadview Heights, Ohio.

25.    Defendant American Honda Motor Company, Inc., is a California corporation with its headquarters and principal place of business in Torrance, California.

26.    Defendant Honda Motor Co., Ltd., is a Japanese corporation and the parent company of American Honda Motor Company, Inc. The two defendants are referred to collectively in this complaint as "Honda."

## JURISDICTION AND VENUE

27.    This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which at least one member of the proposed classes is a citizen of a different state than Honda.

28.    This Court may exercise jurisdiction over Honda because it has located its American headquarters in California; it is registered to conduct business in California; it has sufficient minimum contacts in California; and it intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its vehicles, thus rendering the exercise of jurisdiction by this Court proper and necessary.

29.     Venue is proper in this District under 28 U.S.C. § 1391 because American Honda Motor Company, Inc. is headquartered in this district, Defendant

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

Honda Motor Co., Ltd. is a foreign entity, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

### SUBSTANTIVE ALLEGATIONS

**Class Vehicles' Honda Sensing Systems**

30. Honda manufactures, markets, and distributes mass-produced automobiles in the United States under the Honda brand name. The Honda automobile models that are the subject of this case are the 2017-2020 Honda CR-V and the 2016-2020 Honda Accord (collectively, the "Class Vehicles").

31. All Class Vehicles come equipped with the same or substantially similar Honda Sensing suite, which Honda calls for both models "a driver support system which employs the use of two distinctly different kinds of sensors, a radar sensor located at the lower part of the front bumper and a front sensor camera mounted to the interior side of the windshield, behind the rear view mirror."[2] The "Honda Sensing" suite and CMBS are major aspects of Honda's marketing of Class Vehicles and help increase the market price of the vehicles.

32. For both the Accord and CR-V models, Honda's brochures describe the Honda Sensing system as a "suite of safety and driver-assistive technologies"[3]

33. As Honda describes it, Honda Sensing in Class Vehicles comes with the following functions or subsystems:

_____

[2]http://owners.honda.com/utility/download?path=/static/pdfs/2018/CR-V/2018_CR-V_Collision_Mitigation_Breaking_System.pdf; https://owners.honda.com/utility/download?path=/static/pdfs/2018/Accord%20Sedan/2018_ACCORD_4D_CMBS.pdf.

[3] https://automobiles.honda.com/-/media/Honda-Automobiles/Vehicles/2018/Accord-Sedan/brochure/MY18-Accord-Brochure-Model-Site.pdf; https://automobiles.honda.com/-/media/Honda-Automobiles/Vehicles/2018/CR-V/2018-Updates/Brochure/MY18_CR-V_Brochure_Online_Mech1.pdf.

- Adaptive Cruise Control (ACC) with Low Speed Follow (LSF)*: Helps maintain a constant vehicle speed and a set following interval behind a vehicle detected ahead of yours and, if the detected vehicle comes to a stop, can decelerate and stop your vehicle. *if equipped

- Lane Keeping Assist System (LKAS): Provides steering input to help keep the vehicle in the middle of a detected lane and provides tactile and visual alerts if the vehicle is detected drifting out of its lane.

- Road Departure Mitigation (RDM) System: Alerts and helps to assist you when the system detects a possibility of your vehicle unintentionally crossing over detected lane markings and/or leaving the roadway altogether.

- Collision Mitigation Braking System (CMBS): Can assist you when there is a possibility of your vehicle colliding with a vehicle or a pedestrian detected in front of yours.[4]

34.    CMBS is supposed to provide alerts to drivers when a potential collision is detected and, when a collision is deemed unavoidable, the CMBS is supposed to automatically reduce vehicle speed by applying the brakes. The CMBS is capable of providing light brake application or strong brake application. According to Honda, the CMBS in both the Accord and CR-V Class Vehicles activates when:

- The speed difference between your vehicle and a vehicle or pedestrian detected in front of you is about 3 mph (5 km/h) and over with a chance of a collision.

---

[4] http://owners.honda.com/utility/download?path=/static/pdfs/2018/CR-V/2018_CR-V_Collision_Mitigation_Breaking_System.pdf; https://owners.honda.com/utility/download?path=/static/pdfs/2018/Accord%20Sedan/2018_ACCORD_4D_CMBS.pdf.

6

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

- Your vehicle speed is about 62 mph (100 km/h) or less and the system determines there is a chance of a collision with another vehicle or a pedestrian in front of you.

- Your vehicle speed is above 62 mph (100 km/h), and the system determines there is a chance of a collision with a vehicle detected in front of you traveling in your same direction.[5]

35.   Honda first recognized the potential market demand for computerized driver-assisting safety systems decades ago. Honda introduced its CMBS in the Japanese market in June 2003, positing that the CMBS could help prevent rear-end collisions. The figure below shows the basic system configuration of the early CMBS—with radar to detect and measure the speed of objects in front of the vehicle; additional sensors to assist in measuring speed; a warning indicator on the dashboard; and an electronic control unit (or "ECU") that controls the autonomous braking system:



---

[5]http://techinfo.honda.com/rjanisis/pubs/OM/AH/ATLA1818OM/enu/ATLA1818OM.PDF at 533;
http://techinfo.honda.com/rjanisis/pubs/OM/AH/ATVA1818OM/enu/ATVA1818OM.PDF at 508.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

36.     The Honda Sensing system in Class Vehicles employs the same or a substantially similar set of components, including a millimeter wave radar unit (on the front of the vehicle near the bumper) as well as a camera (located near the rearview mirror). For CMBS purposes, the radar and camera scan approximately 100 meters ahead of Class Vehicles searching for potential obstacles that could cause a collision. If an obstacle is detected, the CMBS will alert the driver and potentially apply light or strong brakes automatically.



8

37.     Honda and the rest of the automotive industry have known for years
that driver-assisting safety systems, including automatic braking systems, must be
calibrated appropriately and vetted with testing and inspection before sale, to ensure
that they are functioning properly and to ensure there are no false alarms (where the
autonomous braking system activates even though there is no impending risk of a
collision).

38.     The National Transportation Safety Board, for example, released a
special investigation report in 2015 analyzing the use of autonomous braking
systems. As the report stated, autonomous braking systems are to activate "only in
critical situations."[6] The report also found that such collision avoidance systems
"depend[] heavily on the accuracy and timeliness of detection, which relies on the
quality of the installed sensor, camera, or vision algorithm detecting targets."[7]

39.     Among the potential problems identified in the report was the possibility
of false alarms, with "false alarm" defined as "the detection of a conflict when none
is present."[8] The report noted that among the limitations of a radar-based system is
the reality that there will be "[i]ncreased interference from other sources resulting in
more frequent misidentifications (*e.g.*, identifying a bridge as a conflict vehicle)."[9]

40.     As Honda has long known, Class Vehicles' suite of driver-assisting
safety systems, including the autonomous braking system, are dangerously defective.
Drivers report that they frequently see an error message on their dashboard stating
there is a problem with the CMBS. With this error, the CMBS (and other features
including adaptive cruise control) may be deactivated. Worse, the CMBS frequently
causes Class Vehicles to brake without warning, even when driving at high speeds
and with no plausible risk of collision ahead. This can be extremely dangerous—

---

[6] https://www.ntsb.gov/safety/safety-studies/Documents/SIR1501.pdf.
[7] *Id.*
[8] *Id.*
[9] *Id.*

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

among other things, it creates a risk that vehicles trailing behind will either rear-end the Class Vehicle, have to slam on the brakes themselves, or swerve out of their lane to avoid a collision.

41.  As one news report put it, there are "rising concerns that the system will brake for no reason at all"; thus, Honda's "Collision mitigation braking assist … applies brake pressure when an unavoidable collision is determined *or when an 'unavoidable' situation is created out of thin air by the robot mind of your car*."[10]

42.  Below are examples of the numerous complaints lodged with the NHTSA by Class Vehicle owners and lessees. Drivers of the various models and model years that comprise Class Vehicles describe the same or substantially similar phenomena when driving their vehicles. (The complaints excerpted below are just a few of those available on the NHTSA's website. Because most drivers are not familiar with the NHTSA or the process for registering complaints with the agency, the complaints below only represent a small portion of the drivers actually experiencing problems with the Honda Sensing system.) According to the complaining drivers, the Defect often manifests when the Class Vehicles are still brand new:

**Honda CR-V Vehicles[11]**

2017 Honda CR-V: Driving my 2017 CRV EX home from work. Stopped at red light, foot on brake pedal. When the traffic signal turned green, I took my foot off the brake pedal, and a message came up on the dashboard screen "**brake system failure**". The engine was still running. I turned onto a side street and tried to depress the brake pedal, but it was frozen and the vehicle would not stop.

I pulled into a parking lot and put the vehicle in 'park', and called the

---

[10] http://www.hondaproblems.com/honda-sensing/ (emphasis added).

[11] Spelling and grammatical mistakes in the complaints are as in original.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

dealership where I leased the vehicle. The sales rep suggested I turn off the engine and restart it. I did that and all systems seemed to function properly.

I later took my CRV back to the dealer, and they did a diagnostic check but found no definitive problem. The technician could only say the computer indicated something had occurred but could say what, or why, or whether it might occur again. The service advisor said they could not find a problem, and everything seemed ok, and "have a nice day!"

Now I am anxious when I drive wondering if, or when, the brake system might fail again. Is it just my CRV, or has this issue been reported by anyone else? This issue, should it occur again while driving in traffic, **could result in a serious crash situation.**
(NHTSA ID 10959870, Report Date: March 9, 2017)

2017 Honda CR-V: Collision mitigation system is malfunctioning when driving over metal plates: during construction, metal plates were put on the road where I work. They do not stick out, area flush with the street, and are about 4 feet wide. Every time I get close to drive straight over them (at probably 20-25 MPH), **my car slams onto the brakes and comes to a complete stop**. If anybody were behind me, they would rear-end me. A colleague of mine bought the same car and has exactly the same problem. I had my car checked out at a Honda dealer and they told me everything is working properly. The system cannot be turned off permanently, so I have to turn it off manually every time I start the car. This is very dangerous, as somebody will get hurt soon if somebody is behind me and there is no reason I would come to such an abrupt stop.
(NHTSA ID 10985566, Report Date: May 14, 2017)

2017 Honda CR-V: Faulty Honda Sensing was driving at approx 35MPH when CRV slammed on it's on brakes by itself for the 2nd time thank god no one was behind us, high beams come on when close to on coming traffic blinding on coming traffic, blind spot indicator comes on when no one around, blind spot indicator doesn't come on, when cars in blind spot, didn't see car in my blind spot and cut car off because blind spot indicator wasn't working. Burning wire smell inside cab. **Most of these problems have been happening since approx Jan 2017 less than 1**

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

**month of owning car**. I can't list just 1 day its happened because it's happened multiple times over and over. CRV has been in shop 5-6 times for these problems with no luck of fixing them.
(NHTSA ID 11003507, Report Date: July 6, 2017)

2017 Honda CR-V: Was driving 45MPH on a straight, flat road, no other cars around. **Brakes slammed on and then released. There was nothing in front of me or behind me**. I believe something is wrong with the collision mitigation braking system. My back and neck are very sore. There were no warnings from the system.
(NHTSA ID 11013983, Report Date: August 8, 2017)

2017 Honda CR-V: **Brakes came on hard with cruise control set** at 73 MPH while driving on interstate in left lane. Nothing was ahead of me in my lane. I was overtaking a vehicle that was in the right lane. The highway was very straight. I believe that there is a problem with the collision avoidance system.
(NHTSA ID 11030370, Report Date: September 28, 2017)

2017 Honda CR-V: The collision mitigation braking system is a safety feature that alerts the driver of a potential frontal collision with a vehicle or pedestrian. When a collision is deemed unavoidable, the system automatically reduces the vehicle's speed and brings the vehicle to a complete stop. The system provides visual and audible alerts. The system has activated automatically while in forward motion on city streets without reason causing the vehicle to brake hard and to come to a complete stop in moving traffic **nearly causing rear-end collisions**.
(NHTSA ID 11046452, Report Date: November 16, 2017)

2017 Honda CR-V: **On two separate occasions the "brake" signal displayed and the vehicle came to a sudden screeching and complete stop**. There were no vehicles or any other obstruction in front of me and thank goodness no one behind me. I was in motion at a speed of about 20 mph. The sudden and without reason stop jolted me forward without warning and it was very painful. I took the vehicle to the dealer I purchased it from and was told to disable the feature because they were unable to duplicate the fault. The default for this feature is enabled upon starting vehicle. So I must disable the collision mitigation system every time I start the car.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

(NHTSA ID 11047576, Report Date: November 20, 2017)

2017 Honda CR-V: **Traveling on interstate at the speed limit the car suddenly braked**. All safety systems were activated at this time. Fortunately there was no traffic in front, behind or beside. I got the car under control, turned all systems off and proceeded. Messages on dash indicated four systems were inoperatable. When I got home I called Honda to report. They suggested I take the car to my dealer. I did so the following day. (this happened on a weekend) they indicated there was a "bulletin" out on this problem. They downloaded new software to correct the problem.

Now my concern. Bulletins are only acted upon when an owner complains. The issue I outlined above warrants surely qualifies for more than a bulletin. At the same time.at the dealer I learned of another problem...a recall for a gas line issue. Someone needs to inform the owners of this vehicle when a recall is made. I was not informed. I accidentally found out about it at the dealer.

Consumer gives permission to discuss this matter with the Honda Corp *VA *JS
(NHTSA ID 11055685, Report Date: December 20, 2017)

2017 Honda CR-V: Problem: the apply brakes light appeared on the dashboard display and the brakes automatically applied, dragging the car from 65mph to 25 in about 80 feet. **The SUV behind me narrowly avoided hitting me**. There were no cars in my lane ahead of me for est. 7 car lengths. Narrative: clear day on the capital beltway, 495, inner loop immediately after the chain bridge road exit in Virginia. I had accelerated from 30MPH to merge from the Highway 7/Leesburg Pike on-ramp onto the 495 inner loop into heavy traffic. This first lane from the right is a filter lane where on-boarding cars and exiting cars must filter onto the freeway or an exit in about .2 miles. After entering the heavily trafficked filter lane I cleared and entered the second freeway lane, making 65MPH to match traffic. Nobody was turning into my lane. My lane (second from right) was clear an estimated 7 car lengths in front of my car, but lanes around me were heavily travelled due to several exits in a short distance. (Tysons Corner/Highway 7, Chain Bridge Rd (VA 123), Dulles Toll Road (VA 267). After passing the

13

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

Chain Bridge exit, before engaging the cruise control, I was jerked forward into the shoulder restraint as the brakes automatically engaged: the brake indicator showing on the dash. I looked in my rearview mirror and noted a SUV heavily braking to avoid impact. I hit the accelerator hard to increase the distance between it and me, making the brakes disengage. Speculation: this model frequently locks onto cars leaving my lane ahead of my course of travel and heavily deaccelerates as they slow to exit speed. Many cars were jockeying to exit in the lane to my right. My suspicion is the active braking system was tracking some car in the right filter lane and applied brakes to match their exit speed, which could have been around 20MPH.
(NHTSA ID 11067373, Report Date: February 7, 2018)

2017 Honda CR-V: **Sensor failure displays on the dashboard saying that some driver assist systems cannot operate**: radar obstructed. Honda of Frederick tells me it's a weather related issue and manufacturing issue that they cannot do anymore to fix the problem.

Have happened 4 times; recorded 3 times: driving in rain on highway, driving in snow in town, driving next day after snow but nothing on the road on highway. All straight ways. Have invoices from dealer.
(NHTSA ID 11088794, Report Date: April 18, 2018)

2018 Honda CR-V: I was driving about 70MPH on the highway west bound in the morning, no direct sunlight, it was an overcast day. I had the adaptive cruise control on. **For no reason at all my car slammed on the brakes, did a moderate nose dive and locked my seat belt. No warning what so ever**. There was not another car for at least a 1/4 to 1/2 mile in front of me. Unfortunately there were cars behind me. I quickly disengaged the adaptive cruise control and floored the gas, avoiding an accident from the rear. I had this identical problem with a 2016 Honda Civic Touring, and every time I reported it, the dealership would blame sunlight, even if there was none when it happened. Something needs to be done about this.
(NHTSA ID 11111548, Report Date: July 16, 2018)

2018 Honda CR-V: Collision mitigation braking system activated inappropriately while traveling at 45 mph, on a clear day, straight road with no oncoming traffic. **"brake" displayed on dash with no warning**

14

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

**alerts at the time the full brake came on. Driver and passenger
thrown forward, locking seatbelts.**
(NHTSA ID 11119364, Report Date: August 11, 2018)

2018 Honda CR-V: On Monday, 8-20-18, the collision avoidance
system caused the car to slam on it's brakes. There were no other
vehicles or pedestrians anywhere near the vehicle. In the past, the brake
light on the dash has lit up before with no vehicles around, but this is the
first time it has slammed on the brakes. I took it to the dealer who said
everything checked out fine, then printed out a bunch of papers for me
explaining how the system works, which is basically saying it didn't
happen. We are very fortunate that there were no cars behind us. **This is
a serious issue which needs to be dealt with before someone gets hurt.**
(NHTSA ID 11121577, Report Date:  August 22, 2018)

2018 Honda CR-V: **On two different occasions while driving on the
freeway, with no vehicles in the vicinity, my car abruptly applied the
brake system.** I didn't think to make note of the speed or date when it
happened the first time, but I did make note of the second occurrence.
During both occurrences, econ mode was turned off. Speed was 58 mph
as I had merged over to the right to an exit lane. I did check online for
any recalls for my vin and/or the make and model of my vehicle. No
recalls were on record. I also checked different forums and found a
couple complaints within the last month. I just purchased this vehicle
from the Honda dealership 3 months ago.
(NHTSA ID 11132704, Report Date: October 1, 2018)

2019 Honda CR-V: Collision mitigation system automatically braked
when there was nothing in front of the vehicle. *Vehicle was being driven
at approximately 25 mph on a city street when suddenly the brakes came on
and the vehicle came to a sudden stop*.
(NHTSA ID 11207421, Report Filed: May 14, 2019)

2019 Honda CR-V: *Driving and the anti-collision activated and stopped the
car. No cars around and no obstacles in the road. The display screen
indicated a problem with the system but when I took it to the dealership,
nothing was in the computer that indicated something was wrong (see pic).*
Even after the pic was shown to the dealership service dept they said the
same thing- nothing was wrong with the car. The car was driving at a

---

15
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

slow speed on an on-ramp with no car or obstacles in front of it. Who would have known what would have happened if it occurred while traveling at a higher rate of speed with traffic or going down a curved hill.
(NHTSA ID 11209895, Report Filed: May 23, 2019)

2019 Honda CR-V: The automatic vehicle ***braking system applied urgent brakes on its own when no other car was in front***, nor was any other obstacle in front of our car. This is a ***huge concern*** because, the system applying automatic brakes could have resulted in a collision.
(NHTSA ID 112098532, Report Filed: June 30, 2019)

2019 Honda CR-V: ***The collision warning system has activated the 'brake' light several times in about the first 2,800 miles. It has not applied the brakes but the light has come on even though there were no vehicles close to mine. Closest in front of the vehicle was several hundred yards and nothing to the left, right or back.*** the brakes were not applied like some other online complaints for 2017 and 2018 models but I am worried that could happen. each time I noticed the light I was traveling about 55 mph on route 28 in Virginia in Dulles airport area. I did not see any planes in the area at the time. The most recent incident was at about 5:45 am on July 17, 2019.
(NHTSA ID 11232670, Report Filed: July 17, 2019)

**Honda Accord:**

2016 Honda Accord:  tl* The contact owns a 2016 Honda Accord. While driving 35 MPH approaching a metal plate, the collision warning indicator iluminated. The vehicle slowed down and vehicle stopped behind the metal plate. The dealer and manufacturer were not notified of the issue. ***The failure milage was 3,300***. ...updated 01/23/17 *bf
(NHTSA ID 10935290, Report Date: December 14, 2016)

2016 Honda Accord: My husband was driving, I was in the passenger seat on a clear day, full visibility, there was a car several car lengths ahead of us turning right. It cleared the way without us needing to brake. We were traveling about 40 mph at around 2pm. ***Our vehicle thought there was still a hazard in the road***. We have a sensing package in the vehicle, which ***caused our car to come to a full and complete stop***, engaging the seat belts as

16

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

well. We have full video evidence of the incident from a third party dash cam. *We were almost hit from behind*. We took the vehicle to the dealership thinking there was something wrong with it, it was returned, saying that the car worked as intended. Having been in the vehicle at the time, and I disagree, and *am now extremely afraid to drive my car*….
(NHTSA ID 11045398, Report Date: November 12, 2017)

<u>2017 Honda Accord</u>: *Collision detection system falsely goes off on a regular basis* due to opposing traffic. Slams brakes to floor, overriding accelerator - has happened in the middle of an intersection twice and on a two way straightaway with no vehicle in my lane. *I've had the car for 1 month and almost been in 3 accidents* due to this faulty system which I am now deactivating. I've driven vehicles with these before (Ford) and it never went off like this- the system is defective and dangerous.
(NHTSA ID 11002642, Report Date: October 1, 2018)

<u>2017 Honda Accord</u>: I was driving on the highway with the cruise control on and *the vehicle apply the brakes without anything [being] in front of it. It's scary because any one could rear end you.* Took it to Honda where the vehicle was purchased and they were talking about realigning the sensor.
(NHTSA ID 11048125, Report Date: November 23, 2017)

<u>2017 Honda Accord</u>: I'm not sure but I think it's the regenerative brakes. They came on so hard when I let off the gas. *I was almost rear ended* and the guy behind me was pissed off. I was on the 15 fwy going about 70 when I let off the gas and the brakes slammed on. And on … hwy going about 30 mph let off the gas and the brakes slammed on.
(NHTSA ID 11032615, Report Date October 9, 2017)

<u>2018 Honda Accord</u>: Bought vehicle Nov 22,2017. The following week when commuting home from work *a light came on while using driver assist showing collision mitigation system problem*. See your dealer. We took it to the dealer and reported the problem. The shop foreman said to take a photo if this happens again. … The 3rd time on the commute home was *a scary situation when not only the light came back on, the brakes engaged at approx. 55 mph and we thought someone rear ended us in the fast lane on the freeway.* Thankful no one hit us or us hitting them. Took the car back to the dealer over 2 weeks ago and they are trying to replicate it once again. Now *the car is not safe to drive* due to the fact the brakes engaged on the

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

freeway at 55 mph. ***We refuse to drive it***. The dealer called us to drive it because they installed a recording device when it happens again. This didn't make sense to us to subject anyone to a possible accident. We understand they are trying to replicate it but ***someone could be hurt or killed***. We are in limbo and are very disappointed.
(NHTSA ID 11057488, Report Date: December 29, 2017)

2018 Honda Accord: ***Three times during the first 1500 miles the collision mitigation braking system has failed***, disabling that feature and adaptive cruise control, displaying a large diagnostic on the electronic dashboard and telling me to see my dealer. In all cases I was driving in normal traffic on northern California freeways at cruising speed (twice on 101, once on 80). The first two failures occurred during daytime, the third at night. the weather in all cases was normal (no rain, snow, mud, ...) When I visited the dealer after the first two occurrences (when the car is turned off and then back on the condition clears) the dealer found no diagnostic codes or other problems. then the problem occurred a third time. ***The dealer and Honda corporate say they have no idea how to fix it*** because of the absence of diagnostic codes.
(NHTSA ID 11080670, Report Date: March 21, 2018)

2018 Honda Accord: ***At 670 miles***, I was driving slowly around a corner when I heard a long beep followed by a ***"collision mitigation braking system problem. See your dealer" message***. The adaptive cruise control also stopped working. … Restarting the vehicle clears the error and allows the adaptive cruise control to work again until the next time it occurs. Both times this has happened were on warm, sunny, clear days with dry roads and no obstructions in front of the radar or camera units. ***Yesterday, the CMBS failed to alert me to a four-wheeler that drove across the street in front of me*** and it seems less sensitive at detecting other vehicles now - even when there are no error messages or warning indicators present.
(NHTSA ID 11101711. Report Date: June 7, 2018)

2018 Honda Accord: I purchased the car July 3rd, 2018. ***Driving on a trip at around 900 miles*** and had the adaptive cruise control engaged. The car made a beeping sound and the cruise control powered off. ***A message came up stating collision mitigation breaking system needed to be serviced***. The cruise would not come back on. When I arrived at the destination I turned

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

the car off, and upon turning it back on the warning was gone. I drove home with no problem.
(NHTSA ID 11112350, Report Date: July 17, 2018)

2018 Honda Accord: *I have received the "collision mitigation braking system problem" multiple times*. I have taken it to the dealer and they adjusted the brake and did a software update but I continue to get the same problem.
(NHTSA ID Number: 11111817, Report Date July 17, 2018)

2018 Honda Accord: Wife was driving on interstate in the left hand lane about *75 mph when a yellow light appeared on the dash and car lost engine power*. Wife is unsure which yellow light came on due it happening so fast. She coasted across three lanes and made it to the shoulder. Car was towed to dealer and they cannot find anything wrong with it. There is 700 miles on the car. *Dealer said it may have been road debris that caused collision mitigation braking system to take control* of the car but nothing was recorded in the edr unit. *Very unsafe.*
(NHTSA ID Number: 11118197, Report Date: August 6, 2018)

2018 Honda Accord: 2018 Honda Accord EXL. 1565 miles on odometer. Weather was sunny and 89°f. I was driving vehicle on the interstate at approximately 65 mph with ACC and LKAS activated but being closely monitored as this feature is new to me. As the traffic was slowing down ahead the instrument cluster displayed "collision mitigation braking system problem. See your dealer" error message. I had to quickly apply the brakes to avoid a collision with the car in front of me. In the process of notifying dealership to seek out a solution. *Very worried about this as a system designed to prevent front collisions almost caused one!*
(NHTSA ID Number: 11118889, Report Date: August 10, 2018)

2018 Honda Accord: *Collision mitigation braking system fails* during operation of adaptive cruise control. The vehicle will no longer verify if a collision is going to happen, and *can cause the vehicle to collide with a forward vehicle.*
(NHTSA ID Number: 11120738, Report Date: August 17, 2018)

2018 Honda Accord: *On 3 separate occasions the car has seen a shadow on the ground and slammed on brakes then releasing for no reason*. There were no other vehicles around me on each occasion. I thought the car was

19

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

stopping on a yellow light on the first incident but was told by the service manager that it doesn't do that. ***This is a very dangerous issue that needs to be addressed.*** I asked the service manager to disable it but was told he can't do that when it is possible because this is an added feature.
(NHTSA ID 11120677, Report Date: August 17, 2018)

2018 Honda Accord: The ***car randomly slams on brakes*** caused by the Honda sensing collision mitigation system. ***This is very dangerous.***
(NHTSA ID 11123613, Report Date: August 31, 2018)

2016 Honda Accord: When traveling down a road straight about 45 mph the automatic braking system flashed "brake" on the cluster and then the ***car came to a stop when there was nothing in front of me*** that I could see. Car has 16000 miles on it and this has never happened before. The car behind me had enough room to stop in time. Took it to the dealer and they could not find anything wrong but a dirty camera code set.
(NHTSA ID 11124024, Report Date: September 2, 2018)

2018 Honda Accord: I have gotten the warning on my dash stating "collision mitigation braking system problem. See dealer" several times per week since putting about 1200 miles on the car (Feb 2018). Since seeing this warning ***my car will slam on the brakes at random*** (during highway and city driving) as if it detected a vehicle in front of me but there was no vehicle present. I have taken the car to the dealer several times and have gotten no solution. I have also called Honda North America and filed a complaint and still have gotten nowhere. ***This issue could easily cause an accident and I have spoken with other owners having the same problem and even someone who has been rear-ended because of this***.
(NHTSA ID 11124539, Report Date: September 5, 2018)

2018 Honda Accord: On several occasions this car's collision mitigation system has ***applied the brakes without any reason and this is a very serious safety issue*** for the public at large and needs immediate attention from Honda.
(NHTSA ID 11128098, Report Date: September 7, 2018)

2018 Honda Accord: I was driving down a busy road in my town and no cars were in front of me and I did not lane departure at all and ***the car suddenly came to a complete stop almost for no reason*** thankfully no cars

20

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

were behind me. ***This also happened again when I was on the freeway*** there was no car in front of me and the car behind me was coming up fast luckily they noticed my car braking and got over.
(NHTSA ID 11144946, Report Date: September 12, 2018)

<u>2018 Honda Accord</u>: ***Collision mitigation system would activate at random times even when there is nothing in front of the car*** and would slam on the brake when the vehicle is moving slowly at around 3 miles per hours in a driveway.
(NHTSA ID 11128838, Report Date: September 12, 2018)

<u>2018 Honda Accord</u>: Purchased accord 8/25/2018, 103 miles on car at time of purchase. Driving that same night at around 30mph on residential 2 lane road. Car came to a complete stop on its own. ***Collision mitigation system error came on dashboard.*** Took to dealer 8/27/2018. Dealer reset the system and told us everything okay. … 9/16/2018 - traveling on 4 lane hwy at 50 mph. ***Car activated brakes again and brought the car to a complete stop. This incident almost resulted in a rear end collision. Driver behind was able to swerve and avoid hitting us***. Each incident there was no drivers ahead of me, no animals/items crossing path. Completely random and cannot willing replicate. 9/18/2018 dealer is now coming to pick the car up and work with honda engineers to determine the issue.

This a a huge safety concern that will at some point cause serious injury to operator and other drivers on the road. Honda must recall this feature immediately.

we have also contacted the Iowa atty general office to report issue
(NHTSA ID 11130068, Report Date: September 18, 2018)

<u>2018 Honda Accord</u>: While driving at highway speeds with ACC (adaptive cruise control) enabled and LKAS (lane keep assist) enabled and passing a car and another time an 18 wheel truck, ***the car suddenly and abruptly braked*** to slow down 5 mph. The road was straight and no cars were in front of me. ***This was a very dangerous situation*** because cars were behind me and they all had to react to slow down.
(NHTSA ID 11132093, Report Date: September 28, 2018)

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

2018 Honda Accord: Monday September 24th, 2018, I was traveling on U.S. highway 19 and a vehicle turned off about a half mile ahead of me while I had the cruise control engaged. The vehicle had completely cleared the road and *my car slammed on brakes causing everything in the vehicle to be thrown into the floorboard. Had there been a car behind me, the car would have rear-ended my vehicle*. There continues to be an issue where the sensor recognizes something in the road that is not there or a vehicle that has already cleared the road and slams on brakes. This creates a *serious safety issue* and is damaging on the brakes. *I do not feel safe driving* with this system engaged because *I do not know when the vehicle will slam on brakes causing other drivers to rear-end me.*
(NHTSA ID 11132232, Report Date: September 29, 2018)

2018 Honda Accord: While driving with the cruise control on the *collision mitigation and braking system will intermittently turn off* and disable the cruise control. *Dealer says nothing is wrong*, claim the sensors are overloaded. This can happen on bright sunny days, cloudy days and at night. Sensor on front of car is clean; no bugs, smears or liquids. Will reset with a stop/start of the engine. Code check revealed. Uo401-53 temporary stop of integrated driver support system -- received stop request by pgm-fi system. Error code 401-93 temporary stop of integrated driver support system -- received stop request by pgm-fi system. This happens only when the cruise control is on and moving. *This has happened at least 12 times in the past 8 months, most recent was today*.
(NHTSA ID 11139747, Report Date: October 11, 2018)

2018 Honda Accord: Automatic emergency *braking took car from 60 to 0 on highway* (route 65n in Nashville). Luckily no one was behind me (it was 6am) or *I could have been rear-ended*. I could not accelerate or control the car at this point and came to a complete stop. *This is the second time this has happened in the last month.* This turns a touted safety feature into a hazardous feature. Planning on a dealer visit this Friday.
(NHTSA ID 11142127, Report Date: October 23, 2018)

2018 Honda Accord: *Driving down the road at 75 miles an hour and the brake system engaged. No cars around.* Had another vehicle (especially tractor trailer) there would have been a serious collision. I do not want this vehicle anymore. Dealer says its not a warranty problem. *Serious safety concerns.*

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

(NHTSA ID 11149665, Report Date: November 4, 2018)

2018 Honda Accord: The transmission also seems to exhibit issues which I have taken up with the dealership on two occasions where it appears to shift hard under light acceleration and even under passing power. also, upon accelerating, the car will seem to bog down like it has a air intake issue(sensation feeling) it does it from stop and go at times and also when at speed. I have noticed that when it rains it seems to be even more pronounced as well. The other issue has been the honda sensing. as of late I have found myself turning off certain "safety" features out of fear of them malfunctioning after two freak *incidents twice when at speeds on the hwy, the emergency mitigating brake has engaged with no traffic around or in front me, basically slamming on the brakes which is extremely dangerous another time the steering has tried to yank me into another lane thinking I have gone off the road, the road mitigation system.* These issues could have proven very dangerous in both situations if vehicles were next to me or behind me and these issues with a brand new car are not making me feel safe to drive the car. Also, another new item which I have caught on camera is the radio head unit has now began to shut off intermittently during normal operation for no apparent reason or cause. I have had the recall on the back up camera completed already. but these errors still continue. the car is going to the dealership on Thursday, 11/7/2018 to get these looked into, but this is the 3rd time the car has had to go to the dealership since purchase in July for non regular maintenance. I am going to only deal with this a few more times before I hire a lemon law attorney. (NHTSA ID 11149869, Report Date: November 7, 2018)

2018 Honda Accord: The *collision mitigation braking system has completely failed twice on my month old 2018 Honda Accord*. When this fails, the cruise control is also deactivated. Both times the car was in motion with the adaptive cruise control active.
(NHTSA ID 11163531, Report Date: December 26, 2018)

2018 Honda Accord: The car has a sensor for braking. On several occasions I have been driving and *the car braking system comes on making the vehicle come to a sudden stop*. During several of these dangerous braking events no vehicles or objects were in front of me. *I have almost been rear ended because of the braking*. I have noticed that even shadow from a tree can trigger the sensor to make the braking system turn on making the car

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

come to a sudden stop. ***This is extremely dangerous*** and there is no way to turn this feature completely off. When you turn it off it resets once you turn the ignition to start the car again. ***This recall needs to happen now before someone gets injured or killed.***
(NHTSA ID 11164114, Report Date: December 30, 2018)

<u>2018 Honda Accord</u>: Collision mitigation braking system problem, car brakes by its self, ***was driving at 75mph and car slammed on brakes to 35 on US 71 almost caused an accident***. Also monitor on dash that has home Nav audio settings shuts of by itself and reboots. Braking problem happens on cruise control and normal driving. I photo the dash 5 times when collision mitigation went off in a 5000 mile period.
(NHTSA ID 11173896, Report Date: February 4, 2019)

<u>2018 Honda Accord</u>: The Honda sensing system sometimes ***automatically slams on the brakes at highways speed*** when there is no vehicle in front of me, ***nearly causing collisions*** with vehicles traveling behind me.
(NHTSA ID 11171562, Report Date: January 23, 2019)

<u>2018 Honda Accord</u>: Vehicle running, both driving and stationary, dash indicated three warnings: "adaptive cruise control system problem", "***collision mitigation braking problem***", "road departure mitigation problem". All three ***systems were nonfunctional***. Dealer advised to drive through a car wash before coming in for repair. The car wash appears to have worked, but this is absurd! Every time it rains or car is dirty, the safety features don't work? Didn't see this disclosure when I bought the car or when I paid for these features.
(NHTSA ID 11173899, Report Date: January 4, 2019)

<u>2019 Honda Accord</u>: On a number of occasion, both on the highway and driving in town, the adaptive collision control system has signaled "brake" ***while abruptly applying the brakes even though there was no obstruction anywhere near*** the front or sides of my vehicle, in one case ***nearly causing the vehicle behind me to collide with my vehicle***.
(NHTSA ID 11173464, Report Date: February 1, 2019)

<u>2020 Honda Accord</u>: I was driving on interstate 15 going 70mph on a clear sunny day and no traffic was in front of the vehicle. ***The car suddenly flash the brake light indicator and the vehicle began stopping***

24

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT<br>CASE NO. 2:18-CV-04007-MWF-PJW

*instantly as if their was car in front of mine.* Luckily I looked the mirror and seen a semi truck behind me hit his brakes and *I had to floor the gas pedal before being rear ended bu the semi truck.* This could of caused multiple fatality in my car if I did not hit the gas pedal when the car braked for no reason. The car is only 6 mo old and has 15,000k miles on it.
(NHTSA ID 11350996, Report Filed: August 24, 2020)

2020 Honda Accord: I was driving on the highway on a sunny day with no other cars around me, and nothing in front of me. I was driving approximately 55mph, and *all of a sudden the collision mitigation braking system engaged and almost brought the car to a full stop. The braking system engaged for approximately 4 seconds, my foot remained on the gas because I was startled and could not understand what was happening, and had no time to react.* The automatic braking system then released, and the car kept driving.
(NHTSA ID 11321362, Report Filed: April 17, 2020)

*See* www.safercar.gov (emphasis added in all).

**Honda's knowledge of the Defect**

43.     Honda discovered the Defect plaguing Honda Sensing in Class Vehicles long ago.

44.     Honda, along with the rest of the automotive industry, has known for years that autonomous braking systems are at risk of object detection problems that lead to false alarms and abrupt braking where no potential collision is imminent. Honda conducted a safety recall in 2015 when several of its models were experiencing these types of false alarms and dangerously braking for no apparent reason. It has thus long been incumbent on Honda and other manufacturers using autonomous braking systems to undertake appropriate prerelease testing and inspections to ensure the vehicles are not prone to false alarms.

45.     For many decades, Honda has conducted durability and reliability testing of its new vehicles before introducing them to the market. This means that Honda automobiles, including Class Vehicles, are exposed to lengthy and comprehensive physical testing that reveals how the vehicles and their component

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

parts and systems (including the CMBS) will perform over the span of many miles of driving. Recognizing that automatic braking features require "the ultimate degree of precision," Honda conducted self-described "endless testing" of these systems, which took "[m]any days."[12] According to Honda, its repeated "[b]rutal tests" made test drivers carsick after experiencing sudden braking "over and over."[13]

46.     For example, in prior models equipped with CMBS, Honda employed two types of track tests specifically to evaluate the CMBS in "real world" situations. The testing involved a test driver driving toward targets and then evaluating whether the system reacted as intended. Honda used a combination of functionality and efficacy tests to estimate the effectiveness of the system in real-life situations.[14] Honda also conducted tests on public roads to determine the accuracy of the system's functions, particularly in different weather conditions.[15] Honda tested these systems "in as many situations and conditions as they could imagine."[16]

47.     Given its use of prerelease testing—which includes driving the vehicles for many miles—Honda surely discovered the Honda Sensing Defect before it sold the first Class Vehicle. As the driver complaints to the NHTSA above show, the Class Vehicles often experience false alarms and dangerous, unnecessary braking shortly after drivers purchase or lease them. Given the immediacy with which the Defect often manifests, it would be nearly impossible for Honda to put Class

---

[12] https://global.honda/content/dam/site/global/about/cq_img/sustainability/safety/Hearts/Hearts-2.pdf.

[13] *Id.*

[14] https://preview.thenewsmarket.com/Previews/NCAP/DocumentAssets/188045.pdf.

[15] https://global.honda/content/dam/site/global/about/cq_img/sustainability/safety/Hearts/Hearts-2.pdf.

[16] *Id.*

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

1   Vehicles to market without discovering the Defect beforehand through its pre-release

2   testing efforts (the results of which are exclusively within Honda's control).

3       48.    Also, once sales of a vehicle model begin, Honda carefully monitors a

4   variety of sources of information with the goal of detecting—as early as possible—

5   any sign of a defect in its vehicles. These sources of information include warranty

6   claims data, replacement part data, field reports (where technicians assist in repairs

7   or evaluate vehicles to assess the cause of problems and potential solutions), and

8   customer complaints. Honda, moreover, does not simply tally the total number of

9   each category, but instead uses business intelligence to make projections regarding

10  how many future failures there are likely to be and analyzes how those projections

11  compare with totals from previous vehicle models.

12      49.    There are several reasons for Honda's vigilance in this regard. For one,

13  Honda is required by federal law to look out for potential safety defects. Honda and

14  other manufacturers also have great incentives to discover defects early on before

15  they materially affect the manufacturers' outlay of expense (for dealership

16  technicians' time and for the purchase of replacement parts) in connection with

17  warranty repairs. Honda's and other manufacturers' competitive standing also turns

18  on customer satisfaction, which means Honda is receptive to feedback from the

19  people and entities who buy and lease new Honda vehicles—including not only

20  their complaints directly to Honda, but also their responses to new vehicle owner

21  surveys and their statements online (on the NHTSA website and elsewhere). Honda

22  thus monitors the NHTSA website and other sources of information regularly for

23  any signs of vehicle problems or defects. Honda begins reviewing this data as soon

24  as its models are introduced and monitors it continuously as part of ongoing quality

25  control efforts. As Honda puts it, its approach is based on the idea that "[i]t is

26  unacceptable that even one customer in a thousand – even one customer in ten

27

28

1   thousand – should receive a defective product."[17]

2       50.   Honda thus established a "Quality Center" whose stated goals include

3   "quickly detecting … quality issues when they occur."[18] Honda's vigilance in

4   searching for all early signs of defects in its vehicles is enhanced by the use of

5   sophisticated systems for detecting emerging vehicle problems as well as the

6   devotion of resources and personnel to detecting those problems as early as possible.

7   In modern day vehicle production, failures are typically measured per thousand

8   vehicles or sometimes even per hundred thousand vehicles.  As a result, defect

9   trends are frequently identified after just a handful of reported failures.

10      51.   In those instances where the various data streams available to Honda

11  show the possibility of a safety hazard in a Honda vehicle, Honda is particularly apt

12  to take note immediately. For example, after receiving just a single report in

13  November 2013 "of CMBS activation without any obstacles ahead of the vehicle,"

14  Honda initiated an investigation and conducted "94 separate driving tests." This

15  investigation ultimately resulted in the May 2015 recall discussed above.[19] In

16  addition to this recall, the month prior in May of 2015, Honda recalled thousands of

17  2014-2015 Acura MDX and RLX vehicles due to a defect in the CMBS whereby the

18  system may unexpectedly activate while in operation. Honda's Safety Recall Report

19  provided to NHTSA stated that "[i]n certain driving conditions, the Collision

20  Mitigation Braking System (CMBS) may unexpectedly activate while operating the

21  vehicle. In rare cases, the system may interpret certain roadside objects, such as

22  metal fences or metal guardrails, as obstacles and apply emergency braking through

23

24  _____

25  17

26  https://global.honda/content/dam/site/global/about/cq_img/sustainability/repor

27  t/pdf/2018/Honda-SR-2018-en-065-078.pdf.

    18   *Id.*

28  19   *See* ¶¶ 3, 38, *supra.*

the CMBS."[20] Honda further acknowledged that "If the CMBS applies unexpected emergency braking force during normal operation, it could increase the risk of a crash."[21] Honda issued a software update to remedy this issue.[22]

52.    In June of 2015, Honda Australia also recalled several thousand 2013-2015 Accords and 2014-2015 CR-Vs for the same issue.

53.    Although, on information and belief, these two recalls concern a version of the CMBS prior to its integration into Honda Sensing, the issues are emblematic of the problem at the core of the Honda Sensing Defect. The CMBS system essentially attempts to replicate human qualities—the ability to see the outside world and process such inputs in a meaningful way. Just as the CMBS in the Class Vehicles, the CMBS in these recalled vehicles was unable to properly process these inputs on a consistent basis.

54.    A series of Technical Service Bulletins ("TSBs"), Tech Line Summary Articles and Engineering Requests for Investigation issued quietly by Honda to its dealers since the introduction of Honda Sensing provide further evidence of Honda's pre-sale knowledge of the Honda Sensing Defect. On information and belief, although these bulletins purport to address issues limited to particular vehicles, the Honda Sensing System in all Class Vehicles is similarly defective. Honda has attempted to define problems with Honda Sensing narrowly to avoid the liability and expense of acknowledging the true nature and scope of the problem. For this reason, Honda Sensing issues continue to plague the Class Vehicles.

55.    For example, in January of 2017, Honda issued ATS 170102, titled "Radar Obstructed Message in the Driver Information Interface" directed to its 2017 CR-V vehicles.[23] Therein, Honda explained:

---

[20] *See* **Exhibit 1** at 2.
[21] *Id.*
[22] *Id.*
[23] *See* ATS 170102 attached as **Exhibit 2**.

29

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

If you see the message **Some Driver Assist Systems Cannot Operate: Radar Obstructed** in the driver information interface, it means something is blocking or covering the milimeter wave radar in the front grille, preventing it from detecting objects ahead of the vehicle.  You may also see this message when driving in rain, snow, fog, etc.  It's not uncommon for it to intermittently come on when driving under those conditions.

…

Although this info is covered in the owner's guide and owner's manual, some customers may thing there's something wrong with the vehicle when they see that message.  Be sure to pass this info along to the service advisors so they can educate their customers.[24]

On information and belief, this Tech Line Summary Article exemplifies Honda's attempts to explain away and cover up issues with the CMBS rather than acknowledge the existence of the Defect. Indeed, when Plaintiff Collras brought in his vehicle he was told that the problem was a dirty sensor lens which the dealer cleaned without doing more. This failed to solve the problem.

56.     Only a month later, in February of 2017, Honda issued ATS 170204 titled "ACC, Collision Mitigation Braking System, and Road Departure Mitigation, Indicators On with DTC P2583-76" directed to its 2017 CR-V vehicles.[25] Therein, Honda explained:

Some early production vehicles undergoing PDI or coming in with low mileage may have this issue:

• The ACC (Adaptive Cruise Control), Collision Mitigation Braking System, and Road Departure Mitigation indicators are on.

•DTC P2583-76 (temporary stop of integrated driver support system [misalignment millimeter wave radar] is set.

---

[24] *Id.*

[25] *See* ATS 17024 attached as **Exhibit 3**.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

•The driver information interface shows **Adaptive Cruise Control Problem**, **Collision Mitigation System Problem**, and **Road Departure Mitigation System Problem** messages.

(Emphasis in original.) Honda blamed the factory's radar aiming process and instructed dealers to re-aim the radar.

57.     The very next month on March 29, 2017, Honda issued an Engineering Request for Investigation, titled "2017 CR-V MIL On with DTC P2583-76 Stored."[26] In this Request, Honda explains that it had received certain customer complaints of the Malfunction Indicator Lamp (MIL) on with DTC P2583-76 stored and "would like to collect specific parts from the vehicle prior to [the repair engineer] attempting a repair of any kind" in order to "fully understand the cause."[27]

58.     On September 23, 2017 Honda issued TSB 17-064 directed to the 2017 CR-V and titled "MID Displays ACC, LKAY, RDM, Brake Warnings and Other Listed Symptoms." This TSB states:

There is an internal issue with the millimeter wave radar software, which may lead to one or more of the following symptoms:

•      The millimeter wave radar is improperly calibrated resulting in DTC P2583-76 (temporary stop of integrated driver support system [misalignment millimeter wave radar]

•      Front radar blindness due to severe weather conditions (rain, snow, fog, etc.) may trigger a sporadic false Radar Obstructed message on the MID.

•      The vehicle speed fluctuates at highway speeds when adaptive cruise control is set.

•      DTC C0051-54 (steering angle neutral position learning incomplete),

---

[26] *See* AER17030B attached as **Exhibit 4**.
[27] *Id.*

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

U041-68 (brake actuator malfunction), and U0416-92 (temporary stop of integrated driver support system [rejected control request by VSA system]) are set after the battery is replaced, disconnected, or jumped.

• During radar aiming, the Radar Obstructed message appears on the MID throughout the aiming procedure.

• During radar aiming, 4 and No Target are not displayed on the MID.

• DTC B2A60-98 (multipurpose camera unit temperature too high) is set.[28]

As a corrective action, this TSB provides for a software update to the millimeter wave radar unit. Such purported fixes are common in the auto industry because they are inexpensive, but they are often ineffective. For example, Mr. Mosqueda was informed that a software update was performed on his vehicle but continued to experience CMBS problems thereafter.

59. Also, in September 2017, Honda issued a Tech Line Summary Article titled "Collision Mitigation Braking System and Road Departure Mitigation Indicators Blinking at PDI?" directed to the 2018 Honda Fit. This article explains that the Collision Mitigation Braking System and Road Departure Mitigation indicators may be blinking without any DTCs stored and that Honda is aware of and investigating the issue.[29]

60. In November of 2017, Honda issued a Tech Line Summary Article directed to the 2017-2018 Honda Accord titled "Shudder/ Jerking with Various Indicators On." This article states, in relevant part:

We're currently looking at an issue where the vehicle shudders or jerks and various indicators come on. What's particularly noticeable is the

---

[28] *See* Service Bulletin 17-064 attached as **Exhibit 5**.
[29] *See* ATS 170902 attached as **Exhibit 6**.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

> CMBS indicator comes on with **Collision Mitigation Braking System Problem. See Your Dealer.** in the driver information interface.
>
> As part of our investigation, we need your help to collect as much vehicle date on this issue as possible…
>
> We'll let you know when we have a solution available.[30]

(Emphasis in original). The references in this TSB to the illumination CMBS warning lights accompanied by jerking and shuddering are consistent with unintended activation of the CMBS, which is designed to operate in stages that range from activation of warning lights only, to activation of warning lights with light braking and, if a crash is unavoidable, with strong braking. On information and belief, Honda has not let anyone know of a solution to date.

61.    Also in November of 2017, Honda sent two messages to its dealers where it reported that 2017-2018 CR-V drivers continued to complain about "various warning lights such as the brake system, lane departure, ACC & forward collision warning illuminat[ing] on the dash."[31] Prior to attempting a repair, dealers should contact Honda and permit it to inspect the vehicle. Honda also walked back its radar explanation, telling dealers it only wanted to inspect vehicles where a prior "[a]ttempt to re-aim the radar is not successful."[32] It issued similar messages in January, March, and April 2018.

62.    In October 2018, Honda revised its instructions to dealers on re-aiming Class Vehicles' radars and admitted that many common and ordinary "environmental and roadway conditions can affect normal operation" of the Honda

---

[30] *See* ATS 171104 attached as **Exhibit 7**.

[31] https://static.nhtsa.gov/odi/tsbs/2017/MC-10124995-9999.pdf; https://static.nhtsa.gov/odi/tsbs/2017/MC-10124999-9999.pdf.

[32] *Id.*

Sensing system. These conditions include:

- Rain, fog, and snow;
- Low sunlight;
- Strong light;
- Shadows from trees or buildings;
- Driving at night;
- Sudden changes between light and dark (such as the entrance or exit of a tunnel);
- Driving on curvy roads; and
- Driving on a hill.

Although Honda told its dealers to "[a]lways remember" that the above conditions can interfere with Honda Sensing, Honda has not published this message for the benefit of drivers or potential purchasers of Class Vehicles and has not instructed its dealerships to warn drivers or prospective buyers about the problem.

63.     Internally, Honda has conducted a series of investigations relating to Class-Vehicle driver complaints related to the Defect. In doing so, Honda has investigated the Accord and CR-V models as part of the same investigation or at the same time, confirming Honda views them as all being the same or substantially similar.

64.     For example, as early as July 20, 2017, Honda initiated an investigation because "customers and dealers report[ed] that the vehicle error/warning lights for collision avoidance systems (ACC, LKAS, CMBS) are turning on" in both Accord and CR-V models.[33] Honda's practice of linking Accord and CR-V investigations continued into 2018 when it similarly began to investigate reports relating to both the Accord and CR-V that "customers are complaining about warning lights coming

---

[33] Honda North America MQ Quality Improvement Sheet, Bates No. 0057850.

34

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

on with the ACC, LKAS, etc."[34]

65.    Despite Honda's longstanding knowledge, investigations and other activities, Class-Vehicle drivers continue to report the same problems continuing to the present day, including the Defect actually resulting in collisions:

**Class Vehicle Collisions:**

2018 Honda Accord: As i was pulling out the garage from the san francisco international airport heading towards the highway to san francisco the miles per hour is 30 entering and then 65 mph when you get on highway. The dash board indicates the wrong miles for speed it said 100 mph. It stayed like that for more than 5 mins. I already had a previous situation with this vehicle where the braking systems engaged as i was on highway in 05/13/2018, and almost caused my life and others behind me, *there was significant damage from being rear ended and over 18k worth of damage* but honda dealer keep saying nothing was found faulty! I had them turn off all safety modes cause I'm afraid it will happen again but it keeps coming back on. It yanked me several times when no other car is around me. The braking light appeared several times already since i got it back, and it's like they don't believe you. Now after all this I'm stuck with a faulty car I'm really thinking about getting a lawyer on this. And my speakers seem not to be right either the sounding is very low compared to when i got it. Only 2000 miles and this car been a pain . Physically and mentally! And did i mention that my airbags didn't work from first incident i reported. After car was crushed in from being hit from behind . Nope they failed too.
(NHTSA ID 11155594, Report Date: December 3, 2018)

2018 Honda Accord: I have gotten the warning on my dash stating "collision mitigation braking system problem. See dealer" several times per week since putting about 1200 miles on the car (Feb 2018). Since seeing this warning *my car will slam on the brakes at random* (during highway and city driving) as if it detected a vehicle in front of me but there was no vehicle present. I have taken the car to the dealer several times

---

[34] Honda North America MQ Quality Improvement Sheet, Bates No. 0057869, 0057873.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

and have gotten no solution. I have also called Honda North America and filed a complaint and still have gotten nowhere. ***This issue could easily cause an accident and I have spoken with other owners having the same problem and even someone who has been rear-ended because of this.*** (NHTSA ID 11124539, Report Date: September 5, 2018)

2018 Honda Accord: May 13th, 2018 driving on the highway doing 50-55 going eastbound on the Bay Bridge in San Francisco - "out of nowhere" the electric parking brake came on! And I didn't push no buttons! Not quite sure of the malfunctioning, but it cost [sic] ***an accident' [be]cause someone hit me from behind! … I'm afraid to drive a car that nearly killed us.*** (NHTSA ID 11096885, Report Date: May 19, 2018)

2017 Honda Accord: ***[W]hile driving on the interstate at approximately 65-70 mph***, the brake mitigation system suddenly activated abruptly applying the brakes to stop the vehicle erroneously and ***causing the driver to lose control of the vehicle and spin out before crashing into a guard rail.*** During the crash, the front end sustained significant damage but the air bags did not deploy. The contact indicated no other vehicles were present when the mitigation system erroneously activated. The driver sustained neck back and chest injuries and the occupant seated in the rear passenger seat sustained ***neck, back and front torso injuries.*** Medical attention was not required. A police report was taken at the scene and the vehicle was still drivable. The manufacturer and local dealer were not yet notified of the failure. The failure mileage was 19,000. (NHTSA ID 11081345; Report Date: March 26, 2018)

2018 Honda Accord: During stop and go traffic, ***car braked causing the person behind me to rear-end me.*** This had happened one other time, luckily the car behind me wasn't following too closely and I was going less than 30 MPH. A couple weeks after that while going highway speeds and wet road conditions, a warning light came on stating there was a problem with the Collision Mitigation Braking system and to see dealer. Once that warning comes on cruise control also disengages. This warning light has come on one other time, while driving highway speeds with dry road conditions. If the car is restarted the warning resets and all systems are up and functioning again. (NHTSA ID 11222554, Report Date: June 25, 2019)

36

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

2018 Honda CR-V: On Monday, June 29, 2020, I was driving home from target in college point. I was driving on 20th avenue, a two-way local street, and *all of a sudden my car braked*. The white van behind me stopped in time to avoid rear-ending me. Stepped on the gas, and the car didn't move, the engine just revved a little. Then all of a sudden the car jerked forward a little, and then began driving again. I made a left-hand turn and pulled over to make sure that nothing was stuck in the wheels, or under the car. There was nothing. I took it to my regular service station, to have them look at the brakes, and they said that there was nothing wrong with the brakes, that they were fine. The technician recommended that I take it to the nearest Honda dealer, and have them check the collision mitigation brake system. *The first time I had brake problems was in an accident I was in 9 months after I purchased the vehicle.* This incident occurred 8 months after the accident. I am concerned that we will be having braking problems every 8-9 months with the vehicle. (NHTSA ID 11339610, Report Date: July 15, 2020)

**Injuries Caused by Defect in Class Vehicles:**

2018 Honda Accord: Today something new happened and completely changed the game for me : *the car emergency breaks were activated by nothing and out of nowhere while I was driving on 90 mph !!!!!!! All my stuff were thrown from the back seat to the front and I got seriously injured by the seat-belt that was pushed against me! Let me make it clear...There were zero cars before me or around me !* Thank god for no cars behind me or this citation could have ended differently. I drove the car to the dealership and left the keys over there till they figure it our or give me a different car. I'm scared to go back driving it. (NHTSA ID 11192797, Report Date: March 31, 2019)

2018 Honda Accord: On 2 separate occasions my cars automatic collision mitigation system has engaged without notice and any reason. There was nothing in front of my car and the car braked suddenly while I was driving 45 mph. *The last time this happened I was thrown forward and back with a jerk. Since then ive been experiencing lower neck and shoulder pain*. I disengaged the collision mitigation system and will take the car into the dealership for diagnosis. (NHTSA ID 11192497, Report Date: March 29, 2019)

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

<u>2018 Honda Accord</u>:  Three times now I have had the emergency breaks activate for no reason. No one was injured the first time as the vehicle was moving very slow. ***The second time this happened though, I was injured. I was driving approx. 45 mph down a busy street when the car stopped without warning and for no apparent reason. I was nearly rear-ended. Not only did this scare me, but I was in extreme pain afterwards. When the pain got worse and I developed bruising on my neck I went to see a specialist and he confirmed that I have whiplash.*** When I spoke to the mechanic at the dealership I was told that the sensor is just sensitive. They checked it out but offered no solution. I have kept the feature turned off since this happened. The third time it happened with the feature disabled. My son was in the car with me. We were both shaken up pretty badly. I am now scared to drive this car. Every time the dash lights up for any reason, I flinch. I have had to miss work due to the injuries that I received. I am a single mom to five kids, I cannot afford to miss work due to poor design and engineering of this vehicle. I bought this car thinking that this feature was a safety feature. It has certainly proven to be the opposite! (NHTSA ID 11208040; Report Date: May 16, 2019)

<u>2018 Honda CR-V</u>: Traveling 45 mph on secondary road and car suddenly hit brake mode for no reason. No other traffic on road. Vehicle skidded and threw everything in vehicle to floor including pet. ***Whipped neck very hard.*** (NHTSA ID 11268935, Report Date: October 16, 2019)

**<u>Other Recent Honda CR-V Complaints:</u>**

<u>2019 Honda CR-V</u>: ***While accelerating through an unobstructed city street intersection from a red light that had just turned green, the vehicle's collision mitigation system -- without warning -- activated and forcefully applied the brakes for no apparent reason. The system brought the vehicle to a complete hard stop in the middle of the intersection and I was nearly rear-ended by the vehicle behind me.*** There wasn't any vehicle in front of my car and no reason for the system to activate. I could not override the system once it activated. I estimate my vehicle's speed at approximately 15 mph when the system activated. I understand there are reported problems and lawsuits about this issue with Honda's collision mitigation system. (NHTSA ID 11350528, Report Date: August 21, 2020)

<u>2019 Honda CR-V</u>: My 2019 Honda CR-V Touring model had ***sudden unintended braking. There were no cars or obstructions around.*** It was at

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

noon on a sunny day. My dealer said the car was working ok and gave me a page telling me not to use the adaptive cruise control in town. I called Honda Corp and asked for a buy back. ....
(NHTSA ID 11341916, Report Date: July 28, 2020)

2019 Honda CR-V: ***The automatic brakes have engaged three separate times, all while driving on the highway 60 mph minimum, each time in the right lane. Each time, no cars were present***, I didn't veer off the road and there was nothing to trigger the automatic braking system. Honda mechanic told me a bug must have been smashed on the sensor and that caused the braking. I find this hard to believe given this has happened three times in the last six months, including during cold weather.
(NHTSA ID 11340323, Report Filed: July 20, 2020)

2019 Honda CR-V: ***Unintended braking at 45 mph. full lock up with no cause.*** Released at 10 mph. clear 4-lane street, no curves, no debris, no cars nearby no shadows. I was in the left lane. Dealer told me not to use the adaptive cruise control in the city. (that is what sold me on the car).
(NHTSA ID 11330637, Report Date: July 24, 2020)

2019 Honda CR-V: ***Driving vehicle at 60 mph with cruise set. car suddenly braked, lane departure activated steering wheel control, lane assist warning displayed. There were no other vehicles on the road, the weather was clear as was the highway. The instrument display began to show the following error messages:collision mitigation, road departure mitigation, adaptive cruise control with low speed follow error, lane keeping assist and brake error icon displayed in cluster group.*** Trying to disengage systems using cancel on steering wheel did not work. Pulled off highway, turned off vehicle and restarted and all error codes disappeared. Contacted Honda service and was not given a reason this happened. I did find a class action law suit was filed in u.s. district court for the central district of california in/or about January 2020. the lawsuit claims the safety systems are defective in the 2016-2019 Honda CR-V, CR-V EX, CR-V EX-L, and CR-V Touring suv's. I have attached a pdf copy of article regarding lawsuit. *tr
(NHTSA ID 11321303, Report Date: April 8, 2020)

2018 Honda CR-V: While driving at about 55mph on rt.28 South Epsom, NH ***the car just stopped no cars in front of me. It stopped for no reason***

39

---

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

(NHTSA ID 11309098, Report Date: February 14, 2020)

2018 Honda CR-V: ***Twice at the same 4 stop intersection, I have come to a complete stop and when clear attempted proceed through the intersection and the collision mitigation braking system (cmbs) has engaged unexpectedly.*** Both times I entered the intersection and when a third of the way through dash board warning lights came on and the brakes engaged, halting me in the intersection.
(NHTSA ID 11315792, Report Date: March 3, 2020)

2018 Honda CR-V: The contact owns a 2018 Honda CR-V. ***The contact stated that while driving at speeds above 45 mph the forward collision avoidance system braking feature activated causing the vehicle to abruptly stop.*** The failure recurred on multiple occasions. The cause of the failure was not yet determined. The vehicle was not repaired. Planet Honda located at (2285 us highway 22, union nj) was notified of the failure. The manufacturer was not contacted. The failure mileage was 4,500.
(NHTSA ID 11317842, Report Date: March 13, 2020)

2018 Honda CR-V: Honda crv-2018 ***suddenly stops while driving***; also the brake light is flashing; no car is in front.
(NHTSA ID 11323333, Report Date: May 5, 2020)

2018 Honda CR-V: While driving north on route 43 approaching route 60 in lake Forrest, Illinois on November 5, 2019, my Honda CR-V suddenly stopped. ***And, I mean completely stopped for no apparent reason. Fortunately there were no vehicles behind me I was only traveling at 35 MPH. I believe this occurrence would be classified as a false positive error. It was raining lightly at the time. My only witness is my wife. I bought this car primarily to drive my grandchildren to school and now have lost confidence in its ability for safety.*** This problem hasn't occurred again since November 2019 but I don't know if I can trust our lives to a computer in charge of this car.

This is a computer programming error that will ultimately be responsible for the loss of life. Other computer assisted driving vehicles don't have this problem and they must have tested and overcome this specific performance issue.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

Does Tesla or Mobileye have his issue? Is it only Honda?
(NHTSA ID 11325001, Report Filed: May 18, 2020).

2018 Honda CR-V: *While in motion in a city street with foot on accelerator
the vehicle automatically braked for no reason. There were no other vehicles
around to warrant brake system to initiate.* This has happen several times
and could cause me an accident.
(NHTSA ID 11326380, Report Date: May 27, 2020)

2018 Honda CR-V: Driving rural city road at approx 25 mph when car
CMBS engaged. *No vehicles in front or objects. There was a vehicle
following me.  CMBS applied the brakes and vehicle in back of me came
within inches of hitting my car.*
(NHTSA ID 11325692, Report Date: May 24, 2020)

2018 Honda CR-V: *I was riding on a 4 lane highway, going straight, not
another car, animal or stoplight in sight and the automated braking system
slammed on brakes so hard it brought me to a stop - if I had not had a
seatbelt on it would have thrown me into the windshield and if another
vehicle had been behind me I would have probably been killed.* Nothing was
in sight to make this happen. I called my dealership and they never
heard of such but when I google it I find there's a class action lawsuit for
this same problem. This is a deadly problem, what if i had been on a
busy interstate hwy?
(NHTSA ID 11329761, Report Date: June 6, 2020)

2018 Honda CR-V:
*While driving on a level street around 40 mph with no cars directly in front
of me for 6+ car lengths, a car behind me, and cars next to me, the automatic
braking system tapped my breaks and issued warnings on the driver's
display.*
(NHTSA ID 11332010, Report Date: July 1, 2020)

2018 Honda CR-V: *While driving on a level street around 40 mph with no
cars directly in front of me for 6+ car lengths, a car behind me, and cars next
to me, the automatic braking system tapped my breaks and issued warnings
on the driver's display.*
(NHTSA ID 11332010, Report Date: July 1, 2020)

41
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

<u>2018 Honda CR-V</u>: I was driving on route 80 in new jersey at 70 mph. No traffic around me or in front of me the car applied automatic braking system. ***Car came almost to a complete stop causing me neck and back pain. There was no warning there was absolutely no reason Ii was using cruise control.*** Dealer find nothing wrong with the car. Very nervous about driving this car now. It was a clear sunny day.
(NHTSA ID 11340355, Report Date: July 20, 2020)

<u>2018 Honda CR-V</u>: ***On two occasions, the car has unexpectedly and without any reason, braked to a virtual stop, as though there were a vehicle directly in front of me, while driving in the city on a road going about 40mph. However, there were no cars anywhere near my vehicle. In addition, my car will also unexpectedly beep and signal to me that I must brake,*** again, without a car being in front of me, again, while in motion at approximately 35mph. The Honda dealer claims they have looked into my complaints, which I see as potentially life threatening, particularly if the car brakes on a fast moving interstate, and they are "unable to replicate the issue or find any sensor issues." the fact that this vehicle is operating correctly is patently untrue and the occurrences regarding the sensor "brake" messaging is becoming more and more frequent. I was driving on route 80 in new jersey at 70 mph. No traffic around me or in front of me the car applied automatic braking system. ***Car came almost to a complete stop causing me neck and back pain. There was no warning there was absolutely no reason I was using cruise control.*** Dealer find nothing wrong with the car. Very nervous about driving this car now. It was a clear sunny day.
(NHTSA ID 11340717, Report Date: July 21, 2020)

<u>2018 Honda CR-V</u>: ***The safety system (Honda sensing) that detects a car or pedestrian in your path and engages the brake warning light and automatic braking mechanism will sometimes engage at highway speeds when there is no object anywhere near the car. If this engages that could cause the car to stop on the highway causing a collision. I have had this happen 6 times and 2 of those 6 times the warning light came on and braking occurred.*** The other 4 times the warning light with the brake indicator came on which was distracting.
(NHTSA ID 11341489, Report Date: July 26, 2020)

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

<u>2018 Honda CR-V</u>: ***While driving on 45 mph road on 2020 feb 18 morning, the vehicle came to sudden stop after I crossed a signal intersection.*** There were no vehicles in the front or back luckily and I did not get damaged. I took the CR-V to Perfection Honda in Rio Rancho, after holding the vehicle for check up for 24 hrs, they did not give a meaningful reason and only given irrelevant answer. (Rest of complaint omitted). (NHTSA ID 11310592, Report Date: February 21, 2020)

<u>2017 Honda CR-V</u>: While driving on a secondary road, I crossed some road construction that had a large metal plate across the road covering where there had been some digging**. *My car suddenly and without warning came to almost a complete stop while automatically braking while crossing this metal plate, almost causing me to be rear ended by another car.*** I was driving about 40 mph in a suburb area. This happened at least 2 other times when I crossed this same plate on the road before avoiding this area with this car. Very scary and dangerous as there was no good reason to stop the car. (NHTSA ID 11251870, Report Filed: August 27, 2019)

<u>2017 Honda CR-V</u>: I was driving with my wife as a passenger on a 4-lane highway (2 lanes in each direction). Traffic was light. We were travelling at about 45 mph in the right hand lane about 500-feet from an intersection when I signaled to change lanes into the left lane as I would be making a left turn at the intersection. ***As we were midway into the lane change, our automatic collision avoidance warning flashed up on the instrument panel, beeped the alarm, and immediately (and unexpectedly) applied the brakes! The car behind us just missed plowing into the back of us because of the sudden braking for no reasons.*** The weather was good and just a bit cloudy, so weather had no bearing in this, and there was no traffic or obstacles near or in front of us to cause a false collision impression on the sensors. This has happened to us several times before and we did notify our Honda dealer and they said that this happens sometimes, especially in heavy rains when the sensors 'see' a heavy rain area as an object. On two prior occasions when this happened, again in clear weather and no objects around we were almost struck by a vehicle behind us. This is scarey, and I am glad I pay close attention to my driving as if I did not, this safety defect would kill us. (NHTSA ID 11255264, Report Date: September 13, 2019)

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

2017 Honda CR-V: Radio locks up and then indicator lights on dash flash - brake failure, VSA failure, TPMS failure, LDW failure, ACC failure, LKAS failure, CMBS failure. *Had it at Honda service two times and they reinstalled software and did a hard reboot. Issue reared its head again* Dec 14, took to Honda service with lights flashing for a computer read. Service scheduled for Dec 19 to look into issues and perform recall repair. Check engine light has been on since I took it in Dec 14. Car seems to run fine even with indicator lights flashing. Issue happened first time while on interstate going 70 MPH. Second time on backroad going 45 MPH.
(NHTSA ID 11162103, Report Date: December 17, 2018)

2017 Honda CR-V: *My car came to a complete stop once while I was driving in the middle of an intersection and once just on a straight road. This happened twice, and I went flying forward and all my stuff on the seat went flying.* There was not a car in front of me. They said it must have been reading something to do this, and its to protect a possible pedestrian. This is an accident waiting to happen. I called Honda of Joliet to put it in my record. Another issue is the vehicle stability lights, the adaptive cruise control, collision mitigation, road departure mitigation, and a brake lights all flash stating there is a problem. These lights just come on while driving. This has happened three times. Once it was snowing. The second and third time the weather was clear. The first time I cleared some of the driving aides and the lights went off. I took it to Honda of Joliet on 1/25 and they aligned the radar. The lights came back on 1/28 /19 and they said they realigned it again. They had the car for 2 days. The original reason was the sensors are dirty, and in bad weather this can happen. They said a clump of snow could have caused this too. So this car is only good in good weather? *The service person said they have had a lot of cars in for this same reason.* Another problem was I came out to find my windows down, my sunroof open and my back door open. Car was stationary. Didn't take it in for this and forgot to tell them when I dropped it off on 1/28/19.
(NHTSA ID 11173145, Report Date: January 20, 2019)

2018 Honda CR-V: CMBS faulty. *It thinks there is an object on an empty road and hard brakes it's very hazardous to drive you never know when it's gonna happen dealer can't find the issue.*
(NHTSA ID 11187348, Report Date: March 17, 2019)

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

<u>2017 Honda CR-V</u>: My first scenario was a week ago I was stopped at a red light with no car in front of me. *Once the light turned green I accelerated and just as I was about to pass the intersection my car gave a brake warning on my odometer screen and abruptly braked.  There was no car in front of me nor a pedestrian other than a car that almost rear ended me. There were clear road conditions.*

My second scenario I was driving on the highway when my car gave the same warning to brake with no cars for one hundred feet.  My braked abruptly and sent me drifting at least ten feet forward.

I'm feeling extremely unsafe in my car at this point.
(NHTSA ID 112672-7, Report Date: October 9, 2019)

<u>2018 Honda CR-V</u>: *Driving down a country road doing about 55mph on July 28,19 my vehicle suddenly came to a dead stop for no reason. Closest vehicle in front was 9-10 car lengths ahead. Nothing on the side of the road or directly in front of me. If a vehicle was behind me I would have been rear ended. A malfunction such as this could cause a deadly unavoidable accident.* At the time I did not have the adaptive cruise control set and had no control of gas pedal when this collision mitigation braking assist system activated. this vehicle is a time bomb for anyone driving it. this is clearly a safety hazard. And one which needs to be investigated.
(NHTSA ID, 11240540, Report Date: July 30, 2019)

<u>2018 Honda CR-V</u>: *The collision mitigation system part of honda sensing will automatically and randomly engage while driving, causing the breaks to be self applied abruptly even when there is nothing in front of the car.* This is extremely dangerous and almost caused multiple accidents. Honda doesn't believe there is a problem. This has happened multiple times already.
(NHTSA ID 11242521, Report Date: August 8, 2019).

<u>2018 Honda CR-V</u>: *While driving on an interstate with no vehicles or obstacles stopped in front of me my car automatically braked hard. It came to a complete stop on the interstate which resulted in me getting rear ended.*

45

I took it to Honda to try to get the information from the black box but they refused to try to pull anything.
(NHTSA ID 11306345, Report Date: November 25, 2019)

**Other Recent Honda Accord Complaints:**

2019 Honda Accord: *On a total of 6 occasions during the first 4500 miles of using my new car, the brake alert sign activated without reason for provocation, i.e., no other cars nearby, nothing in roadway.  Four occurred while doing 65 mph on interstate.  The last 2 occasions were startling as the brakes were triggered, causing the car to fishtail and swerve left momentarily as if attempting to awaken a driver falling asleep.*  In those occasions I was doing about 50-55 mph on a highway with other cars on the road but not close enough to need t brake. One time I was taking an exit to get on another highway. The other time I was going through a construction zone but there were no circumstances that would have caused the need to brake. I took the car to the Honda dealership immediately after second occurrence and left for 24+ hours. They acted as if that couldn't have happened unless I were too close to something – they'd never heard of the problem. They test drove for 13 miles, and the problem did not occur for them. Nothing problematic showed up on diagnostics. Nothing was done to correct the situation. I disabled the collision mitigation system after leaving the dealership.
(NHTSA ID 11241010, Report Filed: August 5, 2019)

2018 Honda Accord: *On at least 3 occasions while driving on a city street the automatic brake system kicks on and will violently stop the car in the middle of the road.  Each time there has been no vehicle in front of me or even near me that would cause this to occur.* Additionally, each time I was not going any faster than 45-50 mile per hour. The last time this happened the car behind me nearly rear-ended me but avoided an accident by quickly shifting over to the next lane. This action of course caused a potential road rage exchange because the driver had no idea my car had malfunctioned.
(NHTSA ID 11340040, Report Date: July 18, 2020)

2018 Honda Accord: *While driving down the highway my car just brakes it doesn't come to a complete stop but it is dangerous.* If I don't put on my

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

turn signal before I start to change lanes it will brake. It doesn't do it all
the time but it has started doing it more frequently.
(NHTSA ID 11330705, Report Date: June 20, 2020).

2018 Honda Accord: So this vehicle is extremely dangerous with the
crash mitigation system turned on. ***Sometimes the vehicle will trigger the
system with a false positive crash detection and will emergency brake for you
and cut the gas so you won't be able to accelerate.***

However, I have had a few false positives. ***The first 2 times was a
complete horror story. I was driving in a high-speed environment, while a
truck was merging on the freeway, I was supposed to accelerate past him and
all of a sudden it beeped and halt to a complete stop on the freeway***. Luckily,
the semi evaded me and I regain control and speed out of the way.

2nd time was almost rear-ended by another semi, I was lucky that
people got out of the way for the truck to clear me.

The 3rd time occurred just last week on Thursday.  There was a car 5
car distance from me, left of me has a row of cars making a left, facing
the opposite direction well, somehow it decided to go ape[xxx] and
cause me to get rear ended by another car.
(NHTSA ID 11329479, Report Date: June 11, 2020)

2018 Honda Accord: ***Auto Brake system activated in the middle of an
intersection***.  No Cars, No bikes around. It simply stopped in the
intersection.
(NHTSA ID 11324659, Report Date: May 11, 2020)

2017 Honda Accord: ***On numerous occasions, while driving at various
speeds, my Honda accord collision avoidance system will apply the brakes for
no reason. there was nothing ahead of me that should cause this to happen.***
Luckily, this has not happened when someone was closely following
me. This has happened at least 10 times since I bought the car new in
2017. it happens when driving straight on a highway.
(NHTSA ID11278852, Report Date: November 8, 2019)

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

<u>2016 Honda Accord</u>: ***When traveling down a road straight about 45 mph
the automatic braking system flashed brake on the cluster and then the the
car came to a stop when there was nothing in front of me that I could see.*** Var
has 16000 miles on it and this has never happened before. the car behind
me had enough room to stop in time. Yook it to the dealer and they
could not find anything wrong but a dirty camera code set.
(NHTSA ID 1124024, Report Date: September 2, 2018)

*See* www.safercar.gov (emphasis added in all).

### The Dangers Posed to Occupants of Class Vehicles

66.     Over the past decade, automotive manufacturers and the NHTSA have
recognized that autonomous braking systems prone to false alarms pose
unreasonable safety hazards and should be remedied through a safety recall.

67.     For example, as noted above, Honda conducted two safety recalls in the
United States in 2015 of several of its models, including the 2014-2015 Acura RLX
and 2014-2015 Acura MDX. Honda's stated reason for the recall of certain RLX
and RLX Sport Hybrid vehicles was: "Under certain specific driving conditions, the
collision mitigation braking system (CMBS) could lock on an incorrect target. If this
occurs, the CMBS may apply the brakes in an attempt to stop the vehicle. If the
vehicle suddenly slows or comes to a stop, it could increase the risk of a crash."[35] In
the recall letter to affected owners, Honda reiterated that the "defect" "relates to
motor vehicle safety" and that "If the CMBS applies unexpected emergency braking
force during normal operation, it could increase the risk of a crash."[36] In short, the
recalled vehicles were falsely identifying collision risks ahead of the vehicle that did
not actually pose imminent risks for an accident.

68.     Toyota also recalled several of its models due to a similar problem with
its own autonomous braking system (which Toyota calls a "Pre-Collision System"

---

[35] https://static.nhtsa.gov/odi/rcl/2015/RCRIT-15V301-5183.pdf.
[36] https://static.nhtsa.gov/odi/rcl/2015/RCONL-15V301-4918.pdf.

48

or "PCS").[37] Per a Toyota press release at the time, in the recalled "vehicles, under certain situations, the PCS (Pre-Collision System) could interpret a steel joint or plate in the roadway as an object that triggers PCS activation. If this occurs, the PCS warning buzzer sounds and the system may apply the service brake automatically." Toyota, like Honda, acknowledged in the recall papers that "Unexpected braking could increase the risk of a crash."

69.     Ford, too, has issued a safety recall due to a false alarms plaguing the autonomous braking system in its trucks.[38] Ford initiated the recall after discovering that "its automatic braking system incorrectly senses that there's another vehicle in its lane," and would then "hit the brakes."[39] Ford said at the time that it was aware of at least one potential collision that resulted.

**Honda's concealment of the Defect and its refusal to warn owners and lessees**

70.     Despite its knowledge that the Defect in Class Vehicles endangers drivers, passengers, and others on the road, Honda continues to conceal the Defect from drivers and potential customers alike. Honda has not warned consumers at the point of sale or lease (nor instructed its dealerships to do so) and has made no effort to alert drivers to the risk. As a result, consumers are unaware that they are driving unsafe vehicles and are deprived of the right to make informed purchasing decisions taking into account the available information about the Defect.

71.     As Honda knows, the Defect is not reasonably discoverable by consumers unless they experience it firsthand and thus are exposed to the attendant safety risks.

72.     While vehicles with similar defects have been the subject of voluntary safety recalls—which by law requires notification to owners of lessees of the danger

---

[37] https://www.autoblog.com/2015/11/04/toyota-recalls-pre-collision-system-on-avalon-and-es-models/.
[38] https://money.cnn.com/2015/09/30/autos/ford-recall-f-150/index.html.
[39] *Id.*

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

and which typically also entail repairs to eliminate the danger —Honda continues to profit from the sale and lease of defective vehicles to unwitting consumers and continues to fail to satisfactorily repair the Class Vehicles, including those that remain within warranty.

73.     Given the severity and the safety risks posed by the Defect, Honda either should not have sold or leased Plaintiffs and class members their vehicles or it should have prominently disclosed—both in a written disclosure to be acknowledged in writing by Plaintiffs and class members and through an oral disclosure to be given by Honda's authorized dealerships—that the vehicles' autonomous braking systems are defective and may malfunction including by abruptly braking when there is otherwise no risk of a collision.

74.     An order enjoining Honda and requiring it to reform its conduct would provide substantial benefits to Plaintiffs and other members of the classes and would help them avoid future harm for the following reasons:

a.      First, multiple Plaintiffs intend to buy or lease additional vehicles in the future including potentially another Honda vehicle equipped with Honda Sensing, but Plaintiffs are concerned that they will not know which (if any) of those vehicles is free from the Defect. An injunction compelling Honda to disclose its knowledge of the Defect at the point of sale and lease to consumers would thus prevent the same sort of harm that has already occurred, through which Plaintiffs and class members purchased and leased defective Class Vehicles that they would not otherwise have purchased at prices they would not otherwise have paid, and are then subject to risk of personal injury due to the Defect; and

b.      Second, each Plaintiff continues to own or lease their Class Vehicle, so the continued existence of the Defect endangers Plaintiffs and family members, friends, or others who ride in the vehicle (as well as others on the road around them). An injunction could order Honda, among other

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

things, to (i) deactivate or remove Honda Sensing from the vehicles until it can be modified to perform safely; (ii) enable drivers to deactivate Honda Sensing (or subsystems within it, such as CMBS) indefinitely (rather than having to do so each time the engine is started); (iii) replace Honda Sensing with a suitable and safe alternative system; (iv) disclose Honda's full understanding of the Defect including the contexts or settings in which Honda Sensing is most likely to malfunction, so that Plaintiffs and other class members can either seek to avoid those situations or deactivate Honda Sensing at times of heightened risk; and (v) reform its warranty, in a manner deemed to be appropriate by the Court, to ensure the Defect can be repaired at no cost in all Class Vehicles and that Plaintiffs and all class members receive notice of that fact.

75.    In the alternative to those claims seeking remedies at law, Plaintiffs allege that there is no plain, adequate, and complete remedy that exists at law to address Honda's unlawful conduct. Therefore, Plaintiffs and class members are entitled to equitable relief including an order enjoining Honda's wrongful conduct (as well as restitution and disgorgement).

## **Plaintiffs' Experiences**

### **Franzetta Cheathon (California)**

76.    Franzetta Cheathon purchased a new 2017 Honda CR-V in or around August 2017, from Maita Honda, an authorized Honda dealership located in Citrus Heights, California. Ms. Cheathon's vehicle was equipped with Honda Sensing. Ms. Cheathon researched the vehicle online, including on Honda's website, and also spoke with dealership personnel about the vehicle before making her purchase.

77.    Ms. Cheathon's CR-V has suddenly applied the brakes approximately ten times without warning or justification. No vehicles or objects were in front of the vehicle nor was there any other reason that the car needed to brake abruptly.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

78.     Ms. Cheathon has since learned that other drivers have reported the same problem but have been told by Honda or its dealers that no repair is available. Although she continues to drive her vehicle because she is not in a position to purchase a new vehicle at this time, she remains concerned that problems with the Honda Sensing system will re-occur.

79.     Had Honda adequately disclosed the Defect, Ms. Cheathon would not have purchased her vehicle, or would have paid substantially less for it.

80.     Ms. Cheathon intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but she is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Ms. Cheathon.

**Matthew Villanueva (California)**

81.     Matthew Villanueva purchased a new 2018 Honda Accord in approximately January 2018, from Selma Honda, an authorized Honda dealership located in Selma, California. Mr. Villanueva's vehicle was equipped with Honda Sensing. Mr. Villanueva researched the vehicle online, including on Honda's website, and also spoke with dealership personnel about the vehicle before making his purchase.

82.     About six months after purchase, when the vehicle had about 15,000 miles on the odometer, Mr. Villanueva was driving when the Accord suddenly applied the brakes without warning on the freeway with no vehicles or objects directly in front of him. The Accord has applied the brakes without warning several other times since the initial incident.

83.     Shortly after filing his original lawsuit, Mr. Villanueva conducted a joint inspection of his vehicle with Honda. Following the inspection, Mr. Villanueva asked dealership personnel whether they could repair his vehicle, but they responded that no repair was recommended.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

84.     Had Honda adequately disclosed the Defect, Mr. Villanueva would not have purchased his vehicle, or he would have paid substantially less for it.

85.     Mr. Villanueva intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but he is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Mr. Villanueva.

### Nestor Mosqueda (California)

86.     Plaintiff Nestor Mosqueda purchased a new 2018 Honda Accord equipped with Honda Sensing from Freeway Honda in Santa Ana, California, in or about July of 2018. Before his purchase, Mr. Mosqueda spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle and test drove the vehicle. Mr. Mosqueda was never informed by the dealer sales representative that his vehicle suffered from the Honda Sensing Defect and relied upon this fact in purchasing his vehicle. Had Mr. Mosqueda been informed that his vehicle suffered from the Honda Sensing Defect, he would not have purchased it. Mr. Mosqueda's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

87.     After purchasing his vehicle, Mr. Mosqueda began to experience the Honda Sensing Defect. On multiple occasions Mr. Mosqueda's vehicle braked suddenly for no apparent reason, triggering the CMBS indicator to come on with the warning "**Collision Mitigation Braking System Problem.  See Your Dealer**" in the driver information interface.

88.     In October of 2018 with only 8,524 miles on his odometer Mr. Mosqueda brought his vehicle to Freeway Honda to complain of the problems he was experiencing. Freeway Honda kept his vehicle all day and when he picked it up informed him that a computer update was performed. Mr. Mosqueda's vehicle continued to malfunction due to the Honda Sensing Defect after this visit.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

89.    Approximately a month or two later, Mr. Mosqueda received an airbag recall notice and returned to Freeway Honda. Mr. Mosqueda informed Freeway Honda that he wished to trade in his vehicle due to the ongoing problems he was experiencing with his braking system and the airbag issue, but was told that he would have to pay a significant amount of money out-of-pocket to do so. Mr. Mosqueda decided not to trade the vehicle in due to the cost. Mr. Mosqueda was not offered any further repairs or servicing to remedy his CMBS problems. Mr. Mosqueda's vehicle continues to experience unexpected braking and illumination of the CMBS warning lights on a regular basis.

90.    At all times, Mr. Mosqueda has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used. Mr. Mosqueda intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but he is concerned that Honda would again conceal a known defect affecting that system.  An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Mr. Mosqueda.

### Todd Collras (California)

91.    Plaintiff Todd Collras purchased a new 2018 Honda Accord equipped with Honda Sensing from Keyes Honda in Sherman Oaks, California, in or about February of 2019. Before his purchase, Mr. Collras spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle and test drove the vehicle. Mr. Collras was never informed by the dealer sales representative that his vehicle suffered from the Honda Sensing Defect and relied upon this fact in purchasing his vehicle. Had Mr. Collras been informed that his vehicle suffered from the Honda Sensing Defect, he would not have purchased it. Mr. Collras' vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

92.    In or about April of 2019, shortly after purchasing his vehicle, Mr. Collras began to experience the Honda Sensing Defect. On multiple occasions Mr.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

Collras' vehicle braked suddenly for no apparent reason, triggering the CMBS indicator to come on with the warning "**Collision Mitigation Braking System Problem. See Your Dealer**" in the driver information interface. This sudden braking occurred when there were no vehicles close by and occurred more frequently when he switched lanes and while making turns.

93.    In June 2019, with only 4,907 miles on his odometer, Mr. Collras brought his vehicle to Keyes Honda to complain of the problems he was experiencing. Keyes Honda inspected his vehicle and claimed that the problem was due to a dirty sensor which it cleaned. Following this repair, Mr. Collras' vehicle has continued to experience the Honda Sensing Defect, braking at random for no reason on at least fifteen additional occasions.

94.    In about June of 2020, with only 17,355 miles on his odometer, multiple warning lights illuminated on the dashboard of Mr. Collras' vehicle, including the CMBS warning light.  Mr. Collras brought his vehicle to Honda Woodland hills and again complained that at times his vehicle will brake on its own even if there is nothing on the road, and a software update was performed.  During this visit the service representative commented that he had the same vehicle and experienced the same problem. Following this visit, Mr. Collras' vehicle has continued to experience the Honda Sensing Defect.

95.    At all times, Mr. Collras has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used.

### Robert Morse (Arizona)

96.    On March 8, 2019, Mr. Morse purchased a new 2019 Honda CR-V equipped with Honda Sensing from Bell Honda of Phoenix, an authorized dealership of Honda.

97.    Before his purchase, Mr. Morse researched his vehicle extensively for approximately eight months.  During this period Mr. Morse reviewed, *inter alia*, the 2019 CR-V on Honda's website; numerous online reviews and feature explanations

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

discussing Honda Sensing; numerous official Honda videos on You Tube explaining Honda Sensing's functionality; dealer-specific videos discussing Honda Sensing; and, a Honda brochure concerning the 2019 CR-V and other Honda Vehicles.  Mr. Morse also spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle and test drove the vehicle. Mr. Morse was never informed by the dealer sales representative or any of the materials that he reviewed that his vehicle suffered from the Honda Sensing Defect and relied upon this fact in purchasing his vehicle.

98.    After taking possession of his CR-V, Mr. Morse experienced the Honda Sensing Defect when operating his vehicle.

99.    Specifically, on October 20, 2019, Mr. Morse was driving his vehicle at a speed of approximately 40 mph when his car suddenly engaged its brakes and slammed to a near-stop, without any traffic or obstruction in his vicinity.

100.    Alarmed by this hazardous situation, the next day, Mr. Morse took his vehicle to Bell Honda of Phoenix—where Mr. Morse had purchased his vehicle—for service and repair of the Defect.

101.    Bell Honda noted the complaint as: "customer states yesterday he was driving 40 mph on a road that had no cars or anything in front of it. The car slammed on the brakes to a dead stop by itself and brake light showed on the dash."

102.    Consistent with the experience of other Plaintiffs, Bell Honda stated that it was unable to duplicate the concern and could not detect any errors, and verified with the "Honda tech line" that Honda claimed not to know of any problem or have any resolution to Mr. Morse's complaint.

103.    On October 27, 2019, Mr. Morse was again driving his vehicle in clear and unobstructed conditions when his car suddenly engaged its brakes and slammed to a near-stop, without any traffic obstruction in his vicinity.

104.    The next day, Mr. Morse took his vehicle to a different dealership, Arrowhead Honda of Peoria, to see if that dealership had a solution for the Defect.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

1    105.   Arrowhead Honda noted Mr. Morse's complaint as: "customer states …

2    sunny day between 50-55 mph cmbs activated and brakes vehicle with no collision

3    pending, closet vehicle 100 yds away no cars to side either."

4    106.   Two days later, on October 30, 2019, Mr. Morse was again driving his

5    vehicle in clear and unobstructed conditions at approximately 50 mph when his car

6    suddenly engaged its brakes and slammed to a near-stop, without any traffic or

7    obstruction in his vicinity.

8    107.   The following day, Mr. Morse brought his vehicle to yet another

9    dealership, Surprise Honda of Surprise, AZ, to see if that dealership had a solution

10   for the Defect.

11   108.   Surprise Honda noted Mr. Morse's complaint as: "customer states on

12   several occasions while drive [sic] any where [sic] from 40 mph to 55 mph the cmbs

13   emergency braking system will activate for no reason he can figure out.  The car will

14   come to almost to a complete stop.  The road each time was cear [sic] of cars in

15   front or on side of vel [sic] weather was dry and no road construction.  No direct sun

16   light toward vel [sic] as well.  No curse [sic] control turned on at all."

17   109.   Yet again, a Honda dealership – this time Surprise Honda – had no

18   solution for the Defect and could not duplicate the problem.

19   110.   To this day, despite his repeated attempts to repair the Defect, Mr.

20   Morse's 2019 Honda CR-V continues to suffer from the Defect, placing him at

21   heightened risk of an accident.

22   111.   Had Mr. Morse been made aware of the Defect before he purchased his

23   vehicle, he either would not have purchased his vehicle, or he would have paid

24   substantially less for it.

25   112.   Mr. Morse intends to buy or lease new vehicles again in the future and

26   would consider another Honda model equipped with Honda Sensing, but he is

27   concerned that Honda would again conceal a known defect affecting that system.

28   An injunction requiring Honda to disclose its knowledge of the Defect would

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

therefore benefit Mr. Morse.

### Daniel Varjan (Florida)

113.    Plaintiff Daniel Varjan purchased a new 2018 Honda CR-V equipped with Honda Sensing from Holler Honda in Orlando, Florida, in or about April of 2018. Before his purchase, Mr. Varjan spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle and test drove the vehicle.  Mr. Varjan was never informed by the dealer sales representative that his vehicle suffered from the Honda Sensing Defect and relied upon this fact in purchasing his vehicle. Had Mr. Varjan been informed that his vehicle suffered from the Honda Sensing Defect, he would not have purchased it. Mr. Varjan's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

114.    Within a month or two of purchasing after his purchasing his vehicle, Mr. Varjan began to experience the Honda Sensing Defect.  On multiple occasions Mr. Varjan's vehicle braked suddenly, and for no apparent reason.  This sudden braking occurred when there were no vehicles close by, and would often be proceeded by the vehicle displaying a warning message prompting him to brake prior to the car braking one its own. In January of 2019, with only 18,211 miles on his odometer, Mr. Varjan took his vehicle into Holler Honda and complained. Holler Honda inspected his vehicle but told him they could not duplicate the problem and did not offer or perform any repairs or software updates. After this visit Mr. Varjan continued to experience the Honda Sensing Defect and would complain about it to the service representatives when he took his vehicle into Holler Honda for routine maintenance and oil changes.

115.    To this day, Honda has not performed any repairs or software updates to resolve the problem.

116.    At all times, Mr. Varjan has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used.Mr. Varjan intends to buy or

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but he is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Mr. Varjan.

**James Adams (Florida)**

117.   Plaintiff James Adams purchased a new 2018 Honda Accord equipped with Honda Sensing from Hendrick Honda in Bradenton Florida, in approximately late 2018. Before his purchase, Mr. Adams spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle, and test drove the vehicle. Mr. Adams was never informed by the dealer sales representative that his vehicle suffered from the Honda Sensing Defect and relied upon this fact in purchasing his vehicle. Had Mr. Adams been informed that his vehicle suffered from the Honda Sensing Defect, he would not have purchased it.

118.   Within a few months after purchasing his vehicle, Mr. Adams began to experience the Honda Sensing Defect. Mr. Adams was driving his vehicle around a curve on the freeway when his vehicle braked suddenly and without warning. Because of this abrupt braking Mr. Adams was nearly hit by a vehicle driving behind him. Mr. Adams called Hendrick Honda and told them about the incident. After a few attempts, a service representative at Hendrick Honda called him and advised him to turn his vehicle on and off and this would resolve the problem. Mr. Adams did as he was advised but, that did not resolve the Honda Sensing Defect.

119.   Since then, Mr. Adams has continued to experience the Honda Sensing Defect at least six more times. On multiple occasions Mr. Adams vehicle braked suddenly, and for no apparent reason.

120.   At all times, Mr. Adams has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used.

121.   Had Honda adequately disclosed the defect, Mr. Adams would not have purchased his vehicle, or he would have paid substantially less for it. His vehicle

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

1  remains within the scope of Honda's new vehicle limited warranty.

2      122.   Mr. Adams intends to buy or lease new vehicles again in the future and

3  would consider another Honda model equipped with Honda Sensing, but he is

4  concerned that Honda would again conceal a known defect affecting that system.

5  An injunction requiring Honda to disclose its knowledge of the Defect would

6  therefore benefit Mr. Adams.

7                          **James Calvert (Florida)**

8      123.   Plaintiff James Calvert purchased a new 2018 Honda Accord equipped

9  with Honda Sensing from Hendrick Honda in Pompano Beach, Florida, in or about

10  December 2019. Before his purchase, Mr. Calvert spoke with the dealer sales

11  representative about the vehicle, inspected the Monroney sticker posted on the side

12  of the vehicle, and test drove the vehicle. Mr. Calvert was never informed by the

13  dealer sales representative that his vehicle suffered from the Honda Sensing Defect

14  and also relied upon this fact in purchasing his vehicle. Had Mr. Calvert been

15  informed that his vehicle suffered from the Honda Sensing Defect, he would not

16  have purchased it. In fact, Mr. Calvert purchased his vehicle, in part, because it had

17  the CMBS system.

18      124.   In or about December of 2019, shortly after purchasing his vehicle, Mr.

19  Calvert began to experience the Honda Sensing Defect. On numerous occasions,

20  Mr. Calvert's vehicle braked suddenly for no apparent reason, triggering the CMBS

21  indicator to come on with the warning "Collision Mitigation Braking System

22  Problem. See Your Dealer" in the driver information interface. This sudden braking

23  occurred when there were no vehicles close by.

24      125.   Mr. Calvert brought his vehicle to Hendrick Honda to complain of the

25  problem he was experiencing, but the dealer has not been able to resolve the issue.

26  Mr. Calvert's vehicle has applied the brakes without warning and for no apparent

27  reason several other times since this initial incident.

28      126.   Mr. Calvert returned to Hendrick Honda after continuing to experience

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

the Honda Sensing Defect, but the dealer has not been able to resolve the problem.

127.    To this day, despite repeated attempts to repair the Defect, Mr. Calvert's 2018 Honda Accord continues to suffer from the Defect, placing him at heightened risk of an accident.

128.    Had Mr. Calvert been made aware of the Defect before purchasing his vehicle, he either would not have purchased it, or he would have paid substantially less for it.

129.    At all times Mr. Calvert has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used.

130.    Mr. Calvert intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but he is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Mr. Calvert.

**Larry Fain (Iowa)**

131.    Larry Fain purchased a new 2017 Honda CR-V in or around May 2017, from Community Honda, an authorized Honda dealership located in Cedar Falls, Iowa. Mr. Fain's vehicle was equipped with Honda Sensing. Mr. Fain researched the vehicle online, including on Honda's website and also spoke with dealership personnel about the vehicle before making his purchase.

132.    While driving his vehicle, Mr. Fain's CR-V has suddenly applied the brakes without warning or justification. No vehicles or objects were in front of the vehicle nor was there any other reason that the car needed to brake abruptly.

133.    Mr. Fain contacted Honda who claimed not to have heard of the issue before.

134.    Mr. Fain has since learned that other drivers have reported the same problem, but have been told by Honda or its dealers that no repair is available. Although he continues to drive his vehicle because he is not in a position to

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

purchase a new vehicle at this time, he remains concerned that problems with the Honda Sensing system will re-occur.

135.   Had Honda adequately disclosed the defect, Mr. Fain would not have purchased his vehicle.

136.   Mr. Fain intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but he is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Mr. Fain.

**Joseph Russell (Massachusetts)**

137.  Plaintiff Joseph Russell purchased a new 2018 Honda CR-V from Atamian Honda in Tewksbury, Massachusetts, in or about December 2017. Before his purchase, Mr. Russell spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle, and test drove the vehicle. Mr. Russell was never informed by the dealer sales representative that his vehicle suffered from the Honda Sensing Defect and also relied upon this fact in purchasing his vehicle. Had Mr. Russell been informed that his vehicle suffered from the Honda Sensing Defect, he would not have purchased it. In fact, Mr. Russell purchased his vehicle, in part, because it had the CMBS system.

138.   Within the first year of ownership, in 2018, Mr. Russell began to experience the Honda Sensing Defect. Mr. Russell was driving his vehicle at a speed of approximately 50 mph on Massachusetts Route 3 in clear and unobstructed conditions when his vehicle suddenly engaged its brakes and slammed to a near-stop, with the warning message "BRAKE" flashing in the driver information interface. The "BRAKE" warning message was coupled with an audible beeping sound.

139.  Mr. Russell contacted Atamian Honda following that incident, who explained that the CMBS system may have engaged because of the recent snowfall.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

140.  Then, on September 5, 2020, Mr. Russell was driving his vehicle at a speed of approximately 35 mph on Massachusetts Route 114 in clear and unobstructed conditions when his vehicle for a second time suddenly engaged its brakes and slammed to a near-stop, with the warning message "BRAKE" flashing in the driver information interface. The "BRAKE" warning message was coupled with an audible beeping sound. Because of this abrupt braking Mr. Russell was nearly hit by a vehicle driving behind him.

141.  Alarmed, Mr. Russell took his vehicle to Atamian Honda to complain of the problems he was experiencing.

142.  Atamian Honda inspected the vehicle, stated that it was unable to duplicate the concern, stated that it could not detect any errors, and claimed not to know of any problem or have any resolution to Mr. Russell's complaint.

143.  Had Mr. Russell been made aware of the Defect before purchasing his vehicle, he would not have purchased it.

144.  Mr. Russell intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but he is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Mr. Russell.

**Jimmy Smotherman (Missouri)**

145.  Jimmy Smotherman purchased a used 2016 Honda Accord in approximately October 2018 from Frontenac Honda, an authorized Honda dealership located in St. Louis, Missouri.  Mr. Smotherman's vehicle was equipped with Honda Sensing.  Mr. Smotherman spoke with dealership personnel about the vehicle before making his purchase.

146.  Within a few months of his purchase, Mr. Smotherman was driving when the Accord suddenly applied the brakes without warning with no vehicles or objects directly in front of him.  The Accord has applied the brakes without warning

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

1  several other times since this initial incident.

2      147.  Had Honda adequately disclosed the defect, Mr. Smotherman would not

3  have purchased his vehicle or would have paid substantially less for it.

4      148.  Mr. Smotherman intends to buy or lease new vehicles again in the future

5  and would consider another Honda model equipped with Honda Sensing, but he is

6  concerned that Honda would again conceal a known defect affecting that system.

7  An injunction requiring Honda to disclose its knowledge of the Defect would

8  therefore benefit Mr. Smotherman.

9                          **Steven Bienstock (New York)**

10     149.     Steven Bienstock purchased a new 2018 Accord in approximately

11 December 2017 from Plaza Auto, an authorized Honda dealership located in

12 Brooklyn, New York. Mr. Bienstock's vehicle was equipped with Honda Sensing.

13 Mr. Bienstock researched his vehicle online, including on Honda's website, and also

14 spoke with dealership personnel about the vehicle before making his purchase.

15     150.     Within a few months of his purchase, Mr. Bienstock was driving when

16 the Accord suddenly applied the brakes without warning with no vehicles or objects

17 directly in front of him. The Accord has applied the brakes without warning several

18 other times since this initial incident.

19     151.     Mr. Bienstock has taken his vehicle to the dealer about this issue

20 several times, but the dealer has not been able to resolve the issue.

21     152.     Had Honda adequately disclosed this Defect, Mr. Bienstock would not

22 have purchased his vehicle or would have paid substantially less for it.

23     153.     Mr. Bienstock intends to buy or lease new vehicles again in the future

24 and would consider another Honda model equipped with Honda Sensing, but he is

25 concerned that Honda would again conceal a known defect affecting that system.

26 An injunction requiring Honda to disclose its knowledge of the Defect would

27 therefore benefit Mr. Bienstock.

28

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

### Peter Watson (New York)

154.     Plaintiff Peter Watson is a New York citizen who lives in Huntington Station, New York. Mr. Watson purchased a new 2018 Honda CR-V equipped with Honda Sensing from Huntington Honda in Huntington Station, New York, in or about September, 2018. Before his purchase, Mr. Watson spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle, and test drove the vehicle.  Mr. Watson was never informed by the dealer sales representative that his vehicle suffered from the Honda Sensing Defect and relied upon this fact in purchasing his vehicle. Had Mr. Watson been informed that his vehicle suffered from the Honda Sensing Defect, he would not have purchased it. Mr. Watson's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

155.     In or about September of 2019, Mr. Watson's wife (the vehicle's primary driver) experienced the Honda Sensing Defect. The vehicle was being driven down a road when it braked suddenly, coming to a near stop. This sudden braking occurred when there were no vehicles close by. The vehicle was taken to Honda City in Bethpage, New York, and the service representative checked the vehicle but claimed there was nothing wrong with it. Following this visit, Mr. Watson's vehicle continued to experience the Honda Sensing Defect requiring.

156.     At all times, Mr. Watson's vehicle has been driven vehicle in a foreseeable manner and in the manner in which it was intended to be used.

157.     Mr. Watson intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but he is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Mr. Watson.

### Martha Bustamante (New Jersey)

158.     Plaintiff Martha Bustamante leased a new 2019 Honda Accord

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

equipped with Honda Sensing from Route22 Honda in Union, New Jersey, in or about September of 2019. Before she leased her vehicle, Ms. Bustamante spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle, and test drove the vehicle. Ms. Bustamante was never informed by the dealer sales representative that her vehicle suffered from the Honda Sensing Defect and relied upon this fact in leasing her vehicle. Had Ms. Bustamante been informed that her vehicle suffered from the Honda Sensing Defect, she would not have leased it. Ms. Bustamante's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

159.    In March 2020, Ms. Bustamante was driving her vehicle on the highway when it abruptly braked for no reason with no vehicles close by, coming to a sudden and complete stop.   In June 2020, Ms. Bustamante's vehicle experienced the Honda Sensing Defect while driving on a local road, again coming to a sudden and complete stop for no reason.  Each time a light illuminated on the dashboard indicating a braking system malfunction. Ms. Bustamante contacted Route22 Honda on several occasions and explained the problems she was experiencing, but was unable to arrange for an appointment at an acceptable time due to the schedule constraints caused by the COVID-19 pandemic.  Since June 2020, Ms. Bustamante experienced sudden unexpected braking on at least two additional occasions and, as a result, has stopped driving her vehicle.

160.    At all times, Mr. Bustamante has driven her vehicle in a foreseeable manner and in the manner in which it was intended to be used. Ms. Bustamante intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but she is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Ms. Bustamante.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

**Ann Hensley (North Carolina)**

161.     Plaintiff Ann Hensley purchased a new 2018 Honda CR-V equipped with Honda Sensing from Apple Tree Honda, in Fletcher, North Carolina, in or about December of 2018. Before her purchase, Ms. Hensley spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle, and test drove the vehicle. Ms. Hensley was never informed by the dealer sales representative that her vehicle suffered from Honda Sensing Defect and relied upon this fact in purchasing her vehicle. Had Ms. Hensley been informed that her vehicle suffered from the Honda Sensing Defect, she would not have purchased it. Ms. Hensley's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

162.     In or about July of 2020, with 11,664 miles on her odometer, Ms. Hensley was driving her vehicle about 30-40 m.p.h. when she experienced the Honda Sensing Defect. The vehicle's CMBS activated suddenly, and without warning, causing her vehicle to come to a complete stop. This sudden braking occurred when there were no vehicles close by. Ms. Hensley called Apple Tree Honda and explained what had happened to her and a service representative advised her to take her vehicle in to be inspected. She subsequently took her vehicle into Apple Tree Honda where a service representative inspected her vehicle and told her that her vehicle's CMBS was operating normally. Following this visit, Ms. Hensley's has not driven the vehicle because she does not believe it is safe to drive.

163.     At all times, Ms. Hensley has driven her vehicle in a foreseeable manner and in the manner in which it was intended to be used. Ms. Hensley intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but she is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Ms. Hensley.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

**Craig DuTremble (North Carolina)**

164.     Plaintiff Craig DuTremble purchased a new 2018 Honda Accord from Hendrick Honda in Hickory, North Carolina, in or about December 2018. Before his purchase, Mr. DuTremble spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle, and test drove the vehicle. Mr. DuTremble was never informed by the dealer sales representative that his vehicle suffered from the Honda Sensing Defect and relied upon this fact in purchasing his vehicle. Had Mr. DuTremble been informed that his vehicle suffered from the Honda Sensing Defect, he would not have purchased it.

165.   Shortly after purchasing his vehicle, Mr. DuTremble began to experience the Honda Sensing Defect. On multiple occasions Mr. DuTremble's vehicle braked suddenly for no apparent reason. By way of example, in April of 2019, Mr. DuTremble was returning from a road trip to Washington D.C., and while driving on the freeway his vehicle braked abruptly with no other vehicles nearby. Mr. DuTremble has taken his vehicle to a Hendrick Honda multiple times to complain about the Honda Sensing Defect, but the service representatives told him there was nothing wrong with his vehicle and has performed no repairs or software upgrades.

166.   At all times, Mr. DuTremble has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used.

167.   Mr. DuTremble intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but he is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Mr. DuTremble.

**Vincent Liem (Ohio)**

168.     Plaintiff Vincent Liem purchased a new 2017 Honda CR-V equipped with Honda Sensing from Jay Honda in Bedford, Ohio, in or about December of

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

2017. Prior to purchase, Mr. Liem spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted on the side of the vehicle, and test drove the vehicle. Mr. Liem was never informed by the dealer sales representative that his vehicle suffered from the Honda Sensing Defect and also relied upon this fact in purchasing his vehicle. Had Mr. Liem been informed that his vehicle suffered from the Honda Sensing Defect, he would not have purchased it. Mr. Liem's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Honda.

169.    In or about October 2019, the vehicle's brakes abruptly engaged with no warning while driving on a road that had a metal plate on the ground. The vehicle was promptly taken into Jay Honda in Bedford, Ohio, and the service representative was informed of the problem. Service representatives inspected the vehicle and claimed the problem was from dust on the front millimeter wave radar, which they cleaned off. However, Mr. Liem's vehicle continued to experience the Honda Sensing Defect. Around the end of December 2019, the vehicle braked again without warning while being driven over a metal grate. Mr. Liem's wife complained to the dealer and was told by the manager that this was new technology and there was nothing that could be done but to dust off the millimeter wave-radar, and that she needed to contact Honda. Ms. Liem opened a case with Honda and made multiple requests for corrective action, but was offered no remedy. Since then, Mr. Liem's vehicle continues to suffer from the Honda Sensing Defect.

170.    At all times, Mr. Liem has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used.

171.    Mr. Liem intends to buy or lease new vehicles again in the future and would consider another Honda model equipped with Honda Sensing, but he is concerned that Honda would again conceal a known defect affecting that system. An injunction requiring Honda to disclose its knowledge of the Defect would therefore benefit Mr. Lien.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

**CLASS ACTION ALLEGATIONS**

172.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and the following proposed classes, within which the term "Class Vehicle" is defined to include the 2017-2020 model year Honda CR-V vehicle and 2016-2020 model year Accords.

California Class:

*All persons who purchased or leased a Class Vehicle in California.*

Arizona Class:

*All persons who purchased or leased a Class Vehicle in Arizona.*

Florida Class:

*All persons who purchased or leased a Class Vehicle in Florida*

Iowa Class:

*All persons who purchased or leased a Class Vehicle in Iowa.*

Massachusetts Class:

*All persons who purchased or leased a Class Vehicle in Massachusetts.*

Missouri Class:

*All persons who purchased or leased a Class Vehicle in Missouri*

New York Class:

*All persons who purchased or leased a Class Vehicle in New York.*

New Jersey Class:

*All persons who purchased or leased a Class Vehicle in New Jersey*

North Carolina Class:

*All persons who purchased or leased a Class Vehicle in North Carolina.*

Ohio Class:

*All persons who purchased or leased a Class Vehicle in Ohio.*

173.    Excluded from the proposed classes are Honda; any affiliate, parent, or subsidiary of Honda; any entity in which Honda has a controlling interest; any officer, director, or employee of Honda; any successor or assign of Honda; anyone

70

1  employed by counsel in this action; any judge to whom this case is assigned, his or
2  her spouse; members of the judge's staff; and anyone who purchased a Class Vehicle
3  for the purpose of resale.

4      174.    The above proposed class definitions suffice because they use objective
5  characteristics; class membership turns on objective criteria including whether
6  someone bought or leased a Class Vehicle in a particular state. Documents
7  identifying who purchased and leased Class Vehicles, and where, are in Defendants'
8  possession, custody, and control.

9      175.    **Numerosity**. Honda sold many thousands of Class Vehicles, including
10  a substantial number in California, Arizona, Florida, Iowa, Massachusetts,
11  Missouri, New York, New Jersey, North Carolina, and Ohio. Members of the
12  proposed classes likely number in the thousands and are thus too numerous to
13  practically join in a single action. Class members may be notified of the pendency of
14  this action by mail, supplemented by published notice (if deemed necessary or
15  appropriate by the Court).

16      176.    **Commonality and Predominance**. Common questions of law and fact
17  exist as to all proposed members of the classes and predominate over questions
18  affecting only individual class members. These common questions include:

19          a.    Whether Honda knew or should have known of the Defect, and if
20                so, when it discovered the Defect;

21          b.    Whether knowledge of the Defect would be important to a
22                reasonable person, because, among other things, it poses an
23                unreasonable safety hazard and impacts the central functionality
24                of Class Vehicles;

25          c.    Whether Honda failed to disclose and concealed the existence of
26                the Defect from potential customers;

27
28

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

d.  Whether the Court may enter an injunction designed to reduce the risk of future harm to Plaintiffs and class members as detailed above;

e.  Whether Honda's conduct, as alleged herein, violates the consumer protection laws of California, Arizona, Florida, Iowa, Missouri, New York, New Jersey, and North Carolina;

f.  Whether Honda negligently designed Class Vehicles;

g.  Whether Honda has breached its implied warranty obligations; and

h.  Whether Honda's conduct, as alleged herein, entitles Plaintiffs and the proposed classes they represent to restitution or damages.

177.  **Typicality**. Plaintiffs' claims are typical of the claims of the proposed classes. Plaintiffs and the members of the proposed classes all purchased or leased Class Vehicles with the same Defect, giving rise to substantially the same claims. As illustrated by class member complaints, some of which have been excerpted above, each vehicle model included in the proposed class definitions has suffered from the same Defect that Plaintiffs are complaining about.

178.  **Adequacy**. Plaintiffs are adequate representatives of the proposed classes because their interests do not conflict with the interests of the members of the classes they seek to represent. Plaintiffs have retained counsel who are competent and experienced in complex class action litigation, and who will prosecute this action vigorously on class members' behalf.

179.  **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Honda economically feasible. Even if class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing many

72

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

actions arising from the Defect, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

180.    In the alternative, the proposed classes may be certified because:

a.    the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Honda;

b.    the prosecution of individual actions could result in adjudications, which as a practical matter, would be dispositive of the interests of non-party class members or which would substantially impair their ability to protect their interests; and

c.    Honda has acted or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and injunctive relief with respect to the members of the proposed classes as a whole.

**TOLLING OF STATUTES OF LIMITATIONS**

181.    **Discovery Rule**. Plaintiffs' and class members' claims accrued upon discovery that their Class Vehicles were sold and leased with a known Defect. While Honda knew about, and concealed, the Defect, Plaintiffs and class members could not and did not discover this fact through reasonable diligent investigation until after they experienced it and learned that the problem was not isolated to their vehicle.

182.    **Active Concealment Tolling**. Any statutes of limitations are tolled by Honda's knowing and active concealment of the fact that Class Vehicles suffer from an inherent Defect. Honda kept Plaintiffs and all class members ignorant of vital

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

information essential to the pursuit of their claim, without any fault or lack of diligence on the part of Plaintiffs. The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiffs and class members, and await discovery. Plaintiffs could not reasonably have discovered the Defect on their own.

183.   **Estoppel**. Honda was and is under a continuous duty to disclose to Plaintiffs and all class members the true character, quality, and nature of the Class Vehicles. At all relevant times, and continuing to this day, Honda knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Class Vehicles. The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiffs and class members, and await discovery. Plaintiffs reasonably relied upon Honda's active concealment. Based on the foregoing, Honda is estopped from relying upon any statutes of limitation in defense of this action.

184.   **Equitable Tolling**. Honda took active steps to conceal the fact that it wrongfully, improperly, illegally, and repeatedly manufactured, marketed, distributed, sold, and leased Class Vehicles with a known Defect. The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiffs and class members, and await discovery. When Plaintiffs learned about this material information, they exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing their claims. Honda fraudulently concealed its above-described wrongful acts. Should such tolling be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

# FIRST CAUSE OF ACTION

**Unlawful, Unfair, and Fraudulent Business Practices,**

**Cal. Bus. & Prof. Code § 17200, *et seq.***

**(Plaintiffs Cheathon, Villanueva, Mosqueda, and Collras on behalf of the proposed California Class)**

185.  Plaintiffs Cheathon, Villanueva, Mosqueda, and Collras re-allege the paragraphs above as if fully set forth herein.

186.  Honda has violated and continues to violate California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, which prohibits unlawful, unfair, and fraudulent business acts or practices.

187.  Honda's acts and practices, as alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the Unfair Competition Law. In particular, Honda sold vehicles to class members despite knowing of a safety Defect in the vehicles, failing to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise.

188.  Honda's business acts and practices are unlawful in that they violate the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* and the Song-Beverly Consumer Warranty Act for Breach of Implied Warranty, Cal. Civ. Code § 1790, *et seq.*, for the reasons set forth below.

189.  Honda's acts and practices also constitute fraudulent practices in that they are likely to deceive a reasonable consumer. As described above, Honda knowingly conceals and fails to disclose at the point of sale and otherwise that the Class Vehicles have a Defect, endangering the personal safety of drivers and passengers and detracting from the central functionality of the vehicles. As Honda knew, had it disclosed this fact, Plaintiffs, class members, and reasonable consumers would not have purchased Class Vehicles or would have paid significantly less for them, and Honda thus concealed the Defect with the intent to profit from its

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

nondisclosure. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the Defect.

190.    Honda's conduct also constitutes unfair business practices for at least the following reasons:

      a.    The gravity of harm to Plaintiffs and the proposed California Class from Honda's acts and practices far outweighs any legitimate utility of that conduct;

      b.    Honda's conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and the members of the proposed California Class; and

      c.    Honda's conduct undermines or violates the stated policies underlying the Consumers Legal Remedies Act and the Song-Beverly Consumer Warranty Act—to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace.

191.    As a direct and proximate result of Honda's business practices, Plaintiffs and proposed class members suffered injury in fact and lost money or property, because they purchased and paid for vehicles that they otherwise would not have, or in the alternative, would have paid less for.

192.    Plaintiffs and the proposed California Class are entitled to equitable relief, including the types of injunctive relief specified above, as well as restitution and disgorgement of the amounts Honda received as a result of its unfair, deceptive, and fraudulent practices.

193.    In the alternative to those claims seeking remedies at law, Plaintiffs and members of the proposed California Class allege that there is no plain, adequate, and complete remedy that exists at law to address Honda's unlawful, unfair, and fraudulent practices. Therefore, Plaintiffs and members of the proposed

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

California Class are entitled to equitable relief including an order enjoining Honda's wrongful conduct and restitution and disgorgement.

## SECOND CAUSE OF ACTION

**Violation of the Consumers Legal Remedies Act,**

**Cal. Civ. Code § 1750, *et seq.***

**(Plaintiffs Cheathon, Villanueva, Mosqueda, and Collras on behalf of the proposed California Class)**

194.    Plaintiffs Cheathon, Villanueva, Mosqueda, and Collras re-allege the paragraphs above as if fully set forth herein.

195.    Honda is a "person" within the meaning of Civil Code §§ 1761(c) and 1770 and has provided "goods" within the meaning of Civil Code §§ 1761(b) and 1770.

196.    Plaintiffs and members of the proposed California Class are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770 and have engaged in a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

197.    Honda's acts and practices, which were intended to result and which did result in the sale of defective Class Vehicles, violate § 1770 of the Consumers Legal Remedies Act for at least the following reasons:

   a.    Honda represents that its vehicles had characteristics, uses, or benefits which they do not have;

   b.    Honda advertises its goods with intent not to sell them as advertised;

   c.    Honda represents that its vehicles are of a particular standard, quality, or grade when they are not;

   d.    Honda represents that a transaction conferred or involved rights, remedies, or obligations which they do not;

   e.    Honda represents that its goods have been supplied in accordance with a previous representation when they have not; and

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

f.      Honda fails to disclose and actively conceals material information.

198.    As described above, Honda sold and leased vehicles to class members with a known Defect that endangers drivers and materially detracts from the central functionality of the vehicles. Honda failed to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise, realizing that warning about the Defect would dissuade class members from purchasing and leading the vehicles. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the Defect.

199.    Had Honda not concealed and instead adequately disclosed the Defect, Plaintiffs, members of the proposed class, and reasonable consumers would not have purchased or would have paid less for their vehicles.

200.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiffs Cheathon, Villanueva and Mosqueda sent notice letters to Honda to provide it with the opportunity to correct its business practices more than thirty days before filing this complaint.

201.    Pursuant to California Civil Code § 1780, Plaintiffs seek actual damages, punitive damages, reasonable attorney's fees and costs, and a declaration that Honda's conduct violates the Consumers Legal Remedies Act.

202.    In the alternative to this or any other claim seeking remedies at law, Plaintiffs and members of the proposed California Class allege that there is no plain, adequate, and complete remedy that exists at law to address Honda's unlawful, unfair, and fraudulent practices. Therefore, Plaintiffs and members of the proposed California Class are entitled to equitable relief including an order enjoining Honda's wrongful conduct and restitution.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

**THIRD CAUSE OF ACTION**

**Violation of Song-Beverly Consumer Warranty Act**

**for Breach of Implied Warranty, Cal. Civ. Code § 1790, *et seq.***

**(Plaintiffs Cheathon, Villanueva, Mosqueda, and Collras on behalf of the proposed California Class)**

203.    Plaintiffs Cheathon, Villanueva, Mosqueda, and Collras re-allege the paragraphs above as if fully set forth herein.

204.    Class Vehicles are "consumer goods" and Plaintiffs and the proposed California Class are "buyers" within the meaning of Cal. Civ. Code § 1791. Honda is also a "manufacturer," "distributor," or "retail seller" under Cal. Civ. Code § 1791.

205.    The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

206.    The Class Vehicles would not pass without objection in the automotive trade because they contain the above-described Defect, which also makes them unfit for the ordinary purpose for which a Class Vehicle would be used.

207.    The Class Vehicles are not adequately labeled because their labeling fails to disclose the Defect and does not advise the members of the proposed California Class of the existence of the danger prior to experiencing failure firsthand.

208.    Honda's actions have deprived Plaintiffs and the members of the proposed California Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiffs and other members of the proposed California Class paid.

209.    As a direct and proximate result of Honda's breach of implied warranty, members of the proposed California Class received goods whose

79

**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**
**CASE NO. 2:18-CV-04007-MWF-PJW**

condition substantially impairs their value. Plaintiffs and members of the proposed California Class have been damaged by the diminished value of their Class Vehicles.

210.   Under Cal. Civ. Code §§ 1791.1(d) and 1794, Plaintiffs and members of the proposed California Class are entitled to damages and other legal and equitable relief, including, at their election, the right to revoke acceptance of Class Vehicles or the overpayment or diminution in value of their Class Vehicles. They are also entitled to all incidental and consequential damages resulting from Honda's breach, as well as reasonable attorneys' fees and costs.

### Fourth Cause of Action

**Violation of the Arizona Consumer Fraud Act ("ACFA"),**

**Ariz. Rev. Stat. § 44-1521, *et. seq*.**

**(Plaintiff Robert Morse on behalf of the proposed Arizona Class)**

211.   Plaintiff Robert Morse re-alleges the paragraphs above as if fully set forth herein.

212.   Plaintiff Robert Morse brings this cause of action on behalf of himself and on behalf of the proposed Arizona Class.

213.   Honda and Mr. Morse are "persons" as that term is defined in Ariz. Rev. Stat. § 44-152(6).

214.   The Class Vehicles are "merchandise" within the meaning of Ariz. Rev. Stat. § 44-152(5).

215.   The Arizona Consumer Fraud Act provides "[t]he act, use or employment of any person of any deception, deceptive act or practice, fraud, . . . misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale … of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." Ariz. Rev. Stat. § 44-1522(A).

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

216.    In failing to disclose the Defect, Honda knowingly and intentionally concealed material facts and breached its duty not to do so, thereby engaging in deceptive acts or practices within the meaning of the ACFA.

217.    Honda's acts and practices, which were intended to result, and which did result, in the sale of defective Class Vehicles, violates the ACFA for at least the following reasons:

> a.    Honda represents that its vehicles had characteristics, uses, or benefits which they do not have;
>
> b.    Honda advertises its vehicles with intent not to sell them as advertised;
>
> c.    Honda represents that its vehicles are of a particular standard, quality, or grade when they are not;
>
> d.    Honda represents that a transaction conferred or involved rights, remedies, or obligations which they do not;
>
> e.    Honda represents that its vehicles have been supplied in accordance with a previous representation when they have not; and
>
> f.    Honda fails to disclose and conceals material information about its vehicles.

218.    As described above, Honda sold and leased vehicles to class members with a known Defect that endangers drivers and materially detracts from the central functionality of the vehicles. Honda failed to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise, realizing that warning about the Defect would dissuade class members from purchasing and leading the vehicles. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the Defect.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

219.    Had Honda not concealed and instead adequately disclosed the Defect, Plaintiffs, members of the proposed Arizona Class, and reasonable consumers would not have purchased or would have paid less for their vehicles.

220.    Plaintiff also asserts a violation of public policy arising from Honda's withholding of material safety facts from consumers. Honda's violation of consumer protection and unfair competition laws resulted in harm to consumers.

221.    Honda's deceptive acts or practices occurred repeatedly in Defendants' trade or business, and were capable of deceiving a substantial portion of the purchasing public.

222.    Accordingly, Plaintiff seek an order enjoining the acts and practices described above.

223.    As a direct and proximate result of Honda's deceptive acts or practices, Plaintiff and proposed Arizona Class Members have suffered and will continue to suffer actual damages.  Since Honda's willful and knowing conduct caused injury to Plaintiff, Plaintiff seeks recovery of actual damages, discretionary punitive damages, reasonable attorneys' fees and costs, and an order enjoining Honda's deceptive conduct, and any other just and proper relief available under Ariz. Rev. Stat. Ann. § 44-1533 or any other relevant section of the ACFA.

## Fifth Cause of Action

**Breach of Implied Warranty, Ariz. Rev. Stat. § 47-2314 and 47-2A212**
**(Plaintiff Robert Morse on behalf of the proposed Arizona Class)**

224.    Plaintiff Robert Morse re-alleges the paragraphs above as if fully set forth herein.

225.    Plaintiff brings this cause of action on behalf of himself and on behalf of the proposed Arizona Class.

226.    Class Vehicles are "goods" and Honda is a "seller" and "merchant" within the meaning of Ariz. Rev. Stat. Section 47-2314 and 47-2A212.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

227.     The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

228.     The Class Vehicles are not adequately labeled because their labeling fails to disclose the Defect and does not advise the members of the proposed Arizona Class of the existence of the danger prior to experiencing failure firsthand.

229.     Honda's actions have deprived Plaintiff and the members of the proposed Arizona Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiff and other members of the proposed Arizona Class paid.

230.     As a direct and proximate result of Honda's breach of implied warranty, members of the proposed Arizona Class received goods whose condition substantially impairs their value. Plaintiff and members of the proposed Arizona Class have been damaged by the diminished value of their Class Vehicles.

231.     By bringing his vehicle in multiple times to a Honda authorized dealership Plaintiff Morse provided sufficient notice to Honda of the breach its breach of the implied warranty of merchantability and any further notice was would have been futile and has hereby been waived due to Honda's steadfast refusal to acknowledge the Honda Sensing Defect and provide an adequate remedy.

232.     Plaintiff and members of the proposed Arizona Class are entitled to damages and all incidental and consequential damages resulting from Honda's breach.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

**Sixth Cause of Action**

**Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")**

**Fla. Stat. § 501.201,** *et. seq.*

**(Plaintiffs Varjan, Adams, and Calvert on behalf of the proposed Florida Class)**

233.    Plaintiffs Varjan, Adams, and Calvert re-allege the paragraphs above as if fully set forth herein.

234.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of the proposed Florida Class.

235.    Plaintiffs and members of the proposed Florida Class are "consumers" and "interested parties or persons" under the FDUTPA.  Fla. Stat § 501.203(6) and (7).

236.    Honda is engaged in the conduct of "trade or commerce" as defined by FDUTPA. Fla. Stat § 501.203(8).

237.    By failing to disclose and concealing the Defect from Plaintiffs and prospective Class Members, Honda engaged in "unfair or deceptive acts or practices in the conduct of …. commerce" in violation of Fla. Stat § 501.204.

238.    Honda's conduct, as described above and below, constitutes a violation of Fla. Stat § 501.204. Furthermore, Honda's deceptive acts and practices, which were intended to mislead consumers who were in the process of purchasing and/or leasing the Class Vehicles, constitute conduct directed at consumers.

239.    Honda knew that the Class Vehicles suffered from an inherent Defect, were defectively designed and/or manufactured, and were not suitable for their intended use.

240.    In failing to disclose the Defect, Honda knowingly and intentionally concealed material facts and breached its duty not to do so, thereby engaging in deceptive acts or practices within the meaning of the FDUTPA.

241.    Honda's acts and practices, which were intended to result, and which did result, in the sale of defective Class Vehicles, violates the FDUTPA for at least

the following reasons:

      a.    Honda represents that its vehicles had characteristics, uses, or benefits which they do not have;

      b.    Honda advertises its goods with intent not to sell them as advertised;

      c.    Honda represents that its vehicles are of a particular standard, quality, or grade when they are not;

      d.    Honda represents that a transaction conferred or involved rights, remedies, or obligations which they do not;

      e.    Honda represents that its goods have been supplied in accordance with a previous representation when they have not; and

      f.    Honda fails to disclose and conceals material information about its vehicles.

242.    As described above, Honda sold and leased vehicles to proposed Florida Class Members with a known Defect that endangers drivers and materially detracts from the central functionality of the vehicles. Honda failed to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise, realizing that warning about the Defect would dissuade class members from purchasing and leading the vehicles. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the Defect.

243.    Had Honda not concealed and instead adequately disclosed the Defect, Plaintiffs, members of the proposed Florida Class, and reasonable consumers would not have purchased or would have paid less for their vehicles.

244.    Plaintiffs also assert a violation of public policy arising from Honda's withholding of material safety facts from consumers. Honda's violation of consumer protection and unfair competition laws resulted in harm to consumers.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

245.     Honda's deceptive acts or practices occurred repeatedly in Defendants' trade or business, and were capable of deceiving a substantial portion of the purchasing public.

246.     Accordingly, Plaintiffs seek an order enjoining the acts and practices described above.

247.     As a direct and proximate result of Honda deceptive acts or practices, Plaintiffs and Florida Class Members have suffered and will continue to suffer actual damages. Since Honda's willful and knowing conduct caused injury to Plaintiffs, Plaintiffs seek recovery of actual damages, discretionary punitive damages, reasonable attorneys' fees and costs, and an order enjoining Honda's deceptive conduct, and any other just and proper relief available under Fla. Stat §§ 501.211 and § 501.2105.

**Seventh Cause of Action**

**Breach of Implied Warranty, Fla. Stat. § 672.314**

**(Plaintiffs Varjan, Adams, and Calvert on behalf of the proposed Florida Class)**

248.     Plaintiffs Varjan, Adams, and Calvert re-allege the paragraphs above as if fully set forth herein.

249.     Plaintiffs bring this cause of action on behalf of themselves and on behalf of the proposed Florida Class.

250.     The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

251.     The Class Vehicles are not adequately labeled because their labeling fails to disclose the Defect and does not advise Plaintiffs and the members of the proposed Florida Class of the existence of the danger prior to experiencing failure firsthand.

252.     Honda's actions have deprived Plaintiffs and the members of the proposed Florida Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiffs and other members of the proposed Florida Class paid.

253.     As a direct and proximate result of Honda's breach of implied warranty, Plaintiffs and members of the proposed Florida Class received goods whose condition substantially impairs their value. Plaintiffs and members of the proposed Florida Class have been damaged by the diminished value of their Class Vehicles.

254.     Honda provided the Class Vehicles to its authorized dealerships with the expectation that the vehicles would be purchased by consumers, like Plaintiffs, and marketed its vehicles directly to consumers. These vehicles came with an express warranty designed by Honda and intended to benefit consumers, not dealers.

255.     By bringing their vehicles in to a Honda authorized dealership, or contacting a Honda service representative, Plaintiffs provided sufficient notice to Honda of its breach of the implied warranty of merchantability and any further notice was would have been futile and has hereby been waived due to Honda's steadfast refusal to acknowledge the Honda Sensing Defect and provide an adequate remedy.

256.     Plaintiffs and members of the proposed Florida Class are entitled to damages and all incidental and consequential damages resulting from Honda's breach.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

**Eighth Cause of Action**

**Iowa Private Right of Action for Consumer Frauds Act,**

**Iowa Code § 714H**

**(Plaintiff Fain on behalf of the proposed Iowa Class)**

257.   Plaintiff Fain incorporates the paragraphs above as if fully set forth herein.

258.   Plaintiff brings this claim on behalf of himself and the proposed Iowa Class.

259.   Honda is a "person" as defined by Iowa Code § 714H.2(7).

260.   Plaintiff and proposed members of the Iowa Class are "consumers" as defined by Iowa Code § 714H.2(3).

261.   Honda's conduct described above related to the "sale" or "advertisement" of "merchandise" as defined by Iowa Code §§ 714H.2(2), (6), and (8).

262.   Honda engaged in unfair, deceptive, and unconscionable trade practices, in violation of the Iowa Private Right of Action for Consumer Frauds Act because Honda failed to disclose information that was material to Plaintiff and proposed class members before they purchased or leased Class Vehicles. Specifically, Honda sold and leased vehicles to class members with a known safety Defect, and Honda chose not to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise, realizing that warning about the Defect would dissuade class members from purchasing and leasing the vehicles. Honda now claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the Defect.

263.   Honda had ample means and opportunities to disclose these facts to Plaintiff Fain and proposed class members before they purchased or leased Class Vehicles.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

264.    Honda knew that Plaintiff and proposed Iowa Class Members reasonably relied on Honda's omissions.  It also intended to mislead Plaintiff and proposed Iowa Class Members and induce them to rely on its omissions. Plaintiff and proposed class members had no way of knowing that Honda's omissions were false and misleading and that their vehicles contained defective Honda Sensing systems.

265.    Honda acted intentionally, knowingly, and maliciously, to violate Iowa's Private Right of Action for Consumer Frauds Act, and recklessly disregarded the rights of Plaintiff and members of the proposed Iowa Class.

266.    As a direct and proximate result of Honda's omissions, Plaintiff Fain and the proposed class members have suffered actual damages. Had Honda not misleadingly omitted material facts concerning the defective Honda Sensing system in Class Vehicles, Plaintiff Fain and proposed class members would not have purchased their vehicles or would have paid substantially less for them. In the meantime, Honda generated more revenue than it otherwise would have.

267.    Plaintiff Fain has provided the requisite notice to the Iowa Attorney General, whose office approved the filing of this class action lawsuit complaint pursuant to Iowa Code § 714H.7.

268.    Plaintiff and the members of the proposed Iowa Class seek all monetary and non-monetary relief allowed by law, including injunctive relief, damages, punitive damages, and reasonable attorney's fees and costs.

### Ninth Cause of Action

**Breach of Implied Warranty,**

**Iowa Code § 554.2314,** *et seq.*

**(Plaintiff Fain on behalf of the proposed Iowa Class)**

269.    Plaintiff Fain re-alleges the paragraphs above as if fully set forth herein.

270.    Plaintiff Frain brings this claim on behalf of himself and the proposed

89

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

Iowa Class.

271.   Class Vehicles are "goods" and Honda is a "seller" and "merchant" within the meaning of Iowa Code §§ 554.2103-554.2105.

272.   The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

273.   The Class Vehicles would not pass without objection in the automotive trade because they contain the above-described Defect, which also makes them unfit for the ordinary purpose for which a Class Vehicle would be used.

274.   The Class Vehicles are not adequately labeled because their labeling fails to disclose the Defect and does not advise the members of the proposed Iowa Class of the existence of the danger prior to experiencing failure firsthand.

275.   Honda's actions have deprived Plaintiff and the members of the proposed Iowa Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiff and other members of the proposed Iowa Class paid.

276.   As a direct and proximate result of Honda's breach of implied warranty, members of the proposed Iowa Class received goods whose condition substantially impairs their value. Plaintiff and members of the proposed Iowa Class have been damaged by the diminished value of their Class Vehicles.

277.   Plaintiff Fain notified Honda of its breach within a reasonable time.

278.   Plaintiff and members of the proposed Iowa Class are entitled to damages and all incidental and consequential damages resulting from Honda's breach.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

## **Tenth Cause of Action**

### **Breach of Implied Warranty,**

### **Mass. Gen. Laws ch. 106 § 2-314,** *et seq.*

### **(Plaintiff Russell on behalf of the proposed Massachusetts Class)**

279.   Plaintiff Russell re-alleges the paragraphs above as if fully set forth herein.

280.   Plaintiff brings this cause of action on behalf of himself and on behalf of the proposed Massachusetts Class.

281.   Class Vehicles are "goods" and Honda is a "seller" and "merchant" within the meaning of Mass. Gen. Laws ch. 106, § 2-314.

282.   The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

283.   The Class Vehicles are not adequately labeled because their labeling fails to disclose the Defect and does not advise the members of the proposed Massachusetts Class of the existence of the danger prior to experiencing failure firsthand.

284.   Honda's actions have deprived Plaintiff and the members of the proposed Massachusetts Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiff and other members of the proposed Massachusetts Class paid.

285.   As a direct and proximate result of Honda's breach of implied warranty, members of the proposed Massachusetts Class received goods whose condition substantially impairs their value. Plaintiff and members of the proposed Massachusetts Class have been damaged by the diminished value of their Class Vehicles.

286.      By contacting and then bringing his vehicle to a Honda authorized dealership, Plaintiff Russell provided sufficient notice to Honda of the breach of its breached of the implied warranty of merchantability and any further notice would have been futile and has hereby been waived due to Honda's steadfast refusal to acknowledge the Honda Sensing Defect and provide an adequate remedy.

287.      Plaintiff and members of the proposed Massachusetts Class are entitled to damages and all incidental and consequential damages resulting from Honda's breach.

**Eleventh Cause of Action**

**Violation of the Missouri Merchandising Practices Act,**

**Mo. Rev. Stat. § 407.010, *et seq.***

**(Plaintiff Smotherman on behalf of the proposed Missouri Class)**

288.      Plaintiff Smotherman re-alleges the paragraphs above as if fully set forth herein.

289.      Plaintiff Smotherman brings this cause of action on behalf of himself and on behalf of the proposed Missouri Class.

290.      Honda is a "person" as defined by Mo. Rev. Stat. § 407.010(4).

291.      Class Vehicles are "merchandise" as defined by Mo. Rev. Stat. § 407.010(4).

292.      Honda's advertising, distribution, offering for sale, and sale of Class Vehicles is "trade or commerce" as defined by Mo. Rev. Stat. § 407.010(7).

293.      By failing to disclose, at the point of sale or otherwise, that Class Vehicles have a known Defect that endangers drivers, Honda violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020.1, which precludes the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce in or from the state of Missouri.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

294.     Plaintiff and class members purchased their vehicles primarily for personal, family, or household purposes and have suffered an ascertainable loss of money as a direct and proximate result of Honda's failure to disclose the defective Honda Sensing system.

295.     As a direct and proximate result of Honda's conduct, Plaintiff Smotherman and other members of the proposed Missouri Class have been harmed in that they purchased Class Vehicles they otherwise would not have, paid more for Class Vehicles than otherwise would have, and are left with Class Vehicles of diminished value and utility because of the Defect. Meanwhile Honda has sold more Class Vehicles than it otherwise could have and changed inflated prices for Class Vehicles, unjustly enriching itself thereby.

296.     Pursuant to Mo. Rev. Stat. §§ 407.025 and 407.100(3)-(4), Plaintiff Smotherman and the proposed Missouri Class seek an award of damages and appropriate equitable relief, including damages, consequential damages, reasonable attorney's fees and costs of suit, and other relief as appropriate.

## Twelfth Cause of Action

### Violation of the New York General Business Law,

### N.Y. Gen. Bus. Law § 349

### (Plaintiffs Bienstock and Watson on behalf of the proposed New York Class)

297.     Plaintiffs Bienstock and Watson re-allege the paragraphs above as if fully set forth herein.

298.     Plaintiffs and members of the proposed class are "persons" under N.Y. Gen. Bus. Law § 349(g).

299.     Honda is a "person," "firm," "corporation" or "association" under N.Y. Gen. Bus. Law § 349(g).

300.     As described above, Honda sold vehicles to class members even though the vehicles are defective and pose a safety hazard, and failed to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles as to eliminate the Defect.

301.    Honda's failure to disclose this information was misleading in a material respect because a reasonable consumer would have been misled by Honda's conduct.

302.    Honda's deceptive acts and practices were consumer-oriented because they had a broad range impact on consumers at large, affecting all owners and lessees of Class Vehicles.

303.    As a direct and proximate result of Honda's unlawful methods, acts, and practices, Plaintiffs and the proposed New York Class Members lost money or property because they have purchased and leased vehicles that they otherwise would not have, or in the alternative, would have paid less for. Meanwhile, Honda has sold more Class Vehicles than it otherwise could have and charged inflated prices for the vehicles, unjustly enriching itself thereby.

304.    Honda's deceptive acts and practices were willful and knowing because Honda knew that the Honda Sensing system was defective before it began selling Class Vehicles and chose not to disclose the problem to consumers.

305.    Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiffs and other members of the proposed New York class seek appropriate injunctive relief, recovery of actual damages, treble damages, and their reasonable costs and attorneys' fees.

### Thirteenth Cause of Action

### Breach of Implied Warranty N.Y. U.C.C. § 2-314

### (Plaintiff Bienstock and Watson on behalf of the proposed New York Class)

306.    Plaintiffs Bienstock and Watson re-allege the paragraphs above as if fully set forth herein.

307.    Plaintiffs bring this cause of action on behalf of themselves and the proposed New York Class.

308.     Class Vehicles are "goods" and Plaintiffs and the proposed New York Class are "buyers" within the meaning of §§ 2-103, 2-104, 2-105. Honda is also a "seller" "merchant," or "retail seller" under §§ 2-103-and 2-104.

309.     The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

310.     The Class Vehicles would not pass without objection in the automotive trade because they contain the above-described Defect, which also makes them unfit for the ordinary purpose for which a Class Vehicle would be used.

311.     The Class Vehicles are not adequately labeled because their labeling fails to disclose the Defect and does not advise the members of the proposed New York Class of the existence of the danger prior to experiencing failure firsthand.

312.     Honda's actions have deprived Plaintiffs and the members of the proposed New York Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiffs and other members of the proposed New York Class paid.

313.     As a direct and proximate result of Honda's breach of implied warranty, members of the proposed New York Class received goods whose condition substantially impairs their value. Plaintiffs and members of the proposed New York Class have been damaged by the diminished value of their Class Vehicles.

314.     Pursuant to U.C.C. § 2-314 *et. seq*. Plaintiffs and members of the proposed New York Class are entitled to damages and other legal and equitable relief, including, at their election, the right to revoke acceptance of Class Vehicles or the overpayment or diminution in value of their Class Vehicles. They are also

entitled to all incidental and consequential damages resulting from Honda's breach, as well as reasonable attorneys' fees and costs.

## Fourteenth Cause of Action

**Violation of New Jersey's Consumer Fraud Act ("New Jersey CFA")**

**N.J. Stat. Ann. §§ 56:8-1 et. seq.**

**(Plaintiff Bustamante on behalf of the proposed New Jersey Carolina Class)**

315.    Plaintiff Bustamante re-alleges the paragraphs above as if fully set forth herein.

316.    Plaintiff Bustamante brings this cause of action on behalf of herself and the proposed New Jersey Class.

317.    The New Jersey CFA makes unlawful "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby." N.J. Stat. Ann. § 56:8-2.

318.    As described above, Honda sold and leased vehicles to class members even though the vehicles are defective and pose a safety hazard, and failed to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise. Honda's conduct, as described above and below, constitutes a violation of N.J. Stat. Ann. § 56:8-2. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles to remedy the Defect. Honda's conduct occurred in the course of its trade or business, was intended to mislead consumers who were in the process of purchasing and/or leasing the Class Vehicles, and therefore constitutes conduct directed at consumers.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

319.    Honda's failure to disclose the Honda Sensing Defect was misleading in a material respect because a reasonable consumer would have been misled by Honda's conduct.

320.    Honda's deceptive acts and practices were consumer-oriented because they had a broad range impact on consumers at large, affecting all owners and lessees of the Class Vehicles.

321.    As a direct and proximate result of Honda's unlawful methods, acts, and practices, Plaintiff and the proposed New Jersey Class Members lost money or property because they have purchased and leased vehicles that they otherwise would not have, or in the alternative, would have paid less for. Meanwhile, Honda has sold more Class Vehicles than it otherwise could have and charged inflated prices for the vehicles, unjustly enriching itself thereby.

322.    Honda's deceptive acts and practices were willful and knowing because Honda knew that the Honda Sensing system was defective before it began selling Class Vehicles and chose not to disclose the problem to consumers.

323.    Pursuant to N.J. Stat. Ann. § 56:8-19., Plaintiff and other members of the proposed New Jersey Class seek appropriate injunctive relief, recovery of actual damages, treble damages, and their reasonable costs and attorneys' fees.

324.    Pursuant to N.J. Stat. Ann. § 56:8-20, Plaintiff will serve the New Jersey Attorney General with a copy of this Consolidated Amended Complaint.

## Fifteenth Cause of Action

### Breach of Implied Warranty of Merchantability, N.J. Stat. Ann. §12A:2-314
### (Plaintiff Bustamante on behalf of the proposed New Jersey Class)

325.    Plaintiff Bustamante re-alleges the paragraphs above as if fully set forth herein.

326.    Plaintiff Bustamante brings this cause of action on behalf of herself and the proposed New Jersey Class.

97

327.    Honda is a "merchant" in respect to the Class Vehicles under New Jersey law.

328.    The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

329.    The Class Vehicles would not pass without objection in the automotive trade because they contain the above-described Defect, which also makes them unfit for the ordinary purpose for which a Class Vehicle would be used.

330.    The Class Vehicles are not adequately labeled because their labeling fails to disclose the Defect and does not advise the members of the proposed New Jersey Class of the existence of the danger prior to experiencing failure firsthand.

331.    Honda's actions have deprived Plaintiff and the members of the proposed New Jersey Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiff and other members of the proposed New Jersey Class paid.

332.    As a direct and proximate result of Honda's breach of implied warranty, members of the proposed New Jersey Class received goods whose condition substantially impairs their value. Plaintiff and members of the proposed New Jersey Class have been damaged by the diminished value of their Class Vehicles.

333.    Pursuant to N.J. Stat. Ann. §12A:2-314, *et. seq.* Plaintiff and members of the proposed New Jersey Class are entitled to damages and other legal and equitable relief, including, at their election, the right to revoke acceptance of Class Vehicles or the overpayment or diminution in value of their Class Vehicles. They are also entitled to all incidental and consequential damages resulting from Honda's breach, as well as reasonable attorneys' fees and costs.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

### Sixteenth Cause of Action

**Violation of North Carolina's Unfair and Deceptive Trade Practices Act, ("NCUDTPA") N.C. Gen. Stat. § 75.1.1, *et seq.***

**(Plaintiffs Hensley and DuTremble on behalf of the proposed North Carolina Class)**

334.     Plaintiffs Hensley and DuTremble re-allege the paragraphs above as if fully set forth herein.

335.     Plaintiffs Hensley and DuTremble bring this cause of action on behalf of themselves and the proposed North Carolina Class.

336.     North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat §§ 75.1.1, prohibits a person from engaging in "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce[.]"  The NCUDTPA provides right of action for any person injured "by reason of any act or thing done by any other person, firm or corporation in violation of the NCUDTPA.  N.C. Gen. Stat. §§ 75-16.

337.     As described above, Honda sold vehicles to class members even though the vehicles are defective and pose a safety hazard, and failed to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles as to eliminate the Defect.  Honda's conduct occurred in the course of its trade or business and thus occurred in or affected "commerce." As defined in N.C. Gen. Stat. § 75-1.1(b).

338.     Honda's failure to disclose this information was misleading in a material respect because a reasonable consumer would have been misled by Honda's conduct.

339.     Honda's deceptive acts and practices were consumer-oriented because they had a broad range impact on consumers at large, affecting all owners and lessees of Class Vehicles.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

340.    As a direct and proximate result of Honda's unlawful methods, acts, and practices, Plaintiffs and the proposed North Carolina members lost money or property because they have purchased and leased vehicles that they otherwise would not have, or in the alternative, would have paid less for. Meanwhile, Honda has sold more Class Vehicles than it otherwise could have and charged inflated prices for the vehicles, unjustly enriching itself thereby.

341.    Honda's deceptive acts and practices were willful and knowing because Honda knew that the Honda Sensing system was defective before it began selling Class Vehicles and chose not to disclose the problem to consumers.

342.    Pursuant to N.C. Gen. Stat. § 75-16 and § 75-16.1., Plaintiffs and other members of the proposed North Carolina Class seek appropriate injunctive relief, recovery of actual damages, treble damages, and their reasonable costs and attorneys' fees.

**Seventeenth Cause of Action**

**Breach of Implied Warranty of Merchantability,**

**N.C. Gen. Stat. § 25-2-314, *et. seq*.**

**(Plaintiffs Hensley and DuTremble on behalf of the proposed North Carolina Class)**

343.    Plaintiffs Hensley and DuTremble re-allege the paragraphs above as if fully set forth herein.

344.    Plaintiffs bring this cause of action on behalf of themselves and the proposed North Carolina Class.

345.    Class Vehicles are "goods" and Honda is a "merchant" in respect to the Class Vehicles under North Carolina law.

346.    The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the

ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

347.    The Class Vehicles would not pass without objection in the automotive trade because they contain the above-described Defect, which also makes them unfit for the ordinary purpose for which a Class Vehicle would be used.

348.    The Class Vehicles are not adequately labeled because their labeling fails to disclose the Defect and does not advise the members of the proposed North Carolina Class of the existence of the danger prior to experiencing failure firsthand.

349.    Honda's actions have deprived Plaintiffs and the members of the proposed North Carolina of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiffs and other members of the proposed North Carolina Class paid.

350.    As a direct and proximate result of Honda's breach of implied warranty, members of the proposed North Carolina Class received goods whose condition substantially impairs their value. Plaintiffs and members of the proposed North Carolina Class have been damaged by the diminished value of their Class Vehicles.

351.    Pursuant to N.C. Gen. Stat. § 25-2-314 *et. seq*. Plaintiffs and members of the proposed North Carolina Class are entitled to damages and other legal and equitable relief, including, at their election, the right to revoke acceptance of Class Vehicles or the overpayment or diminution in value of their Class Vehicles. They are also entitled to all incidental and consequential damages resulting from Honda's breach, as well as reasonable attorneys' fees and costs.

## Eighteenth Cause of Action

### Breach of Implied Warranty in Tort Under Ohio Law
### (Plaintiff Liem on behalf of the Proposed Ohio Class)

352.    Plaintiff Liem re-alleges the paragraphs above as if fully set forth herein.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

353.     Plaintiff brings this cause of action on behalf of himself and the proposed Ohio Class.

354.     Class Vehicles are "goods" and Honda is a "merchant" in respect to the Class Vehicles under Ohio law.

355.     The implied warranty of merchantability included with the sale of each Class Vehicle means that Honda warranted that each Class Vehicle (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the Class Vehicle would be used; and (c) conformed to the promises or affirmations of fact made on the container or label.

356.     The Class Vehicles would not pass without objection in the automotive trade because they contain the above-described Defect, which also makes them unfit for the ordinary purpose for which a Class Vehicle would be used.

357.     The Class Vehicles are not adequately labeled because their labeling fails to disclose the Defect and does not advise the members of the proposed Ohio Class of the existence of the danger prior to experiencing failure firsthand.

358.     Honda's actions have deprived Plaintiff and the members of the proposed Ohio Class of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiff and other members of the proposed Ohio Class paid.

359.     As a direct and proximate result of Honda's breach of implied warranty, members of the proposed Ohio Class received goods whose condition substantially impairs their value. Plaintiff and members of the proposed Ohio Class have been damaged by the diminished value of their Class Vehicles.

## Nineteenth Cause of Action

### Negligence

### (Plaintiff Liem on behalf of the proposed Ohio Class)

360.     Plaintiff Liem realleges the paragraphs as if fully set forth herein.

361.     Plaintiff brings this cause of action on behalf of himself and the

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

1  proposed Ohio Class.

2      362.    Honda had a duty to design and manufacture a product that would be

3  safe for its intended and foreseeable uses and users, including the use to which its

4  products were put by Plaintiff and the other class members. Honda breached its

5  duties to Plaintiff and the other class members because it was negligent in the

6  design, development, manufacture, and testing of Honda Sensing as installed in

7  Class Vehicles, and Honda is responsible for this negligence.

8      363.    Honda was negligent in the design, development, manufacture, and

9  testing of the Honda Sensing system installed in the Class Vehicles because it knew,

10 or in the exercise of reasonable care should have known, that the vehicles equipped

11 with defective Honda Sensing systems pose an unreasonable risk of serious bodily

12 injury to Plaintiff and the other class members, other motorists, pedestrians, and the

13 public at large.

14     364.    A finding that Honda owed a duty to Plaintiffs and other class

15 members would not significantly burden Honda.

16     365.    As a direct, reasonably foreseeable, and proximate result of Honda's

17 failure to exercise reasonable care to inform Plaintiff and the Ohio Class about the

18 Defect or to provide appropriate repair procedures for it, Plaintiff and the Ohio

19 Class have suffered damages in that they spent more money than they otherwise

20 would have on Class Vehicles which are of diminished value.

21     366.    Plaintiff and the Ohio Class could not have prevented the damages

22 caused by Honda's negligence through the exercise of reasonable diligence. Neither

23 Plaintiff nor the Ohio Class contributed in any way to Honda's failure to provide

24 appropriate notice and repair procedures.

25     367.    Plaintiff and the Ohio Class seek to recover the damages caused by

26 Honda. Because Honda acted fraudulently and with wanton and reckless

27 misconduct, Plaintiff also seeks an award of punitive damages.

28

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

**Twentieth Cause of Action**

**Unjust Enrichment**

**(Plaintiffs Cheathon, Villanueva, Mosqueda, and Collras on behalf of the proposed California Class, Plaintiff Morse on behalf of the proposed Arizona Class, Plaintiffs Varjan, Adams, and Calvert on behalf of the proposed Florida Class, Plaintiff Fain on behalf of the proposed Iowa Class, Plaintiff Russell on behalf of the proposed Massachusetts Class, Plaintiff Smotherman on behalf of the proposed Missouri Class, Plaintiffs Hensley and DuTremble on behalf of the proposed North Carolina Class, Plaintiff Bustamante on behalf of the proposed New Jersey Class, and Plaintiff Vincent Liem on behalf of the proposed Ohio Class)**

368.    Plaintiffs Cheathon, Villanueva, Mosqueda, Collras, Morse, Varjan, Adams, Calvert, Fain, Russell, Smotherman, Hensley, DuTremble, Bustamante, and Liem re-allege the paragraphs above as if fully set forth herein.

369.    Plaintiffs assert this claim under the laws of the state in which they purchased or leased their Class Vehicles and on behalf of the proposed statewide classes identified above.

370.    As described above, Honda sold vehicles to class members even though the vehicles are defective and pose a safety hazard, and Honda failed to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise. Furthermore, Honda claims to be unable or unwilling to adequately repair the vehicles so as to eliminate the Defect.

371.    As a result of its fraudulent acts and omissions related to the Defect, Honda charged Plaintiffs and class members more than it otherwise could have for Class Vehicles, obtaining monies which rightfully belong to Plaintiffs and proposed California Class Members to the detriment of Plaintiffs and the class.

372.    Honda appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiffs and the proposed class members, who, without knowledge of

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

the Defect, paid a higher price for their vehicles than those vehicles were worth.

373.    It would be inequitable and unjust for Honda to retain these wrongfully obtained profits.

374.    Honda's retention of these wrongfully-obtained profits would violate the fundamental principles of justice, equity, and good conscience.

375.    Each Plaintiff and the proposed Classes are entitled under the laws their state to restitution of the profits Honda unjustly obtained, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment awarding the following relief:

a.    An order certifying the proposed California, Arizona, Florida, Iowa, Massachusetts, Missouri, New York, New Jersey, North Carolina, and Ohio Classes, and appointing Plaintiffs' counsel to represent the Classes;

b.    An order awarding Plaintiffs and class members their actual damages, punitive damages, and/or any other form of monetary relief provided by law;

c.    An order awarding Plaintiffs and the classes restitution, disgorgement, or other equitable relief as the Court deems proper;

d.    An order enjoining Honda in the manner detailed above;

e.    An order awarding Plaintiffs and the classes pre-judgment and post-judgment interest as allowed under the law;

f.    An order awarding Plaintiffs and the classes reasonable attorneys' fees and costs of suit, including expert witness fees; and

g.    An order awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury for all

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW

issues so triable under the law.

DATED: September 18, 2020

Respectfully submitted,

**GIBBS LAW GROUP LLP**

By:   */s/ David Stein*

Eric H. Gibbs (SBN 178659)
David Stein (SBN 257465)
Steven Lopez (SBN 300540)
505 14th Street, Suite 1110
Oakland, California 94612
Telephone:  (510) 350-9700
Facsimile:   (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
sal@classlawgroup.com

**GREENSTONE LAW APC**
Mark S. Greenstone
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160
E-mail: mgreenstone@greenstonelaw.com

*Interim Class Counsel*

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:18-CV-04007-MWF-PJW