UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-4007-MWF (PJWx)         **Date:  March 10, 2021**
Title:    Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING IN PART AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT [96]

Before the Court is Defendant American Honda Motor Co., Inc.'s ("Honda") Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint (the "Motion"), filed on November 3, 2020.  (Docket No. 96).  Plaintiffs filed an opposition on December 11, 2020.  (Docket No. 98).  Honda filed a reply on January 8, 2020.  (Docket No. 102).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on February 24, 2021, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

For the reasons set forth below, the Motion is **GRANTED** *in part* and **DENIED** *in part* as follows:

- The Motion is **DENIED** with respect to the issue of insufficient allegations relating to defects.

- The Motion is **DENIED** with respect to the equitable relief claims.

- The Motion is **DENIED** with respect to the economic loss rule issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** **CV 18-4007-MWF (PJWx)**          **Date:  March 10, 2021**

Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

- The Motion is **DENIED** with respect to the New Jersey implied warranty claim.

- The Motion is **GRANTED** *without leave to amend* with respect to the New York implied warranty claims.

- The Motion is **GRANTED** *without leave to amend* with respect to the North Carolina implied warranty claim.

- The Motion is **DENIED** with respect to the implied warranty claim under Ohio law.

- The Motion is **DENIED** with respect to the implied warranty claims under Florida law.

- The Motion is **GRANTED** *without leave to amend* with respect to Defendant's request to limit the relief under the Arizona CFA to actual damages.

- The Motion is **GRANTED** *without leave to amend* with respect to Defendant's request to limit the relief under the Florida DUPTA to injunctive relief and attorneys' fees.

- The Motion is **GRANTED** *with leave to amend* with respect to the Massachusetts implied warranty claim.

- The Motion is **DENIED** with respect to the Massachusetts unjust enrichment claim.

**I.** **<u>BACKGROUND</u>**

Plaintiffs commenced this action on May 14, 2018.  (Complaint (Docket No. 1)).  The First Amended Complaint ("FAC") was filed on July 20, 2018.  (Docket No. 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-4007-MWF (PJWx)**          **Date:  March 10, 2021**

Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

On November 14, 2018, the Court denied in part and granted in part with leave to amend Honda's Motion to Dismiss Plaintiffs' First Amended Complaint.  (*See* "November 14 Order" (Docket No. 29)).  On December 31, 2018, Plaintiffs filed a Second Amended Complaint ("SAC").  (Docket No. 32).  On May 29, 2019, the Court granted in part and denied in part Honda's Motion to Dismiss Plaintiffs' Second Amended Complaint.  (Docket No. 47).  The Court granted Plaintiffs' Motion to Consolidate Cases on June 9, 2020.  (Docket No. 84).   Plaintiffs filed a Consolidated Amended Complaint ("CAC") on October 2, 2020.  (Docket No. 94).

The CAC contains the following factual allegations:

Computerized driver-support systems have become increasingly common. (CAC ¶ 1).  Honda's version is called "Honda Sensing."  (*Id.* ¶ 2).  It includes suite of driver-assistive features:  an automated braking system that applies the brakes when a collision is imminent; an adaptive cruise control that adjusts the vehicle's speed to maintain a safe following distance; a lane keeping system that adjusts steering to keep vehicles in their driving lanes; and a road departure system that corrects steering and applies brakes to prevent road departures.  (*Id.* ¶ 33).  Each of these features relies on the Honda Sensing system's technology, which includes a radar unit and a windshield-mounted camera to scan the roadway for obstacles and road surface markings.  (*Id.* ¶¶ 35-36, 55).  Honda Sensing processes these inputs to detect road conditions and alert the driver or automatically respond to potential hazards through its various features. (*Id.* ¶¶ 3, 35).

Honda Sensing suffers from a defect that causes problems throughout its entire suite of driver-assistive features.  (*Id.* ¶ 3).  The system fails to accurately detect and respond to conditions on the roadway, leading the system to flash warning lights and misapply the adaptive cruise and steering features.  (*Id.* ¶ 5).  The most dangerous failing, though, is when Honda Sensing detects an imminent frontal collision with an object that does not exist.  (*See id.* ¶ 42).  The system is designed to react to collision risks by flashing a dashboard message advising the driver to brake, or by activating the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)              Date:  March 10, 2021
Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

brakes automatically.  (*See id.* ¶¶ 34, 36).  But Honda Sensing routinely detects collision risks that are not present.  (*See id.* ¶ 40).

        The result is sudden and unnecessary braking at high speeds.  (*See id.*).  The sudden braking has already led to accidents where drivers of trailing vehicles could not apply their own brakes in time (or where the driver of the braking Honda lost control of their vehicle).  (*Id.*).  Even when the braking does not lead to a crash, it can still injure drivers and passengers.  (*Id.* at 11:6 ("My back and neck are very sore."), 11:24-25 ("[I]t was very painful."), 38:1-12 ("I was in extreme pain afterwards. . . . [A] specialist . . . confirmed that I have whiplash.")).

        In the scores of complaints to the National Highway Traffic Safety Administration, drivers describe crashes and near-misses during Honda Sensing malfunctions.  (*See id.* at 17-24).  First and foremost, drivers report sudden braking when no obstacle is present (as well as the failure to engage when a collision is imminent).  (*Id.* at 17-18).

        Drivers likewise report deactivation of adaptive cruise control, often in conjunction with automated braking failures.  (*Id.* at 18, 23).  The Honda Sensing problems likewise extend to the road departure mitigation and lane-keeping features.  (*Id.* at 23-24).  At least one driver (who also experienced sudden braking) reported that the Honda's road departure mitigation feature "yank[ed]" the vehicle "into another lane thinking [the driver] had gone off the road."  (*Id.* at 23:2-18).

        Honda knows that these Honda Sensing malfunctions are related because it has repeatedly described them as a collective problem with a common root.  (*See id.* ¶¶ 56-58).  For example, Honda informed its dealers in 2017 that a radar obstruction may both prevent it from detecting objects and disable multiple Honda Sensing features.  (*Id.* ¶ 55).  Later, Honda told dealers that faulty radar was to blame for dash alerts of "problems" with adaptive cruise control, collision mitigation, and road departure mitigation.  (*Id.* ¶ 56).  Then, Honda told dealers that a radar software problem was causing interconnected "symptoms," including:  "temporary stop of driver support system"; fluctuations in speed when using adaptive cruise at highway speeds;

_____

**CIVIL MINUTES—GENERAL**                                               **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-4007-MWF (PJWx)            Date:  March 10, 2021**
Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

"incomplete learning" of the "steering angle neutral position"; and "brake actuator malfunction."  (*Id.* ¶ 58).

Honda knows that its defective Honda Sensing system poses serious safety risks.  (*See id.* ¶¶ 43-69).  When earlier Honda models were plagued by similar problems in 2015, Honda admitted that the problem endangered drivers and recalled the vehicles.  (*Id.* ¶¶ 4, 44, 67).  With the current models, Honda has issued no recall, even though it has acknowledged system-wide Honda Sensing malfunctions, (*id.* ¶¶ 54-67), and that the Honda Sensing defect has caused at least eight crashes.  (*Id.* at 34-37).   But rather than warn drivers or fix the vehicles, Honda conceals the problem; Honda has never warned consumers before selling them vehicles.  (*See, e.g., id.* ¶¶ 70-71, 123, 137, 154).  And when drivers ask about known defects after buying the vehicles, Honda denies there is a problem.  (*Id.* ¶ 102) (Honda allegedly told Plaintiff Moriss that Honda had never heard of the issue).

Based on these allegations, Plaintiffs assert the following claims for relief:  (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (3) breach of implied warranty pursuant to the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1791.1, et seq.; (4) violation of the Arizona Consumer Fraud Act ("ACFA"), Ariz. Rev. Stat. § 44-1521, et. seq.; (5) breach of implied warranty, Ariz. Rev. Stat. § 47-2314 and 47-2A212; (6) violation of Florida's Deceptive and Unfair Trade Practices Act ("DUTPA") Fla. Stat. § 501.201, et. seq.; (7) breach of implied warranty, Fla. Stat. § 672.314; (8) violation of the Iowa Private Right of Action for Consumer Frauds Act, Iowa Code § 714H; (9) breach of implied warranty, Iowa Code § 554.2314, et seq.; (10) breach of implied warranty, Mass. Gen. Laws ch. 106 § 2-314, et seq.; (11) violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, et seq.; (12) violation of the New York General Business Law, N.Y. Gen. Bus. Law § 349; (13) breach of implied warranty, N.Y. U.C.C. § 2-314; (14) violation of New Jersey's Consumer Fraud Act ("New Jersey CFA") N.J. Stat. Ann. §§ 56:8-1 et. seq.; (15) breach of implied warranty of merchantability, N.J. Stat. Ann. §12A:2-314; (16) violation of North Carolina's Unfair and Deceptive Trade Practices Act,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-4007-MWF (PJWx)            Date:  March 10, 2021**

Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

("NCUDTPA") N.C. Gen. Stat. § 75.1.1, et seq.; (17) breach of implied warranty of merchantability, N.C. Gen. Stat. § 25-2-314, et. seq.; (18) breach of implied warranty in tort under Ohio Law; (19) negligence; (2) unjust enrichment.

## II.    **LEGAL STANDARD**

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                Date:  March 10, 2021
Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible."  *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

When applying state law in a diversity action, "federal courts are bound by the pronouncements of the state's highest court on applicable state law."  *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001); *see Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).  Where the state's highest court has not decided an issue, a federal court must try to determine how it would do so.  *Ticknor*, 265 F.3d at 939.  But in doing that, a federal court must look to state law as it stands at the time, "without predicting potential changes in that law."  *Id.*  "[W]e must take state law as we find it—not how we might imagine that it might or should evolve."  *Id.*  As the United States Supreme Court has put it, "[a] federal court in a diversity case is not free to engraft onto those state rules exceptions or modifications which may commend themselves to the federal court, but which have not commended themselves to the State in which the federal court sits."  *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4 (1975) (discussing state choice-of-law rules).

## III.   **DISCUSSION**

### A.   **Failure to Allege Defects in Honda Sensing**

Defendant argues that Plaintiffs have not alleged what Honda should have done differently with respect to the alleged defects in the Collision Mitigation Breaking System ("CMBS").  The Court agrees with Plaintiffs that the Court has already rejected this argument in *Villanueva v. Am. Honda Motor Co.*, No. CV 19-1390 MWF (MAAx), 2019 WL 8112467, at *12 (C.D. Cal. Oct. 10, 2019) (the defendant was not left guessing).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                    Date:  March 10, 2021
Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

Defendant next argues that Plaintiffs have failed to allege any defects in the
other Honda Sensing systems, including the Adaptive Cruise Control ("ACC")
technology system, Lane Keeping Assist System ("LKAS") technology system, and
Road Departure Mitigation System ("RDM") technology system.  (Motion at 11).
The Court disagrees.

Plaintiffs do not allege multiple defects, as Defendant suggests, but one defect in
Honda Sensing that affects multiple features, with the impact on CMBS being the most
dangerous.  (CAC ¶¶ 3 & n.1, 17-18, 31-33, 40).  Specifically, Plaintiffs make the
following allegation:

> The Honda Sensing system in the vehicles at issue in this litigation suffers
> from *a **Defect*** that causes the various subsystems within it to malfunction
> dangerously while the vehicles are driven.  This Defect impedes the
> systems' ability to reliably and accurately detect and appropriately
> respond to conditions on the roadway, causing malfunctions of the
> adaptive cruise control, the lane-departure system, and — most severely
> — the CMBS.

(*Id.* ¶ 3).  These allegations of one defect with the entire Honda Sensing system are
supported by facts showing the features' interconnectedness and how Honda itself has
viewed Honda Sensing malfunctions collectively as one problem.  (*See id.* ¶¶ 40, 55-
58); *see also Fain v. Am. Honda Motor Co.*, CV 19-2945-MWF (PJWx), 2019 WL
8690214, at *2 (C.D. Cal. Dec. 19, 2019); (quoting Plaintiffs' allegations that "Class
Vehicles' suite of driver-assisting safety systems, including the autonomous braking
system, are dangerously defective").

Accordingly, the Motion is **DENIED** with respect to the issue of insufficient
allegations relating to defects.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                Date:  March 10, 2021
Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

### B.      Equitable Claims

Defendant argues that Plaintiffs' equitable claims should be dismissed because Plaintiffs fail to sufficiently allege a lack of an adequate legal remedy.  (Motion at 13). Defendant points out that, before consolidation, Plaintiffs Collras and Mosqueda had requested injunctive relief as part of their CLRA and UCL claims, but "aside from [a] vague prayer for a 'remedial scheme,' . . . [the complaint did not] clarify what injunctive relief Plaintiffs are seeking," so the Court could not determine whether legal damages alone could make them whole.  (*Id.* at 13-14) (citing *Mosqueda v. Am. Honda Motor Co.*, 443 F. Supp. 3d 1115, 1134-35 (C.D. Cal. Mar. 6, 2020)).   The Court granted Collras and Mosqueda leave to "specifically allege the equitable relief that they are seeking and why legal relief is not adequate to address [their] alleged harms." *Mosqueda*, 443 F. Supp. 3d at 1135.

Plaintiffs now specify the injunctive relief they seek is an order (1) compelling Honda to disclose the defect at the point of sale; and (2) requiring Honda to take steps to mitigate the danger posed to current owners and lessees, such as by (a) deactivating Honda Sensing; (b) enabling drivers to deactivate Honda Sensing themselves; (c) replacing the system with a suitable and safe alternative; (d) disclosing Honda's full understanding of the defect so that Plaintiffs and class members can take measures to avoid being harmed; and (e) reforming its warranty to ensure that dealerships will repair the defect for free.  (CAC ¶ 74).

Plaintiffs have not explicitly articulated their theory for why legal relief is not adequate to address their claims, as the court instructed in *Mosqueda*, 443 F. Supp. 3d at 1135.  However, Plaintiffs have sufficiently alleged the equitable relief sought, such that the Court can determine whether legal damages alone could make Plaintiffs whole. (CAC ¶ 74).  The equitable relief sought by Plaintiffs revolves around the prevention of physical injury to current and future drivers and passengers of Honda vehicles.  (*See id.*).  The Court determines that Plaintiffs have met their burden of showing that there exists no adequate remedy at law because the public safety benefits that they seek could not be replicated through an award of monetary damages.  *See Nutrition Distribution LLC v. IronMag Labs, LLC*, 2018 WL 6264986, at *4 (C.D. Cal. Nov. 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)              Date:  March 10, 2021

Title:     Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

2018) (granting injunction because "[m]onetary damages . . . would be inadequate . . . [because of the] risk to public health and safety"); *Evans v. DSW, Inc.*, 2017 WL 7058232, at *6 (C.D. Cal. Sept. 14, 2017) (allegation in injunction request of continuing scheme to deceive consumers was "sufficient to allege that a damages remedy is inadequate")).

Defendant next argues that Plaintiffs' unjust enrichment claim is barred by the written warranty.  (Motion at 14-15).  Specifically, Defendant argues that every applicable state recognizes that an unjust enrichment claim is barred where a specific agreement, such as a written warranty, governs the relationship of the parties underlying the claim.  (*Id.* at 15) (listing cases).

Honda's obligations regarding repair of defects are governed by the New Vehicle Limited Warranty that accompanied each Plaintiff's purchase or lease.  (CAC ¶ 121) (Adams' "vehicle remains within the scope of Honda's new vehicle limited warranty"); *Mosqueda*, 443 F. Supp. 3d at 1129 ("The parties do not dispute that the New Vehicle Limited Warranty promises that Honda will replace or repair defective parts within the applicable period"); *Cadena v. Am. Honda Motor Co.*, CV 18-4007-MWF (PJWx), 2019 WL 3059931, at *7 (C.D. Cal. May 29, 2019) ("Each Class Vehicle sale or lease is accompanied with Honda's … New Vehicle Limited Warranty").

This Court previously rejected Honda's request for dismissal of Plaintiffs' unjust enrichment claims on the same grounds that Honda raises here:  that the claims are precluded by the existence of written warranties.  *See Villanueva*, 2019 WL 8112467, at *16.  The Court recognized that Plaintiffs' unjust enrichment claims are premised on Honda's pre-sale activities and thus fell "outside the scope of the warranty" that described Honda's post-sale obligations to provide repairs.  *Id.* at *16 (citing *Glenn v. Hyundai Motor Am.*, 2016 WL 7507766, at *6 (C.D. Cal. Nov. 21, 2016); *In re Gen. Motors LLC CP4 Fuel Pump Litig.*, 2019 WL 3315286, at *7 (N.D. Cal. July 2, 2019)).  Plaintiffs' operative Complaint makes allegations identical to those the Court sustained in *Villanueva*.  (*Compare Villanueva* Am. Compl. ¶¶ 128-33, No. 2:19-cv-01390, Docket No. 15, *with* CAC ¶¶ 370-75).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                Date:  March 10, 2021
Title:       Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

Accordingly, the Motion is **DENIED** with respect to the equitable relief claims.

### C.    <u>Economic Loss Rule</u>

Defendant argues that the economic loss rule bars the North Carolina Unfair and Deceptive Trade Practices Act ("NC UDTPA") and Ohio negligence claims.  (Motion at 16).

Plaintiffs Hensley and DuTremble are the only plaintiffs asserting claims under North Carolina law.  (CAC ¶¶ 334-51).  In their NC UDTPA claim, they allege only economic loss.  (CAC ¶ 340) (plaintiffs "lost money or property because they have purchased or leased vehicles that they otherwise would not have, or in the alternative, would have paid less for").

Neither the North Carolina Supreme Court nor the courts of appeal have addressed whether the economic loss rule bars claims arising under the NC UDTPA. *See Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 241 (D.N.J. 2020) ("North Carolina appellate courts have not yet decided whether to extend the economic loss rule to claims based on frauds or unfair trade practices.") (citation omitted).  Most federal courts addressing the issue, however, have held that economic loss rule does not bar claims arising under the NC UDTPA.  *See, e.g.*, *id.* (declining to dismiss NC UDTPA claim based on economic loss rule); *Sloan v. Gen. Motors LLC*, 2020 WL 1955643, at *26-27 (N.D. Cal. Apr. 23, 2020) (denying summary judgment as to NC UDTPA claim); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 967 (N.D. Cal. May 30, 2014) (NC UDTPA "gives rise to a duty independent of the contract and therefore should not be barred by the economic loss rule"); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 1021 (N.D. Cal. 2018) (holding that under North Carolina law "the economic loss doctrine does not bar a statutory consumer protection claim").

Persuaded by the reasoning adopted by the preponderance of federal courts addressing this issue, the Court rules that the economic loss rule does not bar the NC UDTPA claims here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-4007-MWF (PJWx)**          **Date:  March 10, 2021**
Title:       Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

    Plaintiff Liem is the only plaintiff asserting a claim under Ohio law.  (CAC ¶¶ 360-67).  Liem's negligence claim seeks only economic losses.  (CAC ¶ 365) (alleging "damages in that they spent more money than they otherwise would have on Class Vehicles which are of diminished value").

    Under Ohio law generally, "a plaintiff cannot recover in negligence for purely economic losses allegedly caused by a defective product when the only damage is to the product itself."  *Inglis v. Am. Motors Corp.*, 209 N.E.2d 583, 588 (Ohio 1965).  However, the Ohio Supreme Court subsequently explained that this general rule need not apply where the parties are not in privity.  *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 631 (Ohio 1989) ("For an ordinary consumer, *i.e.*, one not in privity of contract with the seller or manufacturer against whom recovery is sought, an action in negligence may be an appropriate remedy to protect the consumer's property interests.").

    Defendant is correct that *Inglis* has never been overruled, however, the privity distinction in *Chemtrol* has been regularly applied by both state and federal courts.  *See e.g.*, *LaPuma v. Collinwood Concrete*, 661 N.E. 2d 714, 716 (Ohio 1996) (permitting recovery in tort for economic loss to the product itself where there was no privity between the plaintiff and the supplier); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 968-69 (N.D. Cal. May 30, 2014) (declining to dismiss Ohio negligence claim where plaintiff was not in privity with defendant); *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *18 (D.N.J. May 8, 2017) (economic loss doctrine "does not bar fraud claims by consumers who are not in contractual privity with defendant"); *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 706 (D.N.J. 2013) (economic loss doctrine does not bar negligence claims by consumers who are not in contractual privity with defendant).   Therefore, the Court agrees with Plaintiffs that *In re Ford Tailgate Litig.*, 2014 WL 1007066, at *6 (N.D. Cal. Mar. 12, 2014), though supportive of Defendants position, is contrary to the weight of authority on this issue.

    Because Defendant acknowledges that there is no privity between Plaintiff Liem and Honda, Liem's negligence claim is not barred by the economic loss rule.  (*See*

_____

**CIVIL MINUTES—GENERAL                                    12**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                Date:  March 10, 2021
Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

Motion at 21-22) (explaining that Liem lacks privity with Honda); *Chemtrol*, 537 N.E. 2d at 631.

Accordingly, the Motion is **DENIED** with respect to the economic loss rule issue.

### D.      Lack of Privity or Pre-Suit Notice

Defendant argues that the following claims are barred by lack of privity, lack of pre-suit notice, or both:  (1) the seventh cause of action – Florida implied warranty claim; (2) the thirteenth cause of action – New York implied warranty claim; (3) the fifteenth cause of action – New Jersey implied warranty claim; (4) the seventeenth cause of action – North Carolina implied warranty claim; (5) the eighteenth cause of action – Ohio implied warranty claim; and (6) the twentieth cause of action – Ohio unjust enrichment claim.  (Motion at 18-22).

### 1.      New York and New Jersey (lack of pre-suit notice)

With respect to Plaintiffs' New York and New Jersey implied warranty claims, Plaintiffs Bienstock, Watson, and Bustamante argue that they have satisfied the pre-suit notice requirement by (1) alerting authorized Honda dealers of the Honda Sensing Defect in their vehicles, and (2) filing this Complaint.  (Opposition at 17).

In New Jersey, it appears that a defendant may be placed on notice of a breach of the implied warranty by the filing of a complaint.  *In re Ford Motor Co. E-350 Van Prod. Liab. Litig. (No. II)*, 2010 WL 2813788, at *72 (D.N.J. July 9, 2010); *Strzakowlski v. Gen. Motors Corp.*, 2005 WL 2001912, at *3 (D.N.J. Aug. 16, 2005). Plaintiff Bustamante has therefore satisfied the notice requirement.

However, New York requires actual ***pre-suit*** notice as a prerequisite to bringing an implied warranty claim.  *See Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, 2014 WL 4054240, at *12 (S.D.N.Y. Aug. 15, 2014) (rejecting the argument that service of the complaint suffices as notice "[b]ecause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)         Date:  March 10, 2021

Title:     Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

[plaintiff] does not produce any evidence that he notified [defendant] of the alleged breach of warranty prior to bringing suit[.]").  And an implied warranty claim against a manufacturer who is not the direct seller requires pre-suit notice to the ***manufacturer***. *In re Toyota Motor Corp.*, No. 810ML02151 JVS (FMOx), 2012 WL 12929769, at *24-25 (C.D. Cal. May 4, 2012) (citing *Burns v. Volkswagen of America, Inc.*, 468 N.Y.S. 2d 958, 959 (App. Div. 1983); *Hubbard v. Gen. Motors Corp.*, 95 CIV. 4362, 1996 WL 274018, at *4 (S.D.N.Y. May 22, 1996)).

Because Plaintiffs Bienstock and Watson failed to provide Honda, the manufacturer, with pre-suit notice of their implied warranty claims, the claims are barred.  *See Beautiful Home Textiles*, 2014 WL 4054240, at *12; (CAC ¶ 151) (alleging that Bienstock took his vehicle to an unidentified dealer); (*id.* ¶¶ 154-55) (alleging that Watson took his vehicle to a non-selling dealer at unspecified times).

Accordingly, the Motion is **DENIED** with respect to the New Jersey implied warranty claim and **GRANTED** ***without leave to amend*** with respect to the New York implied warranty claims.  Any amendment would be futile in regard to this legal deficiency.

### 2.     North Carolina (lack of privity)

Plaintiffs cite to three cases decided by federal courts outside of North Carolina for the proposition that North Carolina recognizes an exception to the privity requirement for implied warranty claims where the consumer, rather than the dealer, is the ultimate user.  (Opposition at 17-18) (citing *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *16) (recognizing an exception to privity "when, as is the case here, the consumer, rather than the dealer, is the ultimate user."); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 922-23 (N.D. Cal. 2018) (applying third-party beneficiary exception to North Carolina implied warranty claim where plaintiffs were beneficiaries of warranty); *Traxler v. PPG Indus., Inc.*, 158 F. Supp. 3d 607, 625 (N.D. Ohio 2016) ("It is well established that North Carolina recognizes a third party beneficiary exception to the privity requirement.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                 Date:  March 10, 2021

Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

Each of the cases cited by Plaintiffs relies indirectly on *Coastal Leasing Corp. v. O'Neal*, 103 N.C. App. 230, 405 S.E. 2d 208 (1991), for the proposition that a third-party beneficiary exception exists in this context.  *See e.g.*, *In re Volkswagen*, 2017 WL 1902160, *16 (relying solely on *In re MyFord Touch*, 46 F. Supp. 3d at 983-85, which in turn relies solely on *Coastal Leasing Corp.*);  *In re Nexus 6P*, 293 F. Supp. 3d at 922-23 (N.D. Cal. 2018) (relying on *Traxler*, 158 F. Supp. 3d at 623, which in turn relies on *Coastal Leasing Corp.*).

A district court in North Carolina analyzed *Coastal Leasing Corp.* and North Carolina's privity requirement in warranty claims and rejected the existence of a broad third-party beneficiary exception.  *Kelly v. Georgia-Pac. LLC*, No. 7:08- CV-197-D, 2010 WL 11579013, at *5-7 (E.D.N.C. Aug. 31, 2010) (agreeing that the North Carolina Supreme Court's decisions "require actual privity to state an implied warranty claim for recovery of economic loss" and that "*Coastal Leasing* does not alter this conclusion").  The *Kelly* court reached this conclusion after analyzing a host of North Carolina appellate court decisions on the topic.  *Id.*  The *Kelly* court noted that *Coastal Leasing Corp.* involved "unique facts, where the restaurant owner directly participated in the sales transaction with the seller/manufacturer and was seeking more than economic loss."  *Id.* at *7.  The court determined that a third-party beneficiary exception does not apply where a plaintiff does not negotiate with the manufacturer and seeks only economic loss.  *Id.*

Although Plaintiffs cite to three district court cases outside of North Carolina supporting their position, the Court is persuaded by the reasoning in *Kelly* that the North Carolina Supreme Court would likely not recognize a third-party beneficiary exception in this context.

Accordingly, the Motion is **GRANTED *without leave to amend*** with respect to the North Carolina implied warranty claim.  The Court's determination of a deficiency here is based on a broad legal conclusion and any amendment would be futile.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                Date:  March 10, 2021
Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

### 3.      Ohio (lack of privity)

With respect to the implied warranty claim under Ohio law, Plaintiffs make the same argument as above, citing to two district court cases for the proposition that Ohio recognizes a third-party beneficiary exception.  (*See* Opposition at 18) (citing *Waters v. Electrolux Home Prod., Inc.*, 154 F. Supp. 3d 340, 350 (N.D. W. Va. 2015); *Kondash v. Kia Motors Am., Inc.*, 2016 WL 11246421, at *18 (S.D. Ohio June 24, 2016) (ruling that allegations that plaintiff was ultimate consumer for whose benefit warranty agreements were intended were sufficient to plead third-party beneficiary exception to privity in context of implied warranty claim)).

Defendant argues that the Ohio Supreme Court has not recognized such an exception and has expressly refused to hold an automobile manufacturer liable under the implied warranty of merchantability absent privity, rejecting a similar argument based on agency principles.  (Reply at 20) (citing *Curl v. Volkswagen of Am., Inc.*, 114 Ohio St. 3d 266, 273, 871 N.E. 2d 1141, 1148 (Ohio 2007)) (rejecting argument that a consumer's relationship with a dealership and a dealership's relationship with manufacturer "establishes privity under the principles of agency law").

The Court is persuaded by the careful analysis of Ohio law performed by the court in *Kondash*, which considered *Curl* in deciding that Ohio law recognizes a third-party beneficiary exception in this context.  (Reply at 20) (citing *Kondash v. Kia Motors Am., Inc.*, 2016 WL 11246421, at *18 (S.D. Ohio June 24, 2016)).  The Court notes that the persuasive value of *Curl* is limited, given that *Curl* did not address the precise question presented here.

Liem alleges that he purchased an automobile from an authorized dealer that was warranted by Defendant for the benefit of consumers.  (CAC ¶¶ 168, 254, 355).  These allegations are sufficient under *Kondash*, which recognized the third-party beneficiary exception where a plaintiff was the ultimate consumer for whose benefit warranty agreements were intended.  2016 WL 11246421, at *18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                Date:  March 10, 2021
Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

Accordingly, the Motion is **DENIED** with respect to the implied warranty claim under Ohio law.

### 4.      Florida (lack of privity and pre-suit notice)

Plaintiffs argue that Florida also recognizes a third-party beneficiary exception in this context, citing to four recent cases from the Southern District of Florida. (Opposition at 19) (citing *See Weiss v. Gen. Motors LLC*, 418 F. Supp. 3d 1173, 1183 (S.D. Fla. 2019) (third-party beneficiary exception satisfied where plaintiff purchased vehicle from authorized dealership that came with warranty intended to benefit consumers); *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1234 (S.D. Fla. 2014) (denying motion to dismiss plaintiffs' implied warranty claim where plaintiffs purchased from authorized dealer and were intended beneficiary of warranty agreements); *Ohio State Troopers Ass'n v. Point Blank Enters*, 2018 WL 3109632, at *7 (S.D. Fla. Apr. 5, 2018) (implied warranty claim adequately pled where plaintiffs purchased vests from retailer that came with a warranty intended to benefit consumer); *Feldman v. BRP US, Inc.*, 2018 WL 8300534, at *8 (S.D. Fla. Mar. 28, 2018) (recognizing that a plaintiff "can pursue a claim of breach of implied warranty through third-party beneficiary law").

The Court is persuaded by these cases that Florida law recognizes a third party-beneficiary exception to the privity requirement under these circumstances.  And the Court is satisfied that Plaintiffs have alleged facts sufficient to show that they are third-party beneficiaries here.  (*See* CAC ¶¶ 248-56).

Plaintiffs next argue that, in Florida, notice to the seller is sufficient where a product is purchased from a downstream retailer rather than the manufacturer. (Opposition at 20) (citing *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1324 (S.D. Fla. March 4, 2020) (notice to the seller rather than manufacturer sufficient); *Fed. Ins. Co. v. Lazzara Yachts of N. Am., Inc.*, 2010 WL 1223126, at *5 (M.D. Fla. Mar. 25, 2010) (same)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)              Date:  March 10, 2021

Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

Defendant contends that the Court should adopt the reasoning employed by *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 446 F. Supp. 3d 218, 226-28 (E.D. Mich. March 18, 2020), which concluded that the Florida Supreme Court would likely not adopt an exception to Florida's pre-suit notice requirement.  (Reply at 21).

Although this is a close call, the Court agrees with the reasoning employed by the district court in *Toca*, which based its conclusion on Florida statutory law:

> the Court agrees with Toca on his second argument:  that Defendants cannot rely on this notice requirement because they are the ***manufacturer***, not "the seller."  Rheem manufactures — not sells — the HVAC units and Tutco manufactures — not sells — the heater component of the HVAC units.  Based on the plain language of the statute alone, Toca is correct.  *See* Fla. Stat. § 672.607(3)(a) ("[T]he buyer must . . . . notify the ***seller*** . . . ." (emphasis added)).  Further, case law supports this narrow reading of the statute and Florida courts have determined that this requirement does not apply to ***manufacturers***.  *See PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*, 2014 WL 12640371, at *3-4 (M.D. Fla. Aug. 14, 2014) ("Plaintiffs are correct in their assertion that notice is required to be given to the ***seller***, not the manufacturer, under Florida law."  (emphasis in original)).

*Toca*, 430 F. Supp. 3d at 1323.  Because the Complaint alleges that Plaintiffs Varjan, Adams, and Calvert either took their vehicle to the authorized dealer from whom it was purchased, or contacted that dealer to complain about the Defect, the Court is satisfied that the pre-suit notice requirement is met.  (CAC ¶¶ 114, 118, 124-126).

Accordingly, the Motion is **DENIED** with respect to the implied warranty claims under Florida law.

### E.      Recovery Under Arizona and Florida Law

Defendant argues that recovery under Arizona Consumer Fraud Act ("CFA") and Florida DUTPA is limited to actual damages.  (Motion at 23).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)               Date:  March 10, 2021
Title:        Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

Plaintiff Morse asserts an Arizona CFA claim and seeks "recovery of actual damages, discretionary punitive damages, reasonable attorneys' fees and costs, and an order enjoining Honda's deceptive conduct, and any other just and proper relief available" under the CFA.  (CAC ¶ 223).

With respect to the Arizona CFA, the Court notes that "[p]unitive damages are allowed for violations of the Consumer Fraud Act where the wrongdoer's conduct is wanton or reckless, shows spite or ill will or where the conduct demonstrates a reckless indifference to the interests of others."  *Holeman v. Neils*, 803 F. Supp. 237, 242-43 (D. Ariz. 1992); *In re Arizona Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1042 (D. Ariz. 2018) ("the CFA provides for punitive damages").

The Court agrees with Defendant that Morse alleges no basis to recover punitive damages, attorneys' fees, injunctive relief, or any relief other than actual damages under the Arizona CFA.  (Motion at 23).  Plaintiffs point to no specific allegations that meet the heightened standard for seeking punitive damages.  *See Juniel v. Lab. Corp. of Am.*, No. CV-12-01539, 2013 WL 2297180, at *5 (D. Ariz. May 24, 2013) ("Defendants correctly state that a claim for punitive damages requires the allegation that the defendants acted with 'an evil mind'").  The CFA itself expressly limits injunctive relief to the Arizona Attorney General.  Ariz. Rev. Stat. Ann. § 44-1528 ("the attorney general may seek . . .  an injunction.").  And Plaintiffs provide no authority indicating that that attorneys' fees are available under the Arizona CFA.

Accordingly, the Motion is **GRANTED** *without leave to amend* with respect to Defendant's request to limit the relief under the Arizona CFA to actual damages.  This Court is making a legal ruling here about the scope of relief and therefore any amendment would be futile.

Plaintiffs Varjan, Adams, and Calvert assert a claim under Florida's DUTPA seeking "recovery of actual damages, discretionary punitive damages, reasonable attorneys' fees and costs, and an order enjoining Honda's deceptive conduct."  (CAC ¶ 247).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                Date:  March 10, 2021
Title:     Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

The Court determines that the Florida DUTPA explicitly authorizes the recovery of attorneys' fees, Fla. Stat. § 501.2105, and permits plaintiffs to seek injunctive relief. Fla. Stat. § 501.211(1) ("Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.").

However, Plaintiffs cite to no authority supporting their position that punitive damages are available under the Florida DUPTA, and Plaintiffs have seemingly abandoned this argument in the opposition.  *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005) (plaintiff "abandoned" claims she did not raise in opposition to defendant's motion).

Accordingly, the Motion is **GRANTED *without leave to amend*** with respect to Defendant's request to limit the relief under the Florida DUPTA to injunctive relief and attorneys' fees.  Again, this Court is making a legal ruling about the scope of relief and therefore any amendment would be futile.

## F.    Recovery Under Massachusetts Law

Defendant argues that Plaintiff Russell cannot assert an implied warranty claim under Massachusetts law without alleging (1) personal injury or property damage, and (2) a defect that violates a governmental standard.  (Motion at 24) (citing *Iannacchino v. Ford Motor Co.*, 888 N.E. 2d 879, 887-89 (Mass. 2008) (dismissing consumer-protection claim and implied warranty claim as to allegedly defective automobile); *In re Seagate Technology LLC Litigation*, No. 16-cv-00523-JCS, 2017 WL 3670779 (N.D. Cal. Aug. 25, 2017) ("a plaintiff cannot proceed on an implied warranty claim for economic damages without showing that the product at issue failed to comply with a governmental standard")); *see also Kerin v. Titeflex Corp.*, No. C.A. 13-cv-30141-MAP, 2014 WL 67239, at *1 (D. Mass. Jan. 7, 2014) ("The Supreme Judicial Court has recognized claims for economic injury stemming from a defective product, but only where 'the standard that a product allegedly fails to meet is . . . one legally

_____

**CIVIL MINUTES—GENERAL                                    20**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)                Date:  March 10, 2021
Title:     Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

required by and enforced by the government.' " (quoting *Iannacchino*, 888 N.E. 2d at 888).

Plaintiff cites to two district court cases rejecting *Iannacchino* and the propositions advanced by Defendant.  (Opposition at 23-24) (citing *Costa v. Nissan N. Am., Inc.*, 2019 WL 267463, at *3 (D. Mass. Jan. 18, 2019) (allegations of sudden loss of momentum, unexpected surges of power, and inoperable brake lights "are plainly sufficient to survive a Rule 12(b)(6) challenge to her warranty claims"); *Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 971-72 & n.16 (N.D. Cal. 2018) (holding that *Iannacchino* did not require dismissal of defect claims "not expressly tied to a particular regulatory violation" because "Plaintiffs have identified 'a legally required standard,' the one imposed by the common law:  the vehicles should not have contained a defect posing 'an unreasonable safety risk'") (citation omitted)).

Although the Court agrees with the reasoning in *Costa* and *Baranco*, *Iannacchino* controls because it is an opinion from the Supreme Judicial Court of Massachusetts and is directly on point.  *See Iannacchino*, 888 N.E. 2d at 887-89 (dismissing breach of implied warranty claim on the basis that "plaintiffs' complaint does not adequately set out a claim that their vehicles fail to comply with FMVSS 206 or are defective in some other way that has caused the plaintiffs to suffer an injury or loss within the scope of G.L. c. 93A, § 9").  Plaintiff fails to satisfy the requirements for an implied warranty claim set out in *Iannacchino* because Plaintiff has not alleged a personal injury or violation of a specific government standard.  (*See* CAC ¶¶ 138, 140) (explaining that on multiple occasions Russell's vehicle "suddenly engaged its brakes and slammed to a near-stop" while accompanied with "the warning message 'BRAKE' flashing in the driver information interface as a result of the defect").  Because the Supreme Judicial Court of Massachusetts has final authority with respect to interpretations of Massachusetts law, the Motion is **GRANTED** *with leave to amend* with respect to the Massachusetts implied warranty claim.  On amendment, Plaintiff is instructed to add allegations consistent with *Iannacchino*, 888 N.E. 2d at 887-89, if that is possible under Rule 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-4007-MWF (PJWx)          Date:  March 10, 2021
Title:     Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

Russell's unjust enrichment claim is "based on the same economic theory of injury and the same set of alleged facts" as his Massachusetts implied warranty claim. (*See, e.g.*, CAC ¶ 284 (alleging Russell was damaged "by the diminished value of" his vehicle in implied warranty claim); ¶ 368 (incorporating prior paragraphs in unjust enrichment claim); ¶ 372 (unjust enrichment claim based on plaintiffs having "paid a higher price for their vehicle than" they "were worth")).  "Under Massachusetts law, recovery is allowed on an unjust enrichment theory where the defendant has received and retained some benefit where equity requires the restoration of the same to the plaintiff."  *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F. Supp. 3d 975, 1008 (E.D. Mich. 2017).  Plaintiffs adequately allege that Honda has retained an unfair benefit from Plaintiffs because, in light of the alleged defects, Plaintiffs "paid a higher price for their vehicles than those vehicles were worth."  (CAC ¶ 372); *In re FCA US*, 280 F. Supp. 3d at 1009 (E.D. Mich. 2017) (finding no basis to dismiss unjust enrichment claims where plaintiffs alleged, among other things, "that a benefit was conferred in the form of the inflated purchase price paid for defective and unsafe vehicles that were worth much less.").

Accordingly, the Motion is **DENIED** with respect to the Massachusetts unjust enrichment claim.

## IV.   **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED** *in part* and **DENIED** *in part* as follows:

- The Motion is **DENIED** with respect to the issue of insufficient allegations relating to defects.

- The Motion is **DENIED** with respect to the equitable relief claims.

- The Motion is **DENIED** with respect to the economic loss rule issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-4007-MWF (PJWx)              Date:  March 10, 2021**
Title:      Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

- The Motion is **DENIED** with respect to the New Jersey implied warranty claim.

- The Motion is **GRANTED** *without leave to amend* with respect to the New York implied warranty claims.

- The Motion is **GRANTED** *without leave to amend* with respect to the North Carolina implied warranty claim.

- The Motion is **DENIED** with respect to the implied warranty claim under Ohio law.

- The Motion is **DENIED** with respect to the implied warranty claims under Florida law.

- The Motion is **GRANTED** *without leave to amend* with respect to Defendant's request to limit the relief under the Arizona CFA to actual damages.

- The Motion is **GRANTED** *without leave to amend* with respect to Defendant's request to limit the relief under the Florida DUPTA to injunctive relief and attorneys' fees.

- The Motion is **GRANTED** *with leave to amend* with respect to the Massachusetts implied warranty claim.

- The Motion is **DENIED** with respect to the Massachusetts unjust enrichment claim

Plaintiffs shall file an amended complaint on or before **March 29, 2021**.  If Plaintiffs fail to do so on or before March 29, 2021, then the Massachusetts implied warranty claim will be deemed dismissed. Honda shall then answer the remaining claims of the CAC on or before **April 19, 2021**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 18-4007-MWF (PJWx)**                    **Date:  March 10, 2021**
Title:        Kathleen A. Cadena, et al. v. American Honda Motor Co., Inc.

IT IS SO ORDERED.