Eric H. Gibbs (SBN 178658)
ehg@classlawgroup.com
David Stein (SBN 257465)
ds@classlawgroup.com
Steven Lopez (SBN 300540)
sal@classlawgroup.com
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Mark S. Greenstone (SBN 199606)
mgreenstone@greenstonelaw.com
**GREENSTONE LAW APC**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160

*Interim Class Counsel*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN A. CADENA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HONDA MOTOR COMPANY, INC., *et al.* <br><br> Defendants. | Case No. CV 18-4007-MWF (MAAx) <br><br> Assigned to Hon. Michael W. Fitzgerald <br><br> **STIPULATION AND [PROPOSED] ORDER TO CONTINUE DATES** |

STIPULATION AND [PROPOSED] ORDER TO CONTINUE DATES

This Stipulation is entered into by the parties, by and through their respective counsel of record, with reference to the following facts and recitals:

1. This is a consolidated, proposed class action brought by Plaintiffs from various states alleging consumer-protection and other claims alleging undesirable autonomous braking in certain Honda Accord and CR-V models.

2. Following consolidation of the underlying actions, the Court granted a stipulation on February 25, 2021, setting a mediation-completion deadline of October 8, 2021. ECF No. 108. The Court entered a case schedule on March 15, 2021, setting a class-certification deadline of October 29, 2021, as well as other pre-trial dates. ECF No. 119.

3. The parties subsequently informed the Court that Defendant American Honda Motor Co., Inc. (AHM) was engaged in an investigation bearing on issues related to those being litigated, and because that investigation remained ongoing, the parties filed a Joint Stipulation to Further Extend Scheduling Order (ECF No. 127), which was granted (ECF No. 128). Pursuant to the Joint Stipulation the Court entered the following schedule:

| Event | Deadline |
|---|---|
| Deadline to conduct mediation | December 31, 2021 |
| Plaintiffs' class certification motion and expert reports in support thereof | Friday, April 1, 2022 |
| Honda's class certification opposition and expert reports in support thereof | Friday, July 1, 2022 |
| Plaintiffs' class certification reply and rebuttal expert reports (if any) | Friday August 26, 2022 |
| Close of discovery | Friday, August 19, 2022 |
| Hearing on class certification (Mon.) | Monday, September 26, 2022 at 10:00 a.m. |
| Trial expert disclosures | Friday, January 20, 2023 |
| Rebuttal expert disclosures | Monday, February 13, 2023 |

| | |
|---|---|
| Dispositive emotion deadline<br><br>*Last day for motion(s) to be heard | Monday, February 13, 2023 |
| • File motions *in limine*<br>• File memorandum of contentions of fact and law, L.R. 16-5.6<br>• File exhibit and witness lists<br>• File status report regarding settlement | Monday March 6, 2023 |
| • File opposition to motions *in limine*<br>• Lodge pretrial conference order, L.R. 16-7<br>• File agreed set of jury instructions and verdict forms.<br>• File statement regarding disputed instructions, verdicts, etc. | Monday March 13, 2023 |
| Final pretrial conference and hearing on motions in *limine*. | Monday March 27, 2023 at 11:00 a.m. |
| Trial (estimate 2 weeks) | Tuesday, April 18, 2023 at 8:30 a.m. |

4.  Consistent with the schedule set by the Court, the parties agreed to mediate before the Honorable Jay C. Gandhi (Retired), and scheduled a mediation on December 15, 2021. This agreement was based on the presumption that AHM's investigation would be concluded during the fall.

5.  Both to facilitate that mediation and to progress the litigation toward class certification in the event mediation was unsuccessful, the parties met and conferred over a period of months and negotiated the scope and schedule for AHM's production of documents, including but not limited to the documents generated in connection with AHM's ongoing investigation. To date, AHM has produced approximately 81,085 pages of documents, including documents in the possession, custody, or control of its Japanese parent company, Honda Motor Co., Ltd., which AHM

was producing pursuant to the parties' tolling agreement reached earlier in the litigation.

6. Due to unforeseen logistical hurdles, AHM was unable to meet the parties' negotiated deadline for producing documents; consequently, AHM continues to gather documents for production that it had anticipated producing by November 2021.

7. Further complicating matters, AHM's investigatory efforts did not conclude in September 2021 as previously anticipated and instead remain ongoing; as a result, relevant documents and information continue to be generated, thus impacting both the parties ability to proceed to class certification and to conduct an informed and productive mediation.

8. In addition, the parties' tolling agreement, referenced above, contemplated that depositions of Japanese employees would not take place until COVID-related restrictions had lifted such that the depositions could be taken at the Japanese embassy. To date, those restrictions remain in place and AHM thus reports that no such depositions are currently feasible.

9. In light of the foregoing, the parties have held a series of meet-and-confer discussions in recent weeks to assess how to optimally move forward in connection with both the litigation schedule and a productive mediation. To that end, AHM has been making a rolling production of documents and anticipates producing additional documents in at least January 2022. AHM continues to work to identify the date by which it will be able to complete the production.

10. Based on those meet-and-confer efforts, the ongoing investigatory efforts, and the delays relating to discovery, the parties agree that the current deadlines for class certification and mediation are unlikely to be productively met. The parties thus inquired with Judge Gandhi's office about mediating in early 2022, and were told the first available dates were in the month of April 2022. The parties thus tentatively reserved April 26, 2022, for their mediation with Judge Gandhi.

11. The parties anticipate AHM will have completed its production of documents reasonably in advance of that mediation date (at least as to those documents generated before April 2022).

12. Also as part of their meet-and-confer efforts, the parties remain in regular contact regarding the timing of AHM's future production of the documents it previously agreed to produce, including, *inter alia*, the documents connected with AHM's investigation and related efforts. This

includes anticipated productions of documents by AHM's parent company, Honda Motor Co., Ltd.

13. In light of the parties' cooperative efforts and anticipated mediation, Plaintiffs have agreed to hold in abeyance noticing depositions (beyond that discussed above) and moving to compel relative to outstanding discovery issues, and Defendants have agreed to refrain from moving to compel the claims of certain Plaintiffs to arbitration.

14. The precise timing of Defendants' document productions, the volume of those productions and their impact on the litigation is not fully known. It is believed, however, that this will become clearer over the next sixty days. Given these uncertainties, and the fact that the April 26, 2022, mediation date falls after the current mediation deadline, the parties respectfully submit that a further continuance of the case schedule is warranted.

In light of the foregoing, the parties stipulate and agree, subject to Court approval, as follows:

1. The December 30, 2021, mediation completion date is continued to April 30, 2022.
2. The current case schedule is vacated. The parties shall submit a revised proposed case schedule by February 28, 2022.

Respectfully submitted,

Dated: December 30, 2021    **GIBBS LAW GROUP LLP**

By: /s/ David Stein

Eric H. Gibbs
David Stein
Steven Lopez
Brian Bailey
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
Email: ehg@classlawgroup.com
Email: ds@classlawgroup.com

| | | |
|---|---|---|
| 1 | Dated:  December 30, 2021 | **GREENSTONE LAW APC** |
| 2 | | By: */s/ Mark S. Greenstone* |
| 3 | | Mark S. Greenstone |
| 4 | | 1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 |
| 5 | | Telephone: (310) 201-9156<br>Facsimile: (310) 201-9160 |
| 6 | | Email: mgreenstone@greenstonelaw.com |
| 7 | | *Interim Class Counsel* |
| 8 | | |
| 9 | Dated:  December 30, 2021 | **SHOOK HARDY AND BACON LLP** |
| 10 | | By:  */s/ Darlene M. Cho* |
| 11 | | Amir M. Nassihi |
| 12 | | Michael L. Mallow<br>Darlene M. Cho |
| 13 | | M. Kevin Underhill |
| 14 | | Samantha K. N Burnett<br>2049 Century Park East Suite 3000 |
| 15 | | Los Angeles, CA 90067<br>424-285-8330 |
| 16 | | Fax: 424-204-9093<br>Email: anassihi@shb.com |
| 17 | | Email: mmallow@shb.com<br>Email: dcho@shb.com |
| 18 | | Email: kunderhill@shb.com<br>Email: sburnett@shb.com |
| 19 | | |
| 20 | | *Counsel for Defendant* |

**ATTESTATION**

I, David Stein, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-1(h)(3), I hereby attest that each of the Signatories herein, including Counsel for Defendants, concur in this filing.

DATED:  December 30, 2021                             s/David Stein

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On December 30, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 30, 2021, at Los Angeles, California.

                                                         *s/ David Stein*