Eric H. Gibbs (SBN 178658)
ehg@classlawgroup.com
David Stein (SBN 257465)
ds@classlawgroup.com
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Mark S. Greenstone (SBN 199606)
mgreenstone@greenstonelaw.com
**GREENSTONE LAW APC**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160

[Additional Counsel on Signature Page]

*Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN CADENA, *et al.*,<br><br>              Plaintiffs,<br><br>    v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>              Defendant. | Case No. 2:18-cv-04007-MWF-MAA<br><br>**PLAINTIFFS' OPENING BRIEF RE: ADJUDICATION OF CALIFORNIA AND NEW YORK STATUTES OF LIMITATIONS AS A MATTER OF LAW**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br>Trial Date: March 17, 2026<br>Further Pretrial Conference: March 11, 2026 (remotely by Zoom)<br>Time: 3:00pm |

# <u>Table of Contents</u>

I.   Introduction ......................................................................................... 1

II.  Background .......................................................................................... 2

III. Argument ............................................................................................ 4

   A.  California ...................................................................................... 5

      1.  Song-Beverly Consumer Warranty Act ............................. 6

        a.  The four-year limitations period cannot bar any claim. ............... 6

        b.  The statutory durational period does not bear on the statute of limitations. ................................................. 7

      2.  Consumers Legal Remedies Act ........................................ 8

        a.  The three-year limitations period cannot bar any claim. ............... 8

        b.  The CLRA does not provide a statute of repose ........................ 12

   B.  New York General Business Law § 349 ................................. 13

IV. Conclusion ....................................................................................... 17

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

## <u>Table of Authorities</u>

<u>Cases</u>                                                                                          Page(s)

*Agency Holding Corp. v. Malley Duff & Assocs., Inc.*,
   483 U.S. 143 (1987)................................................................................ 14

*Am. Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974).........................................................................5, 14

*Asghari v. Volkswagen Grp. of Am., Inc.*,
   42 F. Supp. 3d 1306 (C.D. Cal. 2013) ................................................ 12

*Berkshire Bank v. Lloyds Banking Grp. PLC*,
   2022 WL 569819 (2d Cir. Feb. 25, 2022)........................................... 15

*Bermudez Chavez v. Occidental Chem. Corp.*,
   158 N.E.3d 93 (N.Y. 2020) .................................................... 14, 15, 17

*Colbert v. F.B.I.*,
   275 F.R.D. 30 (D.D.C. 2011) ............................................................. 11

*Cullen v. Margiotta*,
   811 F.2d 698 (2d Cir. 1987) ............................................................... 14

*Daniel v. Ford Motor Co.*,
   806 F.3d 1217 (9th Cir. 2015) .............................................................. 8

*Duran v. SPS Techs. LLC*,
   2020 WL 7773888 (C.D. Cal. Dec. 30, 2020) ................................... 10

*Famular v. Whirlpool Corp.*,
   2021 WL 395468 (S.D.N.Y. Feb. 3, 2021)......................................... 14

*Guaranty Tr. Co. v. York*,
   326 U.S. 99 (1945) ............................................................................... 5

*Guido v. L'Oreal, USA, Inc.*,
   2013 WL 3353857 (C.D. Cal. July 1, 2013)................................. 15, 16

*Hendrix v. Novartis Pharm. Corp.*,
   975 F. Supp. 2d 1100 (C.D. Cal. 2013)................................................ 5

*Hildebrandt v. Staples the Office Superstore, LLC*,
  58 Cal. App. 5th 128 (2020) ................................................................. 6

*Hitomi v. Ford Motor Co.*,
  2019 WL 1254569 (C.D. Cal. Mar. 19, 2019) ........................................ 12

*Hoffman v. Blattner Energy, Inc.*,
  315 F.R.D. 324 (C.D. Cal. 2016) ........................................................ 5, 6

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015) ........................................... 14

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  2015 WL 6243526 (S.D.N.Y. Oct. 20, 2015)........................................... 15

*Jolly v. Eli Lilly & Co.*,
  44 Cal. 3d 1103 (1988) .................................................................. 5, 6, 13

*MacDougall v. Am. Honda Motor Co.*,
  2017 WL 8236359 (C.D. Cal. Dec. 4, 2017) ........................................... 12

*Mahboob v. Educ. Credit Mgmt. Corp.*,
  2023 WL 12014957 (C.D. Cal. Dec. 20, 2023)......................................... 5

*McLaughlin v. Snowlift, Inc.*,
  214 A.D.3d 720 (N.Y. App. Div. 2023)................................................... 16

*Medina v. St. George Auto Sales.*,
  103 Cal. App. 5th 1194 (2024) ........................................................... 12

*Mexia v. Rinker Boat Co.*,
  174 Cal. App. 4th 1297 (2009) ............................................................ 6

*Meyer v. Sprint Spectrum L.P.*,
  45 Cal. 4th 634 (2009) .................................................................... 12

*MSP Recovery Claims, Series LLC v. Takeda Pharms. Am., Inc.*,
  2021 WL 4461773 (S.D.N.Y. Sept. 29, 2021) ..................................... 15, 16

*Murphy v. Harris*,
  210 A.D.3d 410 (N.Y. App. Div. 2022)................................................... 16

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

*Narayanan v. Apple Inc.*,
  2026 WL 323416 (N.D. Cal. Feb. 6, 2026) ........................................................ 12

*Nat'l Convention Servs., LLC v. Applied Underwriters Captive Risk Assurance Co., Inc.*,
  239 F. Supp. 3d 761 (S.D.N.Y. 2017) ................................................................. 4

*Ngo v. BMW of N. Am.*,
  2025 WL 819568 (C.D. Cal. Feb. 11, 2025) .................................................. 6, 7, 8

*Nguyen v. Medora Holdings, LLC*,
  2015 WL 4932836 (N.D. Cal. Aug. 18, 2015) ............................................... 15, 16

*Otsuka v. Polo Ralph Lauren Corp.*,
  2008 WL 111233 (N.D. Cal. Jan. 9, 2008) ...................................................... 5, 13

*Ox Labs, Inc. v. Bitpay, Inc.*,
  2020 WL 1039012 (C.D. Cal. Jan. 24, 2020) ...................................................... 4

*Pirtle v. FCA US, LLC*,
  2025 WL 4058236 (C.D. Cal. Dec. 8, 2025) ...................................................... 8

*Pollock v. Tri-Modal Distrib. Servs., Inc.*,
  11 Cal. 5th 918 (2021) ................................................................................. 4

*Roach v. Cornell Univ.*,
  207 A.D.3d 931 (N.Y. App. Div. 2022) ........................................................ 16

*Rodriguez v. Ford Motor Co.*,
  2023 WL 11195943 (C.D. Cal. Aug. 9, 2023) ..................................................... 8

*Smith v. FCA US, LLC*,
  2022 WL 1417110 (C.D. Cal. Feb. 16, 2022) ..................................................... 6

Statutes

Cal. Civ. Code § 1783 .................................................................................. 8

Cal. Com. Code § 2725(1) ............................................................................. 6

Rules

Fed. R. Civ. P. 15(c)..................................................................................... 5

N.Y. C.P.L.R. § 214(2)................................................................................ 13

iv

Regulations

N.Y. Comp. Codes R. & Regs. tit. 9, § 8.202.8 ................................................... 16

N.Y. Comp. Codes R. & Regs. tit. 9, § 8.202.67 ................................................. 16

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

Pursuant to the Court's Order of February 26, 2026, (ECF No. 459), Plaintiffs explain below why, as a matter of law, the statute of limitations does not apply to the claims of the California and New York Classes.

**I.    Introduction**

Simple arithmetic and the tolling doctrines approved by the states' highest courts dictate that no California or New York Class member's claim is possibly subject to a statute of limitations defense.

Starting with the first of the three claims at issue, the implied-warranty claim under California's Song-Beverly Consumer Warranty Act has a four-year statute of limitations. Plaintiffs brought this claim *at least* by September 2020 on behalf of all California Class members. And the first-ever Class Vehicle was sold in December 2016—less than four years earlier. So there is no possibility that any class member's claim is untimely.

Second, California's Consumers Legal Remedies Act claim has a three-year statute of limitations. Plaintiffs brought this claim in four early actions that were later consolidated into this case. The Court may simply add up the number of days since the first sale of any Class Vehicle during which no CLRA claim was pending (as Plaintiffs do below) and see that the sum of those days totals less than three years.

Finally, New York's General Business Law § 349 claim similarly has a three-year statute of limitations. This claim was likewise tolled by the pendency of early nationwide CLRA claims, since New York's highest court confirms that New York recognizes cross-jurisdictional tolling. Under that doctrine, the pendency of a nationwide-class claim tolls the limitations period for the New York-law claims, as long as the claims share a factual predicate to give the defendant fair notice of the possible New York claims. Here, the nationwide-class claims alleged consumer-protection violations tied to Honda's failure to disclose the braking defect that is at the heart of this case. That same factual predicate underlies both the CLRA claim

1

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

and the GBL § 349 claim. So, as with the CLRA claim, the Court may add up the number of days since the first Class Vehicle sale, subtract the days during which a nationwide-class claim was pending, and see again that the sum of days is less than three years. This result is bolstered by New York's tolling of all statutes of limitations for most of 2020, during the Covid-19 pandemic.

Based on these calculations, the Court should hold as a matter of law that the claims of the California and New York Classes are not barred by any statute of limitations.

## II.    Background

The Class Vehicles in this litigation are model-year 2017-19 Honda CR-Vs and model-year 2018-20 Honda Accords. (*See* ECF No. 401 at 3 (quoting Class Certification Order).)

The first sale of any Class Vehicle, a model-year 2017 CR-V, occurred on December 7, 2016. (*See* ECF No. 432-6 (Ex. 277) at 9686.) The first sale of any Class Vehicle Accord occurred on October 13, 2017. (*See* ECF No. 432-7 (Ex. 278) at 9687.)

This litigation involves five actions that were consolidated into this docket on June 9, 2020. (*See* ECF No. 84.) All five actions were brought by purchasers of Class Vehicles alleging false-positive activations in the vehicles' automatic emergency braking system. The actions are:

- *Cadena v. Am. Honda Motor Co.*, the instant litigation into which all actions were consolidated (originally filed May 14, 2018);
- *Villanueva v. Am. Honda Motor Co.,* No. 19-cv-1390 (filed Feb. 25, 2019);
- *Fain v. Am. Honda Motor Co.,* No. 19-cv-2945 (filed Apr. 16, 2019);
- *Mosqueda v. Am. Honda Motor Co.*, No. 19-cv-839 (filed May 6, 2019); and
- *Ward v. Am. Honda Motor Co.,* No. 20-cv-511 (filed Jan. 17, 2020).

2

Each of these complaints brought claims on behalf of proposed classes of nationwide or California purchasers of the Honda CR-Vs and Accords that are now Class Vehicles. The claims varied across the five actions. Throughout this brief, Plaintiffs describe examples of pending claims that establish no limitations period could apply as a matter of law. But the five actions offer more paths to that same conclusion by analyzing each of the underlying complaints. So, Plaintiffs also attach timelines and describe additional ways in which the limitations periods are satisfied in Appendix A. (*See* App'x A.)

After the Court consolidated the five underlying actions, Plaintiffs filed a consolidated amended complaint on September 19, 2020. (*See* ECF Nos. 90-91; *see also* ECF No. 94 (Oct. 2, 2020 filing of unredacted complaint).) This complaint was brought on behalf of all current California and New York Class members, and it included all Class Vehicles. (*See* ECF No. 91 ¶ 30 (Class Vehicle definition); ¶ 172 (Class definitions).) The complaint included each of the three claims now at issue. (*See id.* ¶¶ 203-10 (Song-Beverly); ¶¶ 194-202 (CLRA); ¶¶ 297-305 (G.B.L. § 349).) All three have persisted without fail since that date. The Court has never dismissed them. One or more California or New York Class representatives have continuously been present in the litigation. And Plaintiffs included all three claims in their second and third consolidated complaints. (*See* ECF No. 161 ¶¶ 204-11 (Song-Beverly); ¶¶ 195-203 (CLRA); ¶¶ 298-306 (G.B.L. § 349); *see also* ECF No. 191 ¶¶ 167-74 (Song-Beverly); ¶¶ 158-66 (CLRA); ¶¶ 242-50 (G.B.L. § 349).)

Plaintiff Peter Watson, the New York Class representative, has represented the New York Class since the September 19, 2020, consolidated amended complaint. (*See* ECF No. 91 ¶¶ 20, 154-57; ECF No. 161 ¶¶ 20, 153-56; ECF No. 191 ¶¶ 14, 116-19).) Plaintiff Roxana Cardenas, the California Class representative, has represented the California Class since the September 30, 2022, second consolidated amended complaint. (*See* ECF No. 161 ¶¶ 11, 90-94).) Ms. Cardenas represented the class alongside one or more additional California plaintiffs until she

3

became the sole California Class representative on February 4, 2026. (*See* ECF No. 426.) Before that date, the California Class had been represented by multiple named plaintiffs throughout this litigation. (*See* ECF No. 12 ¶ 83-93 (California plaintiff in July 20, 2018, complaint); ECF No. 91 ¶¶ 76-95 (four California plaintiffs); ECF No. 161 ¶¶ 75-99 (five California plaintiffs); ECF No. 191 ¶¶ 69-78 (two California plaintiffs); *see also Villanueva*, Dkt. 1 ¶¶ 41-43 (California plaintiff in Feb. 25, 2019, complaint); *Fain*, Dkt. 1 ¶¶ 49-51 (California plaintiff in Apr. 16, 2019, complaint); *Mosqueda*, Dkt. 1 ¶¶ 7-9 (California plaintiff in May 6, 2019, complaint).)

In the context of the parties' jury-instructions efforts, Honda proposed statute-of-limitations jury instructions for California and New York. Then, after the recent pretrial conference, the Court directed Plaintiffs to brief the inapplicability of that defense in both states. (ECF No. 459.)

Since it's an affirmative defense—and Honda bears the burden of establishing the defense—on February 26, 2026, Class Counsel contacted Honda's counsel to confirm that Honda's sole bases for the defense were those already presented in the Final Pretrial Conference Order and in the parties' jury-instruction filings. (Decl. of Spencer S. Hughes ¶ 3.) Counsel for Honda declined to respond. (*Id.*) Plaintiffs thus operate under the assumption that Honda will not be raising new arguments in its response brief—since that would deny Plaintiffs a fair opportunity to respond.

## III.    Argument

"The statute of limitations is an affirmative defense, and ... the burden is on the defendant to prove all facts essential to each element of the defense." *Pollock v. Tri-Modal Distrib. Servs., Inc.*, 11 Cal. 5th 918, 945 (2021); *accord Nat'l Convention Servs., LLC v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 239 F. Supp. 3d 761, 788 (S.D.N.Y. 2017) (same for G.B.L. § 349).

A court may determine that a claim is not time-barred as a matter of law when the "earliest possible [accrual] date" of a claim is "undisputed." *Ox Labs, Inc. v. Bitpay, Inc.*, 2020 WL 1039012, at *6 (C.D. Cal. Jan. 24, 2020) (Fitzgerald, J.). Here,

Plaintiffs rely on the Class Vehicle sales data, which Honda produced, establishing the dates of the first sales of any Class Vehicle. Comparing those sales dates with the dates that complaints were filed will allow the Court to conclude that no statute of limitations could bar the claims of any California or New York Class member here.

### A.    California

Plaintiffs begin with their two California claims. These claims are governed by California law, since a federal court "appl[ies] the law of the forum state regarding whether an action is barred by the statute of limitations." *Hendrix v. Novartis Pharm. Corp.*, 975 F. Supp. 2d 1100, 1105 (C.D. Cal. 2013) (citing *Guaranty Tr. Co. v. York*, 326 U.S. 99, 109-10 (1945)) (Fitzgerald, J.).

California law recognizes two relevant types of tolling.

First, "the filing of a timely class action commences the action for all members of the class as subsequently determined." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1119 (1988) (en banc) (adopting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974)); *see also Mahboob v. Educ. Credit Mgmt. Corp.*, 2023 WL 12014957, at *8 (C.D. Cal. Dec. 20, 2023) (courts "construe[ ] *Jolly* as approving the application of the *American Pipe* rule"). This rule applies equally to absent class members as well as to a class member who later becomes a named-plaintiff class representative, like Ms. Cardenas here. *See Otsuka v. Polo Ralph Lauren Corp.*, 2008 WL 111233, at *3 (N.D. Cal. Jan. 9, 2008) ("Unless and until class certification is denied, [the new named plaintiff] remains a member of the putative class and benefits from the tolling of the statutes of limitation for her claims.").[1]

Second, California also recognizes equitable tolling. *See Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 334-35 (C.D. Cal. 2016). Under that doctrine, "the

---

[1] Rule 15(c)'s "relation back" standard also applies to Ms. Cardenas's shift to a California Class representative in the September 30, 2022, second amended consolidated complaint, offering another basis to establish the timeliness of her claim as a matter of law. *See Otsuka*, 2008 WL 111233, at *4 (discussing Fed. R. Civ. P. 15(c)).

5

first-filed class action tolls the statute of limitations for a related successive class action." *Id.* (citation omitted).

For tolling to apply, a class action complaint need merely "notif[y] the defendants of the *substantive claims* being brought against them, and of the *number and generic identities of the potential plaintiffs* who may participate in the judgment." *Hildebrandt v. Staples the Office Superstore, LLC*, 58 Cal. App. 5th 128, 141 (2020) (quoting *Jolly*, 44 Cal. 3d at 1121) (alterations accepted). As long as the complaint clears this low bar, "there is no further requirement that the defendant also be able to predict which of the potential plaintiffs will decide to bring suit." *Id.*

### 1.    Song-Beverly Consumer Warranty Act

The Song-Beverly Act has a four-year statute of limitations, which cannot possibly have run for any California Class member. And, to the extent Honda points to the statute's one-year durational limitation, that duration limitation is irrelevant to the statute-of-limitations inquiry.

#### a.    The four-year limitations period cannot bar any claim.

First, the implied-warranty claim is timely if brought "within four years after the cause of action has accrued." Cal. Com. Code § 2725(1); *accord Ngo v. BMW of N. Am.*, 2025 WL 819568, at *6 (C.D. Cal. Feb. 11, 2025) (Fitzgerald, J.) ("Implied warranty claims under the Song-Beverly Act are subject to the … four-year statute of limitations….") (citing *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1304-06 (2009)); *see also Smith v. FCA US, LLC*, 2022 WL 1417110, at *1 (C.D. Cal. Feb. 16, 2022) (similar).

Factoring in the date of the very first Class Vehicle sale—December 7, 2016 (*see supra* p. 2)—the earliest possible accrual date of any California Class member's claim was December 7, 2020. The only way that a potential statute-of-limitations defense could apply is if Honda proves that a claim was brought on behalf of some or all of the Class *after* December 7, 2020.

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

Yet, even setting aside the earliest-filed complaints, Plaintiffs' consolidated amended complaint brought this claim on behalf of the California Class on September 19, 2020—months before December 7, 2020. (*See* ECF Nos. 90-91 ¶¶ 30, 172, 203-10 (four named California plaintiffs asserting claim on behalf of putative California Class); *see also* ECF No. 94 (Oct. 2, 2020 filing of unredacted complaint).) The claim has remained in effect ever since. *See supra* p. 3. Because this claim has been pending on behalf of the entire California Class continuously since September 19, 2020—well within the four-year period—there is no possible application of the statute of limitations.[2]

### b. The statutory durational period does not bear on the statute of limitations.

In the context of proposing jury instructions, Honda has pointed to the Song-Beverly Act's one-year maximum "duration" for implied warranties. (*See* ECF No. 454 (Joint Proposed Revised Jury Instructions) at 78-79 (Honda Proposed Instruction No. 67).) To be clear, the warranty's *duration* is not the same as the *statute of limitations* that governs a breach of the warranty. Instead, the duration impacts how long the implied warranty remains in effect. Or, put another way, the duration may impact when the four-year statute of limitations *begins* to run. *See Ngo*, 2025 WL 819568, at *4 ("[T]he date on which the express warranty expires is *a* date on which the statute of limitations may begin to run, if it has not started running already."); *id.* at *6 (discussing similar principles for the implied-warranty claim). Here, since Plaintiffs assume the statute of limitations began to run at the initial

---

[2] Although unnecessary, if the earlier-filed complaints were to be factored in, the amount of time that has run is much less still. Plaintiffs brought the claim in multiple instances before the September 19, 2020, consolidated amended complaint. (*See* App'x A.) In an effort to simplify the Court's analysis, and because Plaintiffs have shown that there is no possible application of the statute of limitations even without relying on those earlier complaints, Plaintiffs do not analyze those previous filings in detail in this brief.

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

purchase—and not at some later date—the duration of the warranty has no bearing on the statute-of-limitations defense.

This Court recognized that these were distinct legal concepts in *Ngo* last year. There, the Court discussed the "duration provision," on the one hand, as distinct from the "four-year statute of limitations," on the other. *Id.* at *6. Other courts have likewise recognized that the duration provision is distinct from the length of the statute of limitations. *See, e.g.*, *Pirtle v. FCA US, LLC*, 2025 WL 4058236, at *5 (C.D. Cal. Dec. 8, 2025) (discussing the statute of limitations of "four years" separately from the "duration" provision); *Rodriguez v. Ford Motor Co.*, 2023 WL 11195943, at *3 (C.D. Cal. Aug. 9, 2023) (discussing how the statute contemplates "that a breach [of implied warranty] might occur sometime … during the warranty's 'duration'" and that, once that breach happens, the claim is subject to a "four-year" statute of limitations "deadline").

There is thus no basis in law to treat the claim's statute of limitations as anything other than four years. (*See* ECF No. 454 (Joint Proposed Revised Jury Instructions) at 82-82 (Honda's Proposed Instruction No. 69) (noting that claim for breach of implied warranty "must be brought within four years after it accrues").)[3]

### 2. Consumers Legal Remedies Act

#### a. The three-year limitations period cannot bar any claim.

The parties agree that a claim under the Consumers Legal Remedies Act is timely if it is brought within "three years from the date of the" alleged violation. Cal. Civ. Code § 1783. Here, the maximum number of days that have passed (a) since the first sale of any Class Vehicle, (b) without a pending CLRA claim,

---

[3] Because this brief focuses only on statute-of-limitations issues, Plaintiffs do not delve into why the one-year duration has no relevance to the claims and defenses in this litigation. They have made that argument in connection with the proposed jury instructions, however, citing *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015), and other authorities. (*See* ECF No. 454 (Joint Proposed Revised Jury Instructions) at 78 n.24 (Plaintiffs' response).)

totals only 637 days—well less than the three-year limitation period (1,095 days)—as Plaintiffs calculate below. Consequently, no California Class member's claim could be barred by the CLRA's statute of limitations.

Because some of the earliest complaints in this litigation were filed on behalf of either Accord- or CR-V-specific classes, Plaintiffs perform two separate sets of tolling calculations below.

First, as to Accord Class Vehicles: the earliest sale of any Class Vehicle Accord was on October 13, 2017. *See supra* p. 2. So, the earliest possible accrual date of any California Class member's claim was October 13, 2020. Plaintiffs, however, brought the CLRA claim in the consolidated amended complaint on September 19, 2020, about one month before the earliest possible application of the statute of limitations. (*See* ECF Nos. 90-91 ¶¶ 30, 172, 194-202 (four named California plaintiffs asserting claim on behalf of putative California Class); *see also* ECF No. 94 (Oct. 2, 2020, filing of unredacted complaint).) The claim has remained in effect ever since. *See supra* p. 3. Because this claim has been pending continuously since before October 13, 2020, there is no possible application of the statute of limitations as to Class Vehicle Accord purchasers in the California Class.[4]

There is similarly no possible application of the CLRA's statute of limitations to the CR-V Class Vehicles.[5] Across the five cases that were consolidated into this

---

[4] As with the Song-Beverly Act discussion above, it is unnecessary to delve into the earlier complaints for Accord purchasers' CLRA claims. Simply put, though, the amount of time that has run under the CLRA statute of limitations is even less still when considering those earlier complaints. (*See* App'x A.)

[5] The *Cadena* and *Fain* complaints discussed below both included model-year 2017 and 2018 CR-Vs within their Class Vehicle definitions. (*See* ECF No. 12 ¶ 1; ECF No. 32 ¶ 1; *Fain*, Dkt. 1 ¶ 14.) There exists no possible statute of limitations issue for purchasers of the one other CR-V model year at issue—2019—since the first sale of any 2019 CR-V was on November 20, 2018, (Ex. 302 at 10015; *see* Ex. 279 at 9691:9-16), and the September 19, 2020, consolidated class action complaint was filed less than two years later.

9

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

action, Plaintiffs brought multiple CLRA claims relating to the CR-V on behalf of the putative California Class. Below, Plaintiffs identify one salient example which demonstrates that the CLRA limitations period could not bar any California Class member's claim as a matter of law:[6]

- From July 20, 2018, to November 14, 2018, California plaintiff Erick Ferguson alleged a CLRA claim on behalf of a nationwide class, or in the alternative, a California Class, which included "[a]ll persons and entities in the state of California who bought" a model-year 2017-18 CR-V. (*See* ECF No. 12 ¶¶ 1, 95, 139-57.) The Court dismissed this claim with leave to amend on November 14, 2018. (*See* ECF No. 29.)

- Plaintiff Ferguson amended his complaint, so from December 31, 2018, to beyond April 16, 2019, Plaintiff Ferguson alleged a CLRA claim on behalf of a nationwide class, or in the alternative, a California Class, of purchasers of model-year 2017-18 CR-Vs. (*See* ECF No. 32 ¶¶ 1, 274-95.)

- From April 16, 2019, to September 19, 2020, California plaintiff Franzetta Cheathon alleged a CLRA claim on behalf of a California Class including all California purchasers of model-year 2017-18 CR-Vs. (*See Fain* at Dkt. 1 ¶¶ 14, 52, 73-80.) This CLRA claim remained

---

[6] There are other examples that satisfy as a matter of law. (*See* App'x A.) In addition, the CLRA (and Song-Beverly) statute of limitations was tolled as a matter of law from April 6, 2020, until October 1, 2020, under a Covid-19 emergency rule. *See Duran v. SPS Techs. LLC*, 2020 WL 7773888, at *2 (C.D. Cal. Dec. 30, 2020) (citing Cal. Rules of Court, Emergency Rule 9).

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

live through the filing of the consolidated amended complaint.

- Beginning September 19, 2020, four California plaintiffs alleged this claim in the consolidated amended complaint on behalf of a California Class including all CR-V purchasers (and Accord purchasers) of all Class Vehicle model-years. (*See* ECF Nos. 90-91 ¶¶ 30, 172, 194-202; *see also* ECF No. 94 (Oct. 2, 2020 filing of unredacted complaint).) This claim has since continuously remained in effect. *See supra* p. 3.

This means that the number of days that the CLRA three-year limitations period could have possibly run for any California Class member is calculated as follows:

(1)   December 7, 2016, the first-sale CR-V date, to July 20, 2018, the filing of Plaintiff Ferguson's first CLRA claim in *Cadena*, equaling 590 days, plus:

(2)   November 14, 2018, the date of dismissal of the *Cadena* CLRA claim, to December 31, 2018, the date the CLRA claim was re-pleaded in *Cadena*, equaling 47 days.

The sum of both periods (590 plus 47) is 637 days.[7] Because three years is at least 1,095 days, but only 637 days have passed from the earliest sale without a

---

[7] Honda has not argued that the Court's June 9, 2020, order consolidating *Fain* (and other actions) into this litigation cut off the claims in any underlying action. (*See* ECF No. 84.) There would be no merit to such an argument. *See, e.g.*, *Colbert v. F.B.I.*, 275 F.R.D. 30, 32-33 (D.D.C. 2011) (consolidation "is a purely ministerial act" that "does not ... change the rights of the parties") (citations omitted). Even if there had not been a pending CLRA claim during the 102-day period between the consolidation order and the consolidated amended complaint, though, the resulting 739-day adjusted sum is still well within the three-year CLRA limitations period (which is at least 1,095 days).

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

pending class-action claim, there is no possible application of the statute of
limitations as to Class Vehicle CR-Vs, either.

The Court should thus hold that, as a matter of law, no California Class
member could be subject to the Consumers Legal Remedies Act's three-year statute
of limitations.

### b.    The CLRA does not provide a statute of repose.

Honda has argued that the CLRA limitations period is actually a "statute of
repose." (*See* ECF No. 456 (Honda's Proposed Jury Instructions) at 10-12.) Honda
may therefore argue that the claim cannot be tolled—even by the pendency of earlier
overlapping class actions. But notably, Honda's argument finds no support in
California law. Indeed, Honda's sole basis for this argument is that the CLRA's
legislative history shows that the statute does not include a discovery rule. (*Id.* at 11.)

Honda's argument fails because state and federal courts have long applied the
discovery rule to CLRA claims. *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 645
(2009) ("the statute of limitations set forth in [the CLRA] has been interpreted to run
'from the time a reasonable person would have discovered the basis for a claim'")
(citation omitted); *Medina v. St. George Auto Sales.*, 103 Cal. App. 5th 1194, 1205
(2024) ("the discovery rule should be applied to ensure [the CLRA's] limitations
period does not expire before a plaintiff learns of his or her claim"); *MacDougall v.
Am. Honda Motor Co.*, 2017 WL 8236359, at *5 (C.D. Cal. Dec. 4, 2017) ("The
delayed discovery rule tolls the statute of limitations on CLRA claims.") (quoting
*Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1320 (C.D. Cal. 2013));
*Narayanan v. Apple Inc.*, 2026 WL 323416, at *6 (N.D. Cal. Feb. 6, 2026) ("Because
the CLRA protects consumers from unfair and deceptive business practices—which
may be difficult to detect—the discovery rule applies.") (citation omitted).

Plaintiffs have identified no court that has ever referred to the CLRA's statute
of limitations as a "statute of repose." *Contra, e.g.*, *Hitomi v. Ford Motor Co.*, 2019 WL

---

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

1254569, at *5 (C.D. Cal. Mar. 19, 2019) (Fitzgerald, J.) (discussing "the statute of limitations" under the CLRA). The CLRA can be tolled just like any other statute of limitations, and that tolling is equally effective for class members and named class representatives alike. *See Jolly*, 44 Cal. 3d at 1119; *Otsuka*, 2008 WL 111233, at *3. Accordingly, by virtue of the pendency of the CLRA claim on a class-wide basis for much of the past eight years, Honda has no colorable statute of limitations defense.[8]

## B.    New York General Business Law § 349

As to Plaintiffs' New York claim, the parties agree that a claim under New York General Business Law § 349, like under the CLRA, is timely if brought "within three years" of the violation. N.Y. C.P.L.R. § 214(2).

First, the Accord purchasers' claims are timely for the same reasons described above in the context of the CLRA: the earliest sale of a Class Vehicle Accord was on October 13, 2017; so, as long as the G.B.L. § 349 claim was brought on behalf of the New York Class by October 13, 2020, the claim is timely. Here, Plaintiffs alleged this claim in the September 19, 2020, consolidated amended complaint. (*See* ECF No. 90-91 ¶¶ 297-305 (two named New York plaintiffs asserting claim on behalf of putative New York Class); *see also* ECF No. 94 (Oct. 2, 2020, filing of unredacted complaint).) The claim has remained in effect ever since. *See supra* p. 3. Because this claim has been pending continuously since before October 13, 2020, there is no possible application of the statute of limitations as to Class Vehicle Accord purchasers in the New York Class.[9]

---

[8] Because the idea behind this briefing was to address Honda's defense as a matter of law—without delving into factual matters that the jury would have to decide—Plaintiffs forego argument about how discovery rule tolling would, in the alternative, also provide a basis for tolling Plaintiffs' or Class members' claims. In not raising that argument here, Plaintiffs do not intend to waive it.

[9] Again, the amount of time that has run for Accord purchasers under the G.B.L. § 349 statute of limitations is even less still when accounting for the earliest-filed

1   Second, no New York Class member's CR-V claim can be untimely as a

2   matter of law under New York's cross-jurisdictional tolling doctrine. "New York

3   recognizes *American Pipe* tolling for absent class members of putative class actions."

4   *Bermudez Chavez v. Occidental Chem. Corp.*, 158 N.E.3d 93, 104 (N.Y. 2020) (citing

5   *Am. Pipe*, 414 U.S. 538).[10] Under this doctrine, "the commencement of a class suit

6   tolls the running of the statute of limitations for *all* purported members of the class"

7   unless and until "there is a clear dismissal of [the] putative class action" or "denial

8   of class certification." *Id.* at 99, 104 (first quoting *Am. Pipe*, 414 U.S. at 553)

9   (alterations accepted) (emphasis added); *accord Famular v. Whirlpool Corp.*, 2021 WL

10  395468, at *2 (S.D.N.Y. Feb. 3, 2021) (tolling available whenever a court "[has] not

11  definitively determined the impropriety of class certification") (citation omitted).

12  The doctrine "avoid[s] wasteful and duplicative litigation" by promising putative

13  class members that they need not "initiate parallel [actions] in New York and other

14  jurisdictions nearing expiration of the statute of limitations in order to protect

15  against the risk" of dismissal or class-certification denial. *Bermudez Chavez*, 158

16  N.E.3d at 101. Because "injured individuals who rely on a representative class

17  action have not slept on their rights," New York law protects them. *Id.* at 102.

18  Cross-jurisdictional tolling "involves no exercise of judicial discretion—it

19  turns entirely upon the existence of a class action." *Id.* This means that, when New

---

complaints. (*See* App'x A.) Should the Court request additional analysis, Plaintiffs
are prepared to provide that analysis. *See also supra* n.1.

[10] Although decided in October 2020, *Bermudez Chavez* confirms that the many
earlier federal court decisions had been correct in concluding that New York
recognizes cross-jurisdictional tolling. *See, e.g.*, *Cullen v. Margiotta*, 811 F.2d 698, 721
(2d Cir. 1987) (finding New York tolling "because the asserted factual basis" of
claims in two courts "was the same"), *abrogated on other grounds*, *Agency Holding Corp.
v. Malley Duff & Assocs., Inc.*, 483 U.S. 143 (1987); *In re LIBOR-Based Fin. Instruments
Antitrust Litig.*, 2015 WL 4634541, at *134 (S.D.N.Y. Aug. 4, 2015) ("we conclude
that New York would apply cross-jurisdictional class-action tolling"), *as amended*,
2015 WL 13122396 (S.D.N.Y. Oct. 19, 2015).

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

York residents are included within the class definition for claims under a different state's law, their New York-law claims are tolled so long as the asserted claims give the defendant "fair notice" of the "claims that *might* arise under New York law." *Id.* (emphasis added). This "fair notice" standard is met as long as the different-state and New York claims would "share the same factual predicate," even if the original complaint "asserted different causes of action." *MSP Recovery Claims, Series LLC v. Takeda Pharms. Am., Inc.*, 2021 WL 4461773, at *6 (S.D.N.Y. Sept. 29, 2021) (analyzing *Bermudez Chavez* and *American Pipe*). So if the first class action puts the defendant "on notice of the relevant subject matter of the underlying dispute," and New Yorkers are included within the class definition, then their New York-law claims are tolled. *Id.* (citing *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 WL 6243526, at *147 (S.D.N.Y. Oct. 20, 2015), *reversed on other grounds sub nom.* *Berkshire Bank v. Lloyds Banking Grp. PLC*, 2022 WL 569819 (2d Cir. Feb. 25, 2022)).

Here, the New York Class's earliest CR-V purchasers were included within a putative nationwide class relating to the Class Vehicle braking defect. (*See* ECF No. 1 ¶¶ 1, 6-7, 68.) Plaintiffs asserted four claims in the May 14, 2018, *Cadena* complaint on behalf of a nationwide class, and re-asserted nationwide-class claims in subsequent complaints. (*See* ECF Nos. 1, 12, 32.) Each complaint included a claim under the CLRA—a "similar" consumer-protection statute to G.B.L. § 349. *Guido v. L'Oreal, USA, Inc.*, 2013 WL 3353857, at *12 (C.D. Cal. July 1, 2013); *Nguyen v. Medora Holdings, LLC*, 2015 WL 4932836, at *2 n.21 (N.D. Cal. Aug. 18, 2015). While the Court dismissed the nationwide-class claims in May 2019, (*see* ECF No. 47), those New York Class members were separately included within *Fain*'s nationwide class definition—from before that dismissal (beginning April 16, 2019), until June 27, 2019, when *Fain*'s amended complaint removed nationwide-class allegations. *See Fain*, Dkt. 1, 14. Much like this case—into which *Fain* was consolidated—the *Fain* complaint alleged five claims relating to the same allegations of a defect in the same Class Vehicle CR-Vs. (*See Fain* Dkt. 1 ¶¶ 14, 52, 65-101.)

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

Each *Fain* complaint also alleged a claim under the "similar" CLRA. *See Guido*, 2013 WL 3353857, at *12; *Nguyen*, 2015 WL 4932836, at *2 n.21.

Because the nationwide-class complaints in *Cadena* and *Fain* "share[d] the same factual predicate" as all the later complaints that have asserted a G.B.L. § 349 claim on behalf of the New York Class (*see* ECF Nos. 90-91, 161, 191), Honda had been "on notice of the relevant subject matter" of the dispute. *See MSP Recovery*, 2021 WL 4461773, at *6. Indeed, the factual predicates of each complaint directly overlap. (*Compare* ECF No. 1 ¶ 6 (Class Vehicles have a "dangerous ... defect" in "Honda Sensing" system, causing vehicles "to apply brakes immediately although no obstruction is present") *and Fain*, Dkt. 1 ¶ 23 (Class Vehicles' "autonomous braking system[s] are dangerously defective" and "cause[ ] Class Vehicles to brake without warning") *with* ECF No. 91 ¶ 40 (Class Vehicles' "autonomous braking system[s] are dangerously defective" and "cause[ ] Class Vehicles to brake without warning").)

In addition, New York statutes of limitations were tolled beginning March 20, 2020, under Covid-19 emergency orders. *McLaughlin v. Snowlift, Inc.*, 214 A.D.3d 720, 720-21 (N.Y. App. Div. 2023) (analyzing N.Y. Comp. Codes R. & Regs. tit. 9, §§ 8.202.8 and 8.202.67); *Murphy v. Harris*, 210 A.D.3d 410, 411-12 (N.Y. App. Div. 2022) (same conclusion); *Roach v. Cornell Univ.*, 207 A.D.3d 931, 932-33 (N.Y. App. Div. 2022) (same conclusion). The emergency-order tolling was in effect through Plaintiffs' filing of the September 19, 2020, consolidated amended complaint.[11] *See Murphy*, 210 A.D.3d at 411 (final tolling order expired November 2020).

---

[11] This means that, even without cross-jurisdictional tolling, the only colorable statute-of-limitations application to the New York Class would be to the sliver of Class members who bought 2017 CR-Vs before March 20, 2017. Those would be the only claims that arose more than three years before emergency-order tolling took effect. *See McLaughlin*, 214 A.D.3d at 720-21.

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

This means that the number of days that the G.B.L. § 349 three-year limitations period could have possibly run for any New York Class member is calculated as follows:

(1)    December 7, 2016, the first-sale CR-V date, to May 14, 2018, the filing of the first nationwide class-action complaint in *Cadena*, equaling 523 days, plus:

(2)    June 27, 2019, the date of the amended *Fain* complaint that removed nationwide-class allegations, to March 20, 2020, the start of the emergency-order tolling period (which remained in effect through the September 19, 2020, filing of the consolidated amended complaint that first included a G.B.L. § 349 claim by New York plaintiffs on behalf of the New York Class), equaling 267 days.

The sum of both periods (523 plus 267) is 790 days. Because three years is at least 1,095 days, and because the application of cross-jurisdictional tolling "involves no exercise of judicial discretion [but] turns entirely upon the existence of a class action" that provides "fair notice" to Honda, there is no possible application of the three-year statute of limitations as to CR-V purchasers in the New York Class. *See Bermudez Chavez*, 158 N.E.3d at 102.

The Court should hold that, as a matter of law, no New York Class member could be subject to G.B.L. § 349's three-year statute of limitations.

## IV.    Conclusion

In sum, Honda has no colorable statute of limitations defense for any of the three claims brought under California and New York law. The Court should hold as a matter of law that the claims of Plaintiff Roxana Cardenas and the California Class, and of Plaintiff Peter Watson and the New York Class, are not barred by a statute of limitations.

Dated: March 2, 2026                 Respectfully submitted,

                                     **GIBBS MURA LLP**

                                     By:    */s/ David Stein*

                                     Eric H. Gibbs (SBN 178658)
                                     ehg@classlawgroup.com
                                     David Stein (SBN 257465)
                                     ds@classlawgroup.com
                                     Amy M. Zeman (SBN 273100)
                                     amz@classlawgroup.com
                                     Steven Lopez (SBN 300540)
                                     sal@classlawgroup.com
                                     Spencer S. Hughes (SBN 349159)
                                     shughes@classlawgroup.com
                                     Sara Delaney Brooks (SBN 348125)
                                     db@classlawgroup.com
                                     Anna J. Katz (SBN 353036)
                                     ajk@classlawgroup.com
                                     1111 Broadway, Suite 2100
                                     Oakland, California 94607
                                     Telephone: (510) 350-9700
                                     Facsimile: (510) 350-9701


                                     Mark S. Greenstone (SBN 199606)
                                     mgreenstone@greenstonelaw.com
                                     Benjamin N. Donahue (pro hac vice)
                                     bdonahue@greenstonelaw.com
                                     **GREENSTONE LAW APC**
                                     1925 Century Park East, Suite 2100
                                     Los Angeles, California 90067
                                     Telephone: (310) 201-9156
                                     Facsimile: (310) 201-9160

                                     *Class Counsel*

                                     Ekwan E. Rhow (SBN 174604)
                                     erhow@birdmarella.com

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

Ariel A. Neuman (SBN 241594)
aneuman@birdmarella.com
Kate S. Shin (SBN 279867)
kshin@birdmarella.com
Devon E. Porter (SBN 308365)
dporter@birdmarella.com
**BIRD, MARELLA, RHOW,**
**LINCENBERG, DROOKS & NESSIM, LLP**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Additional Counsel for Plaintiffs and the Classes*

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

## Appendix A

### Song-Beverly Consumer Warranty Act

**Accords**                                                    **CR-Vs**

**December 7, 2016:** First CR-V Sale

**October 13, 2017:** First Accord Sale

590 days

500 days

**July 20, 2018:** *Cadena* First Amended Complaint Filed

**February 25, 2019:** *Villanueva* Filed

**April 16, 2019:** *Fain* Filed

**May 6, 2019:** *Mosqueda* Filed

**April 6, 2020:** Covid-19 tolling

**500 days < 1460 days** (4 years)          **590 days < 1460 days** (4 years)

**September 9, 2020:** Consolidated Complaint Filed

PLAINTIFFS' BRIEF RE: ADJUDICATION OF CA AND NY S.O.L.
CASE NO. 2:18-CV-04007-MWF-MAA

**Consumers Legal Remedies Act**

Accords                                                    CR-Vs

**December 7, 2016:** First CR-V Sale

590 days

**October 13, 2017:** First Accord Sale

500 days

**July 20, 2018:** *Cadena* First Amended Complaint Filed

**November 14, 2018:** *Cadena* CLRA Claim Dismissed

47 days

**December 31, 2018:** *Cadena* Second Amended Complaint Filed

**February 25, 2019:** *Villanueva* Filed

**April 16, 2019:** *Fain* Filed

**May 6, 2019:** *Mosqueda* Filed

**May 29, 2019:** *Cadena* CLRA Claim Dismissed

**April 6, 2020:** Covid-19 tolling

500 days < 1095 days (3 years)          637 days < 1095 days (3 years)

**September 9, 2020:** Consolidated Complaint Filed

**New York General Business Law § 349**

**Accords**                                                    **CR-Vs**

**December 7, 2016:** First CR-V Sale

523 days

**October 13, 2017:** First Accord Sale

500 days

**May 14, 2018:** *Cadena* Complaint Filed

**February 25, 2019:** *Villanueva* Filed

**April 16, 2019:** *Fain* Filed

**May 29, 2019:** *Cadena* Nationwide Claims Dismissed

204 days

**June 27, 2019:** *Fain* Nationwide Claims Dropped

**January 17, 2020:** *Ward* Filed

**May 6, 2019:** *Mosqueda* Filed

**March 20, 2020:** Covid-19 tolling

**500 days < 1095 days** (3 years)          **727 days < 1095 days** (3 years)

**September 9, 2020:** Consolidated Complaint Filed

## CERTIFICATE OF COMPLIANCE [L.R. 11-6]

The undersigned, counsel of record for Plaintiffs, certifies that this brief—including Appendix A, but excluding the caption, the table of contents, the table of authorities, the signature block, and this certification required by L.R. 11-6.2—contains 20 pages, which complies with the 20-page limit set by this Court's order of February 26, 2026. (ECF No. 459.)

Dated: March 2, 2026                                    */s/ David Stein*

23