**F I L E D**
CLERK, U.S. DISTRICT COURT

03/27/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CGM _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANA CARDENAS, on behalf of herself and the California Class; PETER WATSON, on behalf of himself and the New York Class, | Case No. 2:18-cv-4007-MWF(MAAx) |
| | Judge Michael W. Fitzgerald |
| Plaintiffs, | **JURY INSTRUCTIONS** |
| v. | |
| AMERICAN HONDA MOTOR COMPANY, INC., | |
| Defendant. | |

-1-

**Instruction No. 1**

**Duty of the Jury**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions for each of you will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Instruction No. 2**

**Claims and Defenses**

I will again give you a brief summary of the positions of the parties:

In this trial, you are deciding a total of three claims: two claims by Plaintiff Roxana Cardenas and the California Class, and one claim by Plaintiff Peter Watson and the New York Class.

What you are being called upon to decide is whether Plaintiffs have proven, by a preponderance of the evidence, the three claims against the Defendant in this case, American Honda Motor Company, Inc., referred to as "American Honda" or "AHM." The first claim is under California law for an alleged violation of the Consumers Legal Remedies Act. The second claim is under California law for an alleged breach of the implied warranty of merchantability. The third claim is under New York law for an alleged violation of the General Business Law section 349.

As to the first claim for an alleged violation of the California Consumers Legal Remedies Act, Plaintiffs contend that Defendant American Honda failed to disclose information, or actively concealed information, about an alleged defect in the Class Vehicles which would have been important to consumers before they purchased their vehicles, and that Plaintiff Roxana Cardenas and the California Class suffered damages as a result.

As to the second claim, for an alleged breach of California's implied warranty of merchantability, Plaintiffs contend that the Class Vehicles were not fit for their ordinary purpose when sold, and that Plaintiff Roxana Cardenas and the California Class suffered damages as a result.

As to the third claim, under New York's General Business Law section 349, Plaintiffs contend that Defendant American Honda engaged in a deceptive consumer-oriented practice by failing to disclose information about a defect in the Class Vehicles which would have been important to consumers before they purchased their vehicles, and that Plaintiff Peter Watson and the New York Class suffered damages as a result.

If Plaintiffs prove liability on one or more of these claims, you will then consider the appropriate amount of economic damages, if any.  Plaintiffs contend that purchasers paid more for the new vehicles than they would have paid at the time of sale if the information that Plaintiffs contend should have been disclosed had been disclosed.

Defendant American Honda denies Plaintiffs' allegations and denies any liability to Plaintiffs.  In substance, Defendant American Honda contends that Plaintiffs will not be able to prove the facts necessary to establish any of the three claims; and that Plaintiffs will not be able to prove economic damages caused by any alleged nondisclosure or other conduct.

**Instruction No. 3**

**"Class Action" Defined**

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims.  All of these people together are called a "class."  Plaintiffs Roxana Cardenas and Peter Watson bring this action as the class representatives.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately.  Because of the large number of claims that are at issue in this case, not everyone in the class testified.  You may assume that the evidence at this trial applies to all class members unless I have specifically told you otherwise.  All members of the classes will be bound by the result of this trial.

In this case, the two classes consist of the following:

California: All persons who purchased a new Class Vehicle from an authorized Honda dealership in California.

New York: All persons who purchased a new Class Vehicle from an authorized Honda dealership in New York.

The Class Vehicles are model year 2017-2019 Honda CR-Vs and model year 2018-2020 Honda Accords.

You should decide the case as to each class separately. Unless otherwise stated, the instructions apply to all parties.

**Instruction No. 4**

**Nonperson Party**

A corporation, Defendant American Honda, is a party in this lawsuit. Defendant American Honda is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals. When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to Defendant American Honda.

**Instruction No. 5**

**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction No. 6**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts that I have instructed you to accept as proved; and

4.      any facts to which the lawyers have agreed.

The parties have agreed to certain facts that have been read to you and placed in evidence as Exhibit 0004.  You must therefore treat these facts as having been proven:

1.      Defendant American Honda is a California corporation headquartered in Torrance, California.

2.      Defendant American Honda is the exclusive distributor of Honda vehicles in the United States.

3.      The "Class Vehicles" in this case are new 2017-2019 CR-Vs and 2018-2020 Accords equipped with an Advanced Driver Assistance System.

4.      Defendant American Honda distributed, marketed, and provided a new vehicle limited warranty on the Class Vehicles in the United States.

5.      The Bosch system installed in the Class Vehicles includes an automatic emergency braking system which Defendant American Honda calls the Collision Mitigation Braking System ("CMBS").

6.      Each of the Plaintiffs is the original purchaser of a new Class Vehicle from a Honda-authorized dealership.

-8-

**Instruction No. 7**

**What Is Not Evidence**

As I just instructed you, in reaching your verdict, you may consider only the testimony and exhibits received into evidence, along with those facts on which the lawyers have agreed and I have instructed you to accept.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, or will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

(2)    Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Instruction No. 8**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**Instruction No. 9**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected.  If I overruled the objection, the question was answered or the exhibit was received.  If I sustained the objection, the question was not answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.  When I instructed you that certain evidence could only be used for a limited purpose, you may use that evidence only for that purpose and no other.

**Instruction No. 10**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;
2.  the witness's memory;
3.  the witness's manner while testifying;
4.  the witness's interest in the outcome of the case, if any;
5.  the witness's bias or prejudice, if any;
6.  whether other evidence contradicted the witness's testimony;
7.  the reasonableness of the witness's testimony in light of all the evidence; and
8.  any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness

said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction No. 11**

**No Transcript Available to Jury**

During deliberations you will not have a transcript of the trial testimony. You will have to make your decision based on what you recall of the evidence.

If you wish to have a portion of the testimony read in open court, you may do so by sending me a note. However, it is not possible that only a very small amount of testimony can be read to you; it is likely that much or all of the testimony of a witness will be read. Moreover, in hearing the testimony read, you will not be seeing the demeanor and manner of the witness while testifying. I therefore urge you to make your decision without having any testimony read.

**Instruction No. 12**

**Taking Notes**

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

## Instruction No. 13

### Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to talk with the lawyers out of the hearing of the jury by having a conference at the bench.  Please understand that while you were waiting, we were working.  The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.  Of course, we have done what we could to keep the number and length of these conferences to a minimum.

**Instruction No. 14**

**Foreign Language Testimony**

You have heard testimony of a witness, Yoshihiro Urai, who testified in the Japanese language.  Witnesses who do not speak English or are more proficient in another language testify through a court interpreter.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

**Instruction No. 15**

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You have heard testimony by deposition by several witnesses:

- David Do, whose deposition was taken on December 12, 2024;
- Barsilos Inak, whose deposition was taken on May 3, 2024;
- Stephen Jarosz, whose deposition was taken on December 12, 2023;
- Christopher Montgomery, whose deposition was taken on December 1, 2022;
- Scott Hunter, whose depositions were taken on August 31, 2022, and March 9, 2023;
- Kyle Robenstine, whose deposition was taken on December 20, 2023;
- Craig DuTremble, whose deposition was taken on August 17, 2023;
- Matthew Villanueva, whose deposition was taken on November 19, 2024; and
- Francisco Villanueva, whose deposition was taken on September 26, 2023.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

-18-

**Instruction No. 16**

**Use of Interrogatories**


Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Instruction No. 17**

**Use of Requests for Admissions**

Evidence was presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

**Instruction No. 18**

**Expert Opinion Testimony**

You heard testimony from several witnesses who testified about their opinions and the reasons for those opinions.  These witnesses were: Steven Schondorf; Michael Dennis, Ph.D.; Colin Weir; Jeya Padmanaban, Ph.D.; Ashish Arora; David Harless, Ph.D.; Rene Befurt, Ph.D.; and Robert Pascarella.

This opinion testimony was allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No. 19**

**Charts and Summaries**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, testimony, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Instruction No. 20**

**Evidence in Electronic Format**

All exhibits received in evidence will be provided to you in digital form.  You will be able to view them in the jury room.  A computer, monitor, and accessory equipment will be available to you in the jury room.

You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the court security officer.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, court staff may enter the jury room for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court staff or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court staff or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.

At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Instruction No. 21**

**All Claims—Alleged Defect**

Plaintiffs allege that the Collision Mitigation Braking System ("CMBS") in the Class Vehicles is defective.  Defendant American Honda denies Plaintiffs' allegations and contends that the CMBS is not defective.

Plaintiffs allege that the system misrecognizes common roadway objects, which causes the brakes to apply unexpectedly and results in hard braking.  To help you apply these instructions to the facts as you find them, this theory of defect will be referred to throughout these instructions as the "Alleged Defect."

It is up to you to determine whether the Alleged Defect constitutes a "defect" and whether Plaintiffs have proven that the Alleged Defect exists.  "Defect" or "defective" as used in this case do not have a specific legal definition.  You should use the common English meaning of these words, as informed by their usage in the automobile industry.

**Instruction No. 22**

**California Class Claim—Consumers Legal Remedies Act Claim**

Plaintiff Roxana Cardenas, on behalf of the California Class Members, claims that Defendant American Honda engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted, or was intended to result, in the sale or lease of goods or services to a consumer, and that Plaintiff and the California Class were harmed by Defendant American Honda's violation.

To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1. Plaintiff Roxana Cardenas acquired, or sought to acquire, by purchase or lease, a Class Vehicle for personal, family, or household purposes;

2. Defendant American Honda knew about the existence of the Alleged Defect prior to the sale of Class Vehicles;

3. Defendant American Honda either:

   a. actively concealed a material fact about the Alleged Defect in Class Vehicles; *or*

   b. failed to disclose a material fact about the Alleged Defect in Class Vehicles that Plaintiff and the California Class did not know and which would have been difficult for them to discover;

4. Plaintiff and the California Class were harmed; *and*

5. Plaintiff and the California Class's harm resulted from Defendant American Honda's conduct.

Plaintiff Roxana Cardenas' harm "resulted from" Defendant American Honda's conduct if Plaintiff Roxana Cardenas relied on Defendant American Honda's

omission.  To prove reliance, Plaintiff Roxana Cardenas must prove that she would have behaved differently had the true facts been known.

If Defendant American Honda's representation of fact was material, reliance may be inferred. A fact is "material" if a reasonable consumer would consider it important in deciding whether to buy or lease the Class Vehicles.

**Instruction No. 23**

**California Class Claim—Breach of Implied Warranty**

Plaintiff Roxana Cardenas, on behalf of the California Class, claims that the Class Vehicles did not have the quality that a buyer would reasonably expect. This is known as "breach of an implied warranty."

To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1. Plaintiff Roxana Cardenas and the California Class Members bought Class Vehicles;
2. Class Vehicles were not fit for the ordinary purposes for which Class Vehicles are used due to the Alleged Defect;
3. The Alleged Defect is substantially likely to result in malfunction during the useful life of the Class Vehicles;
4. Plaintiff Roxana Cardenas and the California Class Members were harmed; ***and***
5. Defendant American Honda's breach of the implied warranty was a substantial factor in causing Plaintiff Roxana Cardenas' and the California Class Members' harm.

To be "fit for their ordinary purpose," the Class Vehicles must have been in safe condition and substantially free of defects.  However, this requirement does not mean that the Class Vehicles must have been perfect in every detail or must have precisely fulfilled buyers' expectations.

A "substantial factor" in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or

trivial factor. It does not have to be the only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**Instruction No. 24**

**New York Class Claim—New York General Business Law § 349**

To prove a claim under New York General Business Law § 349, Plaintiff Peter Watson, on behalf of the New York Class, must prove all of the following by a preponderance of the evidence:

1. Defendant American Honda possessed material information that a consumer could not reasonably obtain about the Alleged Defect that was relevant to Plaintiff Peter Watson and New York Class Members;

2. Defendant American Honda failed to provide this information to Plaintiff Peter Watson and New York Class Members;

3. Plaintiff Peter Watson and the New York Class suffered detriment or injury thereby; **and**

4. The alleged deceptive business practice was aimed at the consumer public at large.

What is "material" is determined by reference to whether a reasonable person would consider it of importance.

"Injury" means actual or pecuniary harm.

The statute does not require Plaintiff Peter Watson to prove intent to defraud or mislead.

-30-

**Instruction No. 25**

**Damages—All Claims**

If you decide that Plaintiff Roxana Cardenas, on behalf of the California Class, or Plaintiff Peter Watson, on behalf of the New York Class, have proved any of their claims against Defendant American Honda, you must also decide how much money will reasonably compensate Plaintiffs and the California and New York Classes for the harm. This compensation is called "damages."

It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

Plaintiffs must prove the amount of their damages. However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

Plaintiffs are seeking damages only for the specific economic loss of the alleged overpayment for the Class Vehicles at the time of the original sale. Therefore, to determine the amount of damages, you must:

1. Determine the fair market value of the Class Vehicles as it was understood without disclosure of the Alleged Defect or existence of the Alleged Defect; *and*

2. Subtract the fair market value of the Class Vehicles if the Alleged Defect had been known when they were sold new.

It is for you to determine what damages, if any, have been proved based on this instruction. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

-31-

**Instruction No. 26**

**New York General Business Law § 349—Willful or Knowing Violation**

If you find that Plaintiff Peter Watson, on behalf of himself and the New York Class Members, has proven all of the required elements of their claim under New York General Business Law § 349 and you award damages, you must then determine whether Defendant American Honda's conduct constituted a willful or knowing violation of that statute by a preponderance of the evidence.

There is no precise legal definition of "willful" or "knowing." Rather, you should use the common English meaning of these words.

**Instruction No. 27**

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your foreperson.  The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.  That means any answer to a question on the Verdict Form must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 28**

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to me.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you

happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify me immediately.

### Instruction No. 29

### Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to me.

**Instruction No. 30**

**Return of Verdict**

A Verdict Form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the Verdict Form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.