Eric H. Gibbs (SBN 178658)
ehg@classlawgroup.com
David Stein (SBN 257465)
ds@classlawgroup.com
Steven Lopez (SBN 300540)
sal@classlawgroup.com
Amy M. Zeman (SBN 273100)
amz@classlawgroup.com
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Mark S. Greenstone (SBN 199606)
mgreenstone@greenstonelaw.com
**GREENSTONE LAW APC**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160

[Additional counsel on signature page]

*Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN CADENA, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> AMERICAN HONDA MOTOR COMPANY, INC., <br><br> Defendant. | Case No. 2:18-cv-04007-MWF-MAA <br><br> **JOINT STATUS REPORT RE: OUTSTANDING ISSUES FOLLOWING MARCH 31, 2026, JURY VERDICT** |

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

Plaintiffs and Defendant American Honda Motor Co., Inc. ("AHM") (collectively, the "Parties") submit this Joint Status Report identifying, and setting forth the Parties' positions about, outstanding issues following the March 31, 2026, jury verdict in this litigation.

This is a certified class action in which Plaintiffs allege that "Class Vehicles were sold with a known defect that causes the [CMBS] to misrecognize objects and apply hard and unexpected braking when there is no risk of collision, allegedly posing a safety hazard." (Dkt. 300-2 at 2.) The Court held a jury trial on the three claims brought by two of the eight certified classes, the California and New York Classes. The nine-person jury returned a verdict in AHM's favor on the California Class's claim for breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act and on the New York Class's claim for violation of General Business Law § 349. The jury did not return a verdict on the California Class's claim for violation of the Consumers Legal Remedies Act (CLRA).

Following the jury's verdict, the Court directed the Parties to confer and submit this joint status report. This status report discusses issues in temporal order: (i) the Parties' positions on proposals to finalize post-verdict issues from the March 2026 trial, including AHM's Rule 50(b) motion and entry of final judgment on the tried claims; (ii) the Parties' positions on proposals on issues to address in advance of the next trial, including supplementing discovery and expert reports, and AHM's anticipated motions to decertify or dismiss; (iii) the Parties' positions on proposals for the timing and scope of the next trial, including the Parties' trial availability; and (iv) the Parties' mediation and settlement discussions.

## I.      Proposals Regarding Finalizing Post-Verdict Issues From March 2026 Trial

### A.      AHM's Renewed FRCP 50(b) Motion

#### i.      AHM's Position

On March 27, 2026, before the case was submitted to the jury, AHM filed a Motion for Judgment as a Matter of Law pursuant to FRCP Rule 50(a). Dkt. 527.

The Court did not rule on the motion, having previously stated "all motions will be reserved." Mar. 23, 2026 Trial Tr. at 982; Mar. 24, 2026 Trial Tr. at 1130. As a result, the Court "submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." FRCP, Rule 50(b). The jury ultimately did not unanimously decide the California Class's CLRA claim, and AHM's deadline to file its renewed motion for judgment as a matter of law as to that claim is April 28, 2026, 28 days after the jury was discharged on March 31, 2026. *Id.* Given the Court cannot extend this deadline (FRCP 6(b)(2)), and finalizing issues arising directly out of the March 2026 verdict affects other outstanding issues, AHM's renewed motion should be the first issue addressed by the Court. The Parties agree and request that further briefing and hearing on such Rule 50(b) motion shall be set as follows:

- Plaintiff's Opposition Due: May 22, 2026
- AHM's Reply Due: June 10, 2026
- Hearing Date/Time: June 24, 2026, at 10:00 a.m.

### ii.    Plaintiffs' Position

Plaintiffs join in AHM's request for the briefing and hearing schedule set forth above on AHM's Rule 50(b) motion.

Plaintiffs do not agree that AHM's Rule 50(b) motion should be the first issue addressed by the Court, however, because AHM's other contemplated motions should be considered alongside the Rule 50(b) motion (if the Court considers them at all). Plaintiffs oppose AHM's proposal to wait, see how the Court rules on its Rule 50(b) motion, and only then potentially file a decertification motion based on the Court's ruling, for two reasons. *See infra* Section II.B.

First, AHM should not be permitted to delay a re-trial on the California Class's CLRA claim simply because it wishes to wait still longer to move for decertification (though Plaintiffs acknowledge AHM's position that any decertification schedule has nothing to do with its trial date position). AHM should have moved for decertification earlier: months or even years ago. It chose not to do

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

so. In fact, AHM has chosen not to move for decertification until *after* a jury has returned a verdict on certified class-wide claims *in AHM's favor*. For that reason alone, the Court would be within its discretion to deem any decertification motion as untimely—or at least to require AHM either to move to decertify all of the Classes, California and New York included, or not to move at all.

Even if the Court would consider a post-verdict decertification motion, AHM's proposed timeframe is unworkable. AHM asks the Court to hold a hearing on its Rule 50(b) motion in late June and decide that motion—then allow AHM to move for decertification, for Plaintiffs to oppose, for AHM to reply, and for the Court to hold *that* hearing and decide *that* motion—all before holding the next trial. As Plaintiffs discuss below in Section III.A., the delays sought by AHM are untenable in this litigation now approaching its eight-year anniversary.

Second, AHM's wait-and-see proposal is unfair. AHM is willing to accept that class certification is appropriate in this matter *if the outcome favors AHM*, but in the same breath contemplates seeking to undo certification if the outcome is unfavorable to AHM. Should the Court grant AHM's Rule 50(b) motion, AHM will not move to decertify the California Class and will reap the benefits of a class-wide judgment, whereas if the Court *denies* AHM's Rule 50(b) motion, AHM will argue that California Class certification is untenable. Indeed, AHM has already done this: it accepted the benefits of a class-wide verdict for the New York Class, without seeking to decertify that Class. This gamesmanship is reminiscent of "one-way intervention"—under which a plaintiff impermissibly attempts to have its summary judgment motion decided *before* class certification, so that absent class members could opt out if the defendant prevailed—a practice which is barred. That one-way intervention is an "unfair" example of "the risk imbalance in a system that allows non-mutual estoppel." *Poe v. Nw. Mut. Life Ins. Co.*, 2023 WL 4695898, at *2 (C.D. Cal. July 11, 2023) (citations omitted). AHM's proposal is similar.

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

The Court should ensure that AHM's motion to decertify does not delay trial, and that AHM does not gain an unfair wait-and-see advantage by strategically holding its decertification motion until after the Court's decision on its Rule 50(b) motion. Both of these goals would be advanced by the Court deeming any AHM decertification motion to be too late, or else ordering AHM to file any motion to decertify all eight Classes in time to be considered alongside the Rule 50(b) motion and without delaying trial. The Court should thus decline AHM's request to decide its Rule 50(b) motion first before AHM files another motion.

**B.    Entry of Judgment—California and New York Claims**

The Parties do not agree on when, or whether, judgment should be entered regarding the California and New York claims that were recently tried.

**i.    Plaintiffs' Position**

In a case involving multiple claims where some (but not all) of the claims have been decided, a court can enter judgment on the decided claims "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

The Court should not yet enter judgment on the claims of the New York Class or on the California Class's Song-Beverly implied-warranty claim, because there are just reasons for delay.

A premature entry of final judgment would require the parties to now appeal all issues associated with that judgment. But only one of the eight Classes in this case (New York) has had its claims fully decided. Some issues that Plaintiffs could appeal are not unique to New York law and may overlap with other Classes—for example, the Court's use of the phrase "Alleged Defect" (over Plaintiffs' objection) in both the New York and CLRA jury instruction. That issue is not specific to New York law, and thus it might later be appealed, again, after a second trial. By waiting to enter judgment, the parties can avoid burdening the Ninth Circuit with piecemeal appeals. Entering final judgment now would also start the appellate clock in the midst of the parties' preparations for a second trial.

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

AHM provides no reason for the Court to act otherwise. AHM identifies that the underlying *Villanueva* action once had a New York Class representative, Steven Bienstock, who dismissed his claim without prejudice five years ago in April 2021. (*See* Dkt. 121; *see infra* n.4.) (Peter Watson is the New York Class's representative in *all* of the consolidated actions now, including *Villanueva*.) But this doesn't mean that the jury's verdict disposed of all of the claims in *Villanueva*. That case's claims are alleged (along with all of the consolidated actions) in the operative consolidated complaint that includes eight Classes—six of which were not included in the first trial. (*See* Dkt. 191.) AHM offers no reason for the Court to conclude that because *Villanueva* once included a New York Class represented by Steven Bienstock, the jury's verdict as to one of eight Classes in this litigation, now represented by Peter Watson, has terminated *Villanueva*. Rule 54(b) thus governs the entry of judgment here.

Plaintiffs also oppose AHM's premature request for a judgment-and-briefing schedule relating to the California Class. Plaintiffs state that if the Court denies AHM's Rule 50(b) motion, then the Court should not enter judgment as to the California Class's Song-Beverly Act implied-warranty claim; AHM disagrees. If the Court grants AHM's Rule 50(b) motion, on the other hand, the Parties and Court may then assess whether judgment should then be entered as to the California Class.

In sum, it would be more efficient for the Parties and for the Ninth Circuit to delay entry of final judgment until a later date.

### ii.    AHM's Position

Foundationally, as to judgment regarding the California Class claims, this Court should wait until resolution of AHM's renewed JMOL claim as to the remaining CLRA claim not decided by the jury. This would permit the Parties to propose and request entry of judgment with knowledge of whether any California Class claims remain to be resolved in further proceedings before this Court. For example, if JMOL is granted as to the CLRA claims, entry of judgment is

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

appropriate because all claims of the California class against AHM will have been finally decided. If JMOL is denied, entry of judgment on the resolved implied-warranty claim is appropriate for collateral estoppel and res judicata to prevent the next jury from considering, or finding facts inconsistent with, the issues resolved by the first jury.

While the New York Class's single claim has already been completely resolved, in the interest of streamlining briefing and motion practice, AHM proposes a single schedule addressing whether judgment should be entered as to the California and/or New York Class.

For that reason, AHM proposes that within 14 days of the Court's resolution of AHM's Rule 50(b) motion, the Parties shall agree, or if no agreement is reached, any party shall file a request for the Court to enter a partial judgment pursuant to Rule 54(b) as to any or all of the California Class claims. Any party opposing such a request must file any opposition within seven days of that request; any reply shall be filed within seven days of the opposition.

Plaintiffs generally object to any separate entry of judgment as to the New York Class's claims, citing appellate issues that may overlap among the other classes. The only example Plaintiffs identify – the use of "Alleged Defect" in the New York and CLRA instructions – supports AHM's argument because that question (if actually appealed)[1] would be whether New York law required the jury to focus its inquiry on Plaintiffs' alleged defect regarding the GBL claim and, independently, whether California law required the same.[2] AHM is unaware of, and

---

[1] Given the nature of the claims asserted, any argument that jurors could base their verdict on any information other than the alleged defect appears frivolous.

[2] It is unlikely that Plaintiffs would actually appeal this issue given their position being contradicted by applicable law. Notably, the same Plaintiff counsel as here tried the *Quackenbush v. Honda* class action and took no issue with Judge Alsup's CLRA instruction that contained *both* the word "defect" and the CLRA's "unreasonable safety risk" requirement for omission claims that Plaintiff counsel

6

cannot discern, any other issues they may be concerned about. Further, Plaintiffs' stated concern ignores the fact that the Ninth Circuit operates quickly, the disputed questions of law that might be addressed in any appeal are ones that could be addressed quickly on appeal, and if anything would provide appellate guidance on avoiding any repeat error issues.

In any event, this Court should not preclude AHM from seeking entry of judgment based solely on abbreviated statements by the Parties in a joint status report.

This is because entry of judgment may be entered for multiple grounds and based on consideration of various factors. Briefly, for example, Plaintiffs' position assumes entry of judgment can only be made pursuant to FRCP Rule 54(b). But this is a consolidated proceeding, involving multiple class actions, and consolidation does not change the independent nature of the actions. *See Hall v. Hall*, 584 U.S. 59, 67-72, 77 (2018).[3] Following Mr. Villanueva's dismissal with prejudice (Dkt. 426), the only plaintiff from *Villanueva* who continued to assert any claims against AHM in this proceeding was Mr. Bienstock. The jury's resolution of Mr. Watson's New York claim fully and finally resolves the claims of that last remaining plaintiff in the *Villanueva* action,[4] thereby permitting entry of final judgment as to that independent

_____

successfully precluded here. *Quackenbush v. American Honda Motor Company, Inc.*, Case No. 3:20-cv-05599-WHA at ECF 347, page 7 (noting court's CLRA instruction for omission claims "That the defect posed (and Honda knew or should have known it posed) an unreasonable safety hazard or that it posed an unreasonable risk it would prevent the vehicle from performing a critical or integral function or would render the car incapable of use.")

[3] Plaintiffs asserted one outdated case to argue that all consolidated actions must be resolved for an appealable judgment absent Rule 54(b) certification but on April 27, 2026 appeared to withdraw reliance on it as its reasoning was overruled in *Hall*.

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

action. Plaintiffs' contrary argument that other plaintiffs in consolidated complaints filed in *Cadena* also constitute plaintiffs in *Villanueva* contradicts *Hall* as recognized by the Ninth Circuit. *See, e.g., Warner v. Experian Info. Sols., Inc.*, 931 F.3d 917, 920 (9th Cir. 2019) (citing *Hall* for proposition that "consolidated cases remain separate as to *parties, pleadings, and judgment*") (cleaned up; italics added).

Even if the Court were only to consider entry of partial judgment under FRCP Rule 54(b), there is no just reason for delay in entering judgment on the claims resolved by the recent trial (either resolved by the jury or by the Court on JMOL). For example, the New York class's claims are now fully and finally resolved. Those claims were brought solely under that state's laws, and any (unlikely) appeal of that judgment would necessarily focus, if not be entirely premised on, resolution of New York-law disputes that have no bearing on the claims of other class members. In contrast, delay in entry of judgment of the New York claims would be unjust to AHM, who would not be able to take advantage of its rights following the jury's verdict, including recovery of costs and application of res judicata and collateral estoppel, which require entry of judgment, and the benefit of resolution of any appeal on hotly disputed issues where Plaintiffs have already deferred merits review for too long.

## II.     Proposals for Issues to Address in Advance of the Next Trial

### A.     Supplemental Production of Documents, Updating Expert Reports, and Further Depositions

#### i.     Plaintiffs' Position

AHM seeks to re-open discovery to request and produce more documents, amend expert reports, depose the experts, allow the Parties to file new *Daubert*

---

[4] Steven Bienstock, previously a named plaintiff in *Villanueva*, dismissed his claim without prejudice (see Dkt. 121) and was therefore a putative class member represented by Mr. Watson.

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

motions about those experts' report amendments, and more. The Court should not entertain this request.

The Court granted Plaintiffs' ex parte application for evidentiary sanctions and excluded certain evidence from the first trial. (*See* ECF No. 481, 502, 565.) The Court should not reconsider its order excluding the wrongfully withheld evidence, nor should the Court order that the Parties may seek additional discovery about that evidence or amend their expert reports relating to the excluded evidence.

As the Court will recall, it excluded evidence once it came to light that, although fact discovery had closed in December 2024, AHM waited until March 5, 2026—twelve days before trial—to produce a 46-page document revealing the existence of long-standing factual developments about which AHM had *never* produced discovery, despite significant activity occurring before the discovery cutoff. (*See* ECF No. 565 at 2.) Plaintiffs filed an ex parte application, the Court held a hearing, and it ultimately excluded the wrongfully withheld evidence from trial.

There is no ground for revisiting that determination. First, the same "fundamental fairness" considerations apply with force. (*See id.* at 8 (quoting *Our Children's Earth v. Leland Stanford Junior Univ.*, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015).) As the Court has recognized, AHM "may not create relevant documents after the close of discovery that are responsive to discovery requests and then use the cut-off as a shield against its duty to produce those documents." (*Id.* at 5.) AHM should not be allowed to benefit from its inexcusable delay in the next trial for the same reasons the Court already recognized.

Second, allowing this evidence would "substantially disrupt[ ]" scheduling efforts for the next trial. (*See id.* at 10.) As the Court acknowledged, if AHM's late-produced evidence were admissible, the Court would be "compelled to reopen discovery to provide Plaintiffs with the ability for full discovery on the topic, which would cause substantial harm and burden to the parties and the Court." (*Id.*) Those harms and burdens remain. If this evidence were admitted, it would raise the specter

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

of extensive document discovery into the long history of the substantial evidence that AHM created and withheld. That document discovery would then be followed by depositions. The "full discovery on the topic," (*see id.,*) would not be completed in a matter of weeks—or even in a few months. Completing that full discovery would likely take many months, and perhaps up to a year if discovery motions were needed (as they have been previously during fact discovery in this litigation).

Worse still, AHM informed Plaintiffs that it also seeks to amend many of its expert reports to incorporate information from the wrongfully withheld evidence. This, in turn, would require Plaintiffs to revisit their own experts' reports. Some experts may seek to provide rebuttal reports. The various experts would likely need to be deposed again and would potentially be subject to renewed *Daubert* motions. AHM suggests below that it is "without basis" to suggest that an amended expert report might lead to a *Daubert* motion—but Plaintiffs do not know whether that amendment would pass *Daubert* scrutiny until they have received and reviewed it. So, while AHM implies that it is merely seeking to admit one new document or to supplement its experts' reports with additional dates of data, AHM's proposal would set this litigation back well over a year.

This makes no sense in litigation that still includes seven Classes—in litigation initiated in 2018, concerning vehicles purchased beginning in 2016. The delay would be untenable. AHM is responsible for this situation: it should not be permitted to benefit from its conduct by gaining the advantage of wrongfully withheld evidence, all while substantially delaying the resolution of the case.

The Court should thus continue to exclude AHM's late-produced evidence for the same fundamental reasons that it previously recognized. (*See* ECF No. 565.) The Court should also not re-open discovery for the purpose of amending expert reports, re-deposing experts, and potentially filing new *Daubert* motions about those amendments, because the Parties and Court should move expeditiously toward the next trial instead.

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

Finally, to the extent that AHM seeks to amend expert reports in connection with the next trial, *see infra* at Section III.B.ii., Plaintiffs oppose this request. First, for reasons already given, AHM's request to amend Robert Pascarella's report with information related to the excluded PUD activity should be denied. (*See* Dkt. 565 at 10 (quoting Fed. R. Civ. P. 37(c)(1).) Second, AHM identifies no good cause to amend other expert reports. Expert discovery closed in June 2025; expert reports were due months earlier than that. (Dkt. 312.) Any amendment of expert reports will inevitably reopen the door to rebuttal reports, expert discovery, and *Daubert* motions—an unnecessary waste of time and resources given the posture of the litigation.

### ii.     AHM's Position

- **Supplemental Production of Documents and Further Deposition**

Concurrently with resolution of the issues directly arising from the prior trial, as addressed above, AHM proposes a supplemental production of documents to Plaintiffs and a further deposition on a limited issue that arose in the weeks and months before the last trial as part as part of the work with NHTSA and is expected to generate additional documents and materials relevant to the claims in this action in relation to an upcoming program update before the next trial: the investigation, development, and imminent implementation of a NHTSA-supervised market action relating to Class Vehicles.

As context, as reflected in the Court's April 16, 2026 Order, the Court had excluded during the March 2026 trial certain evidence (e.g. drive-evaluation, testing, and software update development, all occurring well after the fact discovery cut off in this case)[5]  because of the potential to disrupt *that* trial schedule. Dkt. 565 at 9–10

---

[5] Plaintiffs' strain the facts to try and suggest that the excluded work was done before the fact discovery cut off. Their arguments on this are based on a couple of late 2024 general preliminary meetings that they have not actually connected to this excluded work—had they actually engaged in a dialogue and accepted the offered discovery, they would not be engaging in such speculation.

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

(describing "obvious[] harm[] by the eleventh-hour disclosure"); *id.* at 10 (evidence would have required "reopen[in] discovery…for full discovery on the topic").

Despite months of opportunity to conduct such discovery in advance of the next trial, Plaintiffs ask this Court to exclude such evidence at the next trial. Briefly, Plaintiffs' counsel's argue that this "suit" was "filed in 2018" and that AHM should not gain the "advantage of wrongfully withheld evidence" to delay "resolution of the case." The premises of Plaintiffs' argument are incorrect.

First, "this" case was not filed in 2018. Rather the *Cadena* action was filed by several plaintiffs (represented by another firm) in 2018. The Plaintiff attorneys in this case later filed a series of copycat cases and then filed their consolidated complaint in October 2020. But tellingly, the 2018 Cadena case (composed of the plaintiffs and plaintiff attorney) all refused to join any consolidated complaint and ended their case, with every Cadena case plaintiff individually resolving their case and ending it rather than join any consolidated complaint. The next class action in this case was *Villanueva*, filed in 2019. Similarly, none of the named plaintiffs in that case are currently asserting claims in this coordinated proceeding. The same is true of the named plaintiffs in *Mosqueda* and *Ward*. Only one named plaintiff in this action – Larry Fain, representative of the Iowa class – filed any claim before the Consolidated Complaint in September 2020. And in contradiction to Plaintiffs' purported concern about the length of time, Plaintiffs have not proposed the Iowa class claims be tried in the next trial.[6]

Second, AHM is not attempting to gain any "advantage" for the purpose of delaying trial. As context, discovery closed in this proceeding in December 2024. A review was commenced in early 2025 by HDMA, a non-AHM entity, with the most key activity performed in mid-to-late 2025 by HMC and Bosch, and analysis of that

---

[6] This case should be re-captioned as all plaintiffs in the Kathleen Cadena refused to be represented by class counsel here and refused to join the consolidated complaint, they instead concluded their cases rather than be forced to consolidate.

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

activity occurred at the end of 2025 and beginning of 2026, with the results presented to NHTSA on February 17, 2026. Dkt. 484-2 at 3–5. On February 11, 2026, AHM's counsel informed Plaintiffs' counsel of the NHTSA meeting and on February 23, 2026, AHM's counsel shared the results presented to NTHSA on February 17 and at that time offered a deposition. *Id.* On March 9, 2026, Plaintiffs filed an ex parte motion they had spent substantial time on and left AHM with 24 hours to prepare an opposition to it (insufficient time for AHM to fully address the issues and arguments raised and characterizations presented).

Ordinarily, post-discovery-cutoff documents only require further disclosure; they do not require reopening discovery but AHM has offered both disclosure and a deposition, without any disruption to any upcoming trial. Specifically, AHM has proposed scheduling and coordinating production of documents and a deposition, but Plaintiffs have declined to engage in any discussion or consideration of this.

Finally, in any event, none of Plaintiffs' arguments could apply to any documents and materials relating to the NHTSA-supervised market action that did not exist at the time of the March 2026 trial, such as those relating to finalizing and implementing that action this summer.

- **Supplementing Expert Reports and Related Deposition(s)**

In advance of any future trial(s), AHM proposes that the Parties' currently disclosed experts supplement their reports to ensure they incorporate recent available data, evidence, and information. As to AHM's experts, for example, this would include: 1) Dr. Harless updating his analysis of the used-car market for Class Vehicles with data available through May 2026; 2) Dr. Jeya Padmanaban updating her analysis of VOQs and customer complaints received through May 2026; and 3) Mr. Robert Pascarella updating his report based on drive evaluations and VOQ analysis through to May 2026. This is a reasonable update of prior work and the supplementation would be consistent with the prior work of AHM's experts, none of

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

which was subject to any 702 challenge; the specter of 702 challenges Plaintiffs raise now is without basis.

AHM proposes that supplemental reports be served within 28 days of the Court's ruling on AHM's renewed motion for judgment as a matter of law.

AHM further proposes any party may notice a two-hour deposition of any experts who supplemented their reports to be completed within 21 days of service of that expert's supplemental report.

### B. AHM's Motion to Decertify Classes

#### i. AHM's Position

As AHM has previously raised, AHM contends various grounds have arisen supporting decertification of any remaining classes and class claims, including that the vast majority of putative class members are former owners, have not (and will never) suffer manifestation of the alleged CMBS defect that causes obstacle misrecognition with hard braking, evidence that the Class Vehicles not purchased by the class representatives are not substantially similar to permit standing to pursue claims based on those Class Vehicles, and/or the effect of the NHTSA-supervised market action on standing and available remedies.

Plaintiffs oppose AHM's position regarding the timing of a motion to decertify on the grounds that such a motion is already "untimely" because AHM purportedly "should have moved for decertification earlier: months or even years ago." This argument fails entirely to acknowledge the plain text of Rule 23(c)(1)(C), which provides for the alteration of amendment of certification orders at any time "before final judgment."

"[B]efore entry of a final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982). "[D]istrict courts have a continuing duty to ensure compliance with Rule 23's class action requirements." *Golden v. Am. Pro Energy*,

14

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

2018 WL 6164745, at *1 (C.D. Cal. Oct. 4, 2018). "A district court may decertify a class at any time." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). "The power to decertify a class after trial when appropriate is therefore not only authorized by Federal Rule 23 but is a corollary." *Mazzei v. Money Store*, 829 F.3d 260, 266–67 (2d Cir. 2016) (affirming post-trial decertification).

Because trial is the last and best opportunity to determine plaintiffs' ability to comply with Rule 23's requirements, motions to decertify are often brought after trial and before judgment. *See e.g.*, *Racies v. Quincy Bioscience, LLC*, 2020 WL 2113852, at *1 (N.D. Cal. May 4, 2020) (granting a post-trial motion to decertify); *Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1027 (9th Cir. 2024) (identifying relevant post-trial motions, including a decertification motion); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1113 (9th Cir. 2022) (same). Plaintiffs' general argument regarding timeliness is unsupported and unsupportable.

Counsel for AHM is not aware of an automotive class action that has gone to trial where the defendant did not file a post-trial motion to decertify, much less a case where the defendant was denied its right to file such a motion prior to judgment. Plaintiffs' attempt to deny AHM of its right to seek certification must be rejected.

Based on the above, Plaintiffs' arguments that AHM is intending to obtain some improper "one-way" advantage by seeking decertification after resolving the issues relating to trial are nonsensical. Plaintiffs sought certification and proceeded to trial and *AHM* has already faced the potential harm of trying certified claims as to the California *and* New York classes. In any event, if the Court declines to enter final judgment on those claims, the issue becomes moot. And if the Court permits entry of final judgment, the Parties and Court can discuss whether to delay such entry until resolution of AHM's motion for decertification at that time.

AHM has proposed filing its Motion to Decertify approximately 21 days after this Court's ruling on AHM's renewed motion for judgment as a matter of law.

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

AHM has invited Plaintiffs to work together on proposing a proposed briefing schedule.

### ii.     Plaintiffs' Position

Plaintiffs oppose AHM's proposal. *See supra* at Section I.A.ii.

### C.     AHM's Motion to Dismiss

### i.     AHM's Position

AHM intends to file a motion to dismiss the class claims pursuant to, *e.g.,* Federal Rule of Civil Procedure 12(b)(1), to address Plaintiffs' and class members' standing, including on the grounds of constitutional and prudential ripeness and constitutional and prudential mootness after resolution of the JMOL issues and based primarily on the upcoming product update, i.e., a package of software updates (PUD) that is currently being validated and will be rolled out to dealers by this summer.

Plaintiffs' argument that AHM cannot rely on *upcoming* developments and documents regarding the PUD makes no sense and attempts to overextend the scope of the Court's ex parte order which AHM understood applied to the first trial and in any case did not address developments *after* the March 2026 trial, particularly when those developments go directly toward the standing issue.

### ii.     Plaintiffs' Position

Plaintiffs will oppose this motion, which as of yet has an indefinite scope and factual basis. Among other things, AHM's position assumes that it can offer proof of its PUD in this matter despite the Court's order excluding that evidence not just from trial, but from any motions practice and hearings, as well. The Court held that AHM "is of course precluded from using any unproduced information 'on a motion, at a hearing, or at trial,' including through the testimony of any witnesses." (Dkt. 565 at 10 (quoting Fed. R. Civ. P. 37(c)(1).)

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

## III.    Timing and Scope of the Next Trial

This litigation involves eight certified Classes. Only the New York Class's claims have been fully decided by the jury's verdict. The California Class's CLRA claim is the subject of AHM's renewed motion for judgment as a matter of law and, therefore, will require retrial unless AHM's Rule 50(b) motion is granted in full.

The first trial was bifurcated, at the Court's direction, to include only the California and New York Classes. The claims of the Florida, New Jersey, North Carolina, Ohio, Arizona, and Iowa Classes have not yet been tried or decided.

### A.    Plaintiffs' Position

Plaintiffs request that the Court set the next trial to begin on August 10, 2026, or as early as possible after that date. August 10 is Plaintiffs' counsel's first availability for a two-week trial, after accounting for necessary pre-trial preparations and briefing as well as personal and professional conflicts earlier in the summer.

Although Plaintiffs understand that AHM has expressed it is not available for trial until November 2026, *see infra* at Section III.B., an eight-month delay between trials is too long. This litigation is eight years old, and because the next trial will likely not involve all of the remaining seven Classes, and thus may not fully resolve the litigation, there is a likelihood of a third trial (at least) also being scheduled. In an effort to avoid an eight-month delay between trials, Plaintiffs' counsel offered additional availability to AHM earlier than August 2026 (in June), which would have required Plaintiffs' counsel to make meaningful accommodations to their own schedules. But AHM expressed that it has no availability for trial from now until November 2026.

As to the scope of the next trial, Plaintiffs request that the trial include the California Class as well as the Florida and New Jersey Classes. This approach serves judicial economy by ensuring that the jury would not be overwhelmed with deciding as many as seven Classes' claims in a single trial, while also seeking to resolve multiple Classes' claims at once—an approach that the Court adopted in the first

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

trial. And by re-trying the California Class's CLRA claim in the next trial, the Parties and Court may each rely upon the work they have already undertaken, including in connection with the CLRA jury instruction.

Florida and New Jersey are the best Classes to include alongside the California Class in the next trial. Of the Classes left to be tried, California is the largest and Florida is the second largest. The New Jersey Class brings an implied warranty claim, while the Florida Class does not (and the California Class's implied warranty claim was decided in the first trial). Resolution of the claims of these Classes together is thus most likely to advance the case. Neither Florida nor New Jersey present any statute-of-limitations issues, and the Parties' disputes over the Florida and New Jersey claims' jury instructions are not sprawling.

In addition, if the Court determines either that AHM's Rule 50(b) motion should be granted or that the Court requires more time to decide the motion when the trial date is imminent, this trial scope would allow the Court to pivot to holding trial as to the Florida and New Jersey Classes only. The Parties will have prepared witnesses and evidence for those Classes, so the trial would not need to be delayed in such an instance. The Parties and Court could still make meaningful progress in the litigation this way.

A trial including the California, Florida, and New Jersey Classes would ensure that the Parties and Court make meaningful progress on the remaining claims without overwhelming the jury.

**B.    AHM's Position**

AHM's lead trial counsels are unavailable for trial on the August 2026 dates proposed by Plaintiffs' counsel. AHM's lead trial counsel are available for trial in November 2026; as well as dates in January, February and March 2027. AHM has also raised September 28 as a possible option and is in the process of checking the feasibility of this option, which Plaintiff counsel is also checking on—AHM will update the Court on this date option.

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

Plaintiffs' proposal – that the remaining California, Florida, and New Jersey class claims be tried next – fails to take into account that the Court has not yet resolved AHM's pending challenge to the remaining California claim. If, as AHM expects, the Court grants judgment as a matter of law, it is unclear if Plaintiffs intend to propose another class's claim be tried instead of California. AHM proposes that the Court fully conclude the California claims, and thereafter set all remaining cases for a single trial. In addition, AHM asks to discuss collateral estoppel issues related to the jury's findings as they may apply to other claims.

AHM contends that this first trial should be completed in full before a future trial. For a future trial, this Court did note in the last page of its certification order that if AHM's assertion as to the "size and complexities of a multi-state class action" were shown to be correct, that AHM can move to decertify on that basis. Certification Order at 29 ("If it later becomes evident that a trial will be unmanageable, then Honda can move to decertify the class.") AHM proposes that once the California claims are completed and judgment entered, that all remaining classes be tried together. If they cannot be, AHM would ask that this Court consider decertification.

## IV.   Mediation/Settlement Discussion

The Parties are currently exploring the possibility of conducting an additional mediation. Should they do so, it will be held well in advance of the trial date set by the Court.

Dated: April 27, 2026                    Respectfully submitted,

**GIBBS MURA LLP**

By:      */s/ Spencer Hughes*

Eric H. Gibbs (SBN 178658)
ehg@classlawgroup.com
David Stein (SBN 257465)

JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

ds@classlawgroup.com
Amy M. Zeman (SBN 273100)
amz@classlawgroup.com
Steven Lopez (SBN 300540)
sal@classlawgroup.com
Spencer S. Hughes (SBN 349159)
shughes@classlawgroup.com
Sara Delaney Brooks (SBN 348125)
db@classlawgroup.com
Anna J. Katz (SBN 353036)
ajk@classlawgroup.com
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Mark S. Greenstone (SBN 199606)
mgreenstone@greenstonelaw.com
Benjamin N. Donahue (pro hac vice)
bdonahue@greenstonelaw.com
**GREENSTONE LAW APC**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160

*Class Counsel*

Ekwan E. Rhow (SBN 174604)
erhow@birdmarella.com
Ariel A. Neuman (SBN 241594)
aneuman@birdmarella.com
Kate S. Shin (SBN 279867)
kshin@birdmarella.com
Devon E. Porter (SBN 308365)
dporter@birdmarella.com
**BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067

20

Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Additional Counsel for Plaintiffs and the Classes*

Dated: April 27, 2026        **SHOOK HARDY AND BACON LLP**

By:      */s/ Amir Nassihi*

Amir Nassihi, SBN 235936
anassihi@shb.com
555 Mission Street, Suite 2300
San Francisco, California 94104
Tel: 415.544.1900 | FaxL 415.391.0281

*Attorneys for Defendant American Honda Motor Co., Inc.*

21
JOINT STATUS REPORT
CASE NO. 2:18-CV-04007-MWF-MAA

## **ATTESTATION**

I, Spencer Hughes, am the ECF user whose identification and password are being used to file this document. In compliance with Local Rule 5-4.3(a)(2)(i), I hereby attest that each of the signatories herein, including Counsel for Defendant, concur in this filing.


DATED:    April 27, 2026                      */s/ Spencer Hughes*